ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR - 3 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

T-NETIX, INC.,

        Plaintiff/Counter-Defendant,

v.

VALUE-ADDED
COMMUNICATIONS, INC.,

        Defendant/Counter-Plaintiff,

v.

SECURUS TECHNOLOGIES, INC.,

        Counter-Defendant.

Case No. 3:05-cv-0654-D

**AGREED PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

**INFORMATION SUBJECT TO THIS ORDER**

1.    For purposes of this Order, "**CONFIDENTIAL INFORMATION**" shall mean all information or material which is produced for or disclosed to a receiving party; which a producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and

DLI-5966964v2

which has been so designated by the producing party. Any **CONFIDENTIAL INFORMATION** obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2. Any document or tangible thing containing or including any **CONFIDENTIAL INFORMATION** may be designated as such by the producing party by marking it "**CONFIDENTIAL**" (or "**CONFIDENTIAL INFORMATION**") prior to or at the time copies are furnished to the receiving party. Information meeting the criteria in Paragraph 16 for **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** may likewise be so marked.

3. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "**CONFIDENTIAL**" (or "**CONFIDENTIAL INFORMATION**") or "**COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**" by the reporter. Any portions so designated shall thereafter be separated and treated in accordance with the terms of this Order.

4. All **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

5. Any documents (including physical objects) made available for initial inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** prior to furnishing copies to the receiving party.

6.      The following information is not **CONFIDENTIAL INFORMATION**:

    (a)      any information which at the time of disclosure to a receiving party is in the public domain;

    (b)      any information which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; and

    (c)      any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

<div align="center">

**NO WAIVER OF PRIVILEGE**

</div>

7.      Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

## DISCOVERY RULES REMAIN UNCHANGED

8.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, United States District Court for the Northern District of Texas, and the Court's Deadlines for Docket Control Order and Discovery Order.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

### Counsel

9.     Counsel for a receiving party shall have access to the producing party's **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.  The term "counsel" shall mean only outside attorneys retained by the parties to work on this litigation, including supporting personnel employed by the outside counsel, such as technical advisers, paralegals, legal translators, legal secretary, legal clerk and shorthand reporter, or an independent legal translator retained to translate in connection with this action, or an independent shorthand reporter retained to record and transcribe testimony in connection with this action.

### Technical Advisers

10.     **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers.  The term "technical adviser" shall mean any outside person (who is not an employee of a party) and their engineering, technical, accounting, or financial support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may

deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

11. Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to any of the persons or services described in Paragraph 10, counsel for the receiving party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Attachment A. Such written agreement shall be retained by counsel for the receiving party, but must be disclosed to the producing party within seven (7) days after execution (with the exception of any written agreements signed by consulting-only experts which must be retained by counsel for the receiving party until after final appeal).

**Employees of Parties**

12. Subject to the requirements set forth in this Order, **CONFIDENTIAL INFORMATION** of a producing party, (but not **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**), and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a receiving party, to individuals who are employees of such receiving party with responsibility for maintaining, defending or evaluating this litigation (and supporting personnel).

13. Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** to an individual identified in Paragraph 12, counsel for the receiving party shall first obtain from such individual a Confidentiality Agreement, in the form attached hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be

bound by its terms. Such written agreement shall be retained by counsel for the receiving party and must be disclosed to the producing party within seven (7) days after execution.

<div align="center">**Data Processing Vendors and Graphics/Trial Consultants**</div>

14.  Subject to the requirements set forth in this Order, **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to data processing vendors; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consulting services, including mock jurors. The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action.

15.  Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** to any of the persons or services described in Paragraph 14, counsel for the receiving party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as Attachment A. Such written agreement shall be retained by counsel for the receiving party, but need not be disclosed to the producing party until the conclusion of the case.

<div align="center">**INFORMATION DESIGNATED COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**</div>

16.  **CONFIDENTIAL INFORMATION** may be additionally designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** (by labeling it **COUNSEL ONLY** or **HIGHLY CONFIDENTIAL** or similar designation clearly transmitted in writing to

the other parties). The **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including but not limited to, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, codes, technical documents that would reveal trade secrets or other confidential research, development or commercial information, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party or a third party's business or personal interests. Documents designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** and contents thereof shall be available only to counsel for the parties, the technical advisers who are assisting them, data processing vendors and graphics and trial consultants.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17. The parties will use reasonable care when designating documents or information as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

18. A party shall not be obligated to challenge the propriety of a **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** designation at the time made, and a failure to do so shall not preclude a subsequent challenge

thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** designation.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION AND COUNSEL ONLY CONFIDENTIAL INFORMATION

19.   **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business or other purpose, and shall not be disclosed to any person who is not entitled to receive such information as expressly provided herein.  All produced **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any outside court reporter, videographer, mediator and their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of this litigation.  Further, nothing in this Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.  Court reporters and videographers not employed by the Court must execute a written Confidentiality Agreement, in the form attached hereto as Attachment A.

20.   Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of

which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** which has been produced by that party;

(b)     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party which he or she had prior knowledge during the course of his or her employment, including any **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)     Non-parties may be examined or testify concerning any document containing **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the producing party, or a representative of such producing party. Any person other than the witness, his or her attorney(s), and any person qualified to receive **CONFIDENTIAL INFORMATION**

or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** disclosed during the course of the examination. In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a protective Order from the Court prohibiting such attorney from disclosing such **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.

(d)     In addition to the restrictions on the uses of all types of **CONFIDENTIAL INFORMATION** set forth in this Order, the following shall apply to the use of documents a party has designated **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** at a deposition:

(i)     A witness who previously had access to a document designated **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, but who is not under a present non-disclosure agreement with the

producing party that covers that document, may be shown the document if a copy of this protective order is attached to any subpoena or notice or request served on the witness for the deposition and the witness is advised on the record of the existence of the protective order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.

(ii)     The witnesses may not copy, take notes on or retain copies of any **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**.  The producing party of any **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in his case and under the

supervision of one of the counsel who is bound by the terms of the order).

21.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** or which contain information so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words **"CONFIDENTIAL [OR COUNSEL EYES ONLY] INFORMATION - UNDER PROTECTIVE ORDER"** and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

22.    Nothing in this Order shall prohibit the transmission or communication of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** between or among qualified recipients

(a)    by hand-delivery;

(b)    in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

(c)    by telephone, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

23.    **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** shall not be copied or otherwise reproduced by a

receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed to be the same level of **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** under the terms of this Order as the original documents upon which such work product was based. Further, nothing herein shall restrict a qualified recipient from converting or translating **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, in whatever form stored or reproduced, shall be limited to qualified recipients.

## NONPARTY USE OF THIS PROTECTIVE ORDER

24.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

25.     A nonparty's use of this Protective Order to protect its **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** does not entitle that nonparty access to **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** produced by any party in this case.

## MISCELLANEOUS PROVISIONS

26.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes, databases and any other work product materials, which contain or refer to **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**; provided, that all **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION**, not embodied in physical objects and documents, shall remain subject to this Order.  Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, and exhibits offered or introduced into evidence at trial.

27.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  The Court shall take appropriate measures to protect **CONFIDENTIAL INFORMATION** and **COUNSEL EYES ONLY CONFIDENTIAL INFORMATION** at trial and any hearing in this case.

28.     The United States District Court for the Northern District of Texas, Dallas Division, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning **CONFIDENTIAL INFORMATION** or **COUNSEL EYES ONLY**

**CONFIDENTIAL INFORMATION** produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of Texas, Dallas Division.

**SO AGREED AND STIPULATED:**

By: *Robert W. Turner* By permission JAH    By: _____

Robert W. Turner                        Aubrey "Nick" Pittman
Attorney-In-Charge                      Attorney-In-Charge
JONES DAY                               The Pittman Law Firm, P.C.
2727 N. Harwood                         100 Crescent Court, Suite 700
Dallas, Texas 75201                     Dallas, Texas 75201
Telephone: 214 220-3939                 Telephone: 214-459-3454
Facsimile: 214 969-5100                 Facsimile: 214-853-5912

ATTORNEYS FOR DEFENDANT/               ATTORNEYS FOR PLAINTIFF,
COUNTER-PLAINTIFF,                     T-NETIX, INC. AND COUNTER-
VALUE-ADDED                            DEFENDANT SECURUS
COMMUNICATIONS, INC.                   TECHNOLOGIES, INC.

IT IS SO ORDERED, with the consent of the parties, this 3rd day of March, 2006.

_____
Honorable Sidney Fitzwater
United States District Court

Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.

SAF
3-3-06

## CONFIDENTIALITY AGREEMENT

I, _____ , state:

1.      I reside at _____ ;

2.      My present employer is _____ ;

3.      My present occupation or job description is _____ ;

4.      I agree to keep confidential all information provided to me in the matter of

*T-NETIX, Inc. v. Value-Added Communications, Inc., et al.* and to be subject to the authority of

the United States District Court for the Northern District of Texas, Dallas Division in the event

of any violation of this agreement or dispute related to this agreement.

5.      I have been informed of and read the Stipulated Protective Order

dated_____ , 2006, and I will not divulge any confidential information to persons other

than those specifically authorized by said Order.

6.      I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on _____200__ .

_____