```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

T-NETIX, INC.,                     §
                                   §
     Plaintiff-Counterdefendant,   §
                                   § Civil Action No. 3:05-CV-0654-D
VS.                                §
                                   §
VALUE-ADDED COMMUNICATIONS,        §
INC.,                              §
                                   §
     Defendant-Counterplaintiff.   §
```

## MEMORANDUM OPINION AND ORDER

Defendant-counterplaintiff Value-Added Communications, Inc. ("VAC") moves for leave to amend its answer to the first amended complaint of plaintiff-counterdefendant T-NETIX, Inc. ("T-NETIX"). T-NETIX opposes the motion, contending that VAC cannot meet the "good cause" standard of Fed. R. Civ. P. 16(b), which must be satisfied when the court-ordered deadline for amending pleadings has expired. For the reasons that follow, the court grants VAC's motion.

I

To decide VAC's motion, the court need only briefly address the background facts and procedural history of this case. T-NETIX sues VAC for patent infringement. It filed its first amended complaint on November 13, 2006. VAC answered the first amended complaint on December 4, 2006, and it asserted counterclaims for declaratory judgment of non-infringement and patent invalidity. On July 6, 2007 VAC filed the instant motion, in which it seeks leave

to add an eighth affirmative defense based on 28 U.S.C. § 1498(a).[1]

VAC now seeks leave to amend so that it can assert this defense to the component of T-NETIX's claim that concerns the technology that VAC manufactured for use by the government of the United States (the "government"). Although VAC bases its motion on the Rule 15(a) standard, T-NETIX addresses Rule 16(b) in its response, and VAC addresses in its reply the factors that the Fifth Circuit applies when evaluating whether good cause has been established under Rule 16(b) to modify a scheduling order.

T-NETIX filed this suit on April 4, 2005. On June 20, 2006 the court entered an amended scheduling order that established October 19, 2006 as the deadline to file motions for leave to amend pleadings. VAC filed the instant motion to amend on July 6, 2007, more than nine months after the deadline.

---

[1]Section 1498(a) provides, in relevant part:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

## II

### A

When, as here, the deadline to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the standards of Rule 16(b). *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). If the movant meets the requirements of Rule 16(b), the court must then determine whether to grant leave to amend under the more liberal standard of Rule 15(a). *S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1. Rule 16(b) requires that a party who seeks to modify a scheduling order must show good cause. Rule 16(b); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

In *S&W Enterprises* the Fifth Circuit applied the four-part test of *Reliance Insurance* to decide whether an untimely motion for leave to amend should be granted. Accordingly, this court must consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins.*, 110 F.3d at 257).

B

Concerning the first *S&W Enterprises* factor, the court holds that VAC has not offered a satisfactory explanation for its failure to seek timely leave to amend.

VAC attempts to explain its delay by asserting that T-NETIX did not specify in its first amended complaint that its claim related to the products that VAC created for the Federal Bureau of Prisons ("BOP"). VAC maintains that it was not until T-NETIX served VAC with the preliminary expert report of Bruce L. Blacker (calculating damages based in part on allegedly infringing systems supplied to the BOP) that the systems sold to the government were placed at issue. VAC essentially posits that a claim that refers generally to sales to "correctional institutions" does not necessarily implicate *federal* correctional institutions, because VAC sells its systems to both state and federal institutions, and T-NETIX did not specify that its claim related to products that VAC created for the BOP.

Although VAC may not have known the full range of correctional institutions implicated in T-NETIX's claim, it should reasonably have anticipated that contracts with the federal government would be at issue. VAC and T-NETIX both recognize that the federal government was VAC's "biggest customer and the party to which VAC has supplied the most products accused of infringement." P. Resp. 4; D. Reply 6. Indeed, VAC relies on this premise to highlight the

importance of allowing it to amend so that it can raise the new defense. If VAC did not know that its sales to the BOP were covered by T-NETIX's infringement claim, it reasonably should have known. Consequently, this factor supports denying VAC's motion.

C

The court considers second the importance of the amendment to VAC. This factor favors VAC.

The proposed defense could potentially preclude an award of damages arising from VAC's contracts with the federal government. Considering that these contracts account for a significant part of T-NETIX's claim, the proposed amendment appears to be important to VAC's defense.

D

The third factor is the potential prejudice of allowing the amendment. This factor slightly favors denying the motion.

T-NETIX argues that permitting VAC to assert this untimely defense will require the court to allow additional pleadings, discovery, and extensions of other deadlines. It contends that the discovery it has conducted is insufficient to address a § 1498(a) defense, and that it will therefore be necessary to conduct additional discovery, prepare new expert reports, and file additional motions. Regarding the need for additional discovery, T-NETIX posits that the proposed defense will require discovery concerning all BOP contracts, the role VAC played in providing

products and services under the conracts, the knowledge of others concerning the contracts, and whether the government authorized or consented to providing the allegedly infringing products.

VAC counters that the need for additional discovery should not be considered prejudicial, and that, in any case, the discovery deadline is sufficiently far away to allow T-NETIX ample time to prepare for the new defense. VAC also argues that because T-NETIX admits that the BOP contracts have been at issue since T-NETIX filed this lawsuit, it has already had months of discovery to determine the damages related to the federal government contracts.

The court concludes that this factor tends to favor denying the motion. Although T-NETIX likely has included the BOP contracts in its damages assessment, this does not support the conclusion that it has thus far conducted the discovery necessary to address a § 1498(a)-based *defense*. It is therefore probable that T-NETIX will be required to conduct additional discovery to address issues raised by the defense. Similarly, the need for new expert reports is not necessarily moot, as VAC contends. Although T-NETIX has not specified the nature of the additional expert reports, it is reasonable to conclude that they would be necessitated by issues that will come into play only by reason of the assertion of this affirmative defense.

Additionally, although T-NETIX has not adequately demonstrated that granting leave to amend will indisputably be prejudicial,

VAC's reliance on *Dozier v. Rowan Drilling Co.*, 397 F.Supp.2d 837 (S.D. Tex. 2005), to contend that its proposed amendment should not be deemed prejudicial so long as it does not change the fundamental nature of the suit, is misplaced. The plaintiff in *Dozier* untimely sought leave to amend his complaint to change the jurisdictional basis on which he relied to bring his lawsuit and to add some factual details. In granting leave, the court held that the amended complaint did not change the nature of the suit; it simply clarified the jurisdictional basis and correctly identified the law that governed his negligence claim. *Id.* at 855. Assessing the relevant Rule 16(b) factors, the court concluded that although the plaintiffs' explanation was insufficient to show why they were unable to amend within the time allotted, the amendment was important because it comported with the applicable legal authority, defendants faced no prejudice because the analysis in which the court had engaged would have been required and would have led to the application of the law asserted in the amended complaint, regardless of the plaintiffs' contrary statements in their original complaint. The court concluded that the absence of prejudice rendered the fourth factor inapposite, and, on balance, that the amendment should be allowed. *Id.* By contrast, VAC's proposed new defense in this case cannot be considered as doing nothing more than correctly identifying the governing law. *Id.*

Accordingly, the prejudice factor tends to support denying

leave to amend, because it will be necessary for T-NETIX to prepare to refute a defense that could potentially alter significantly T-NETIX's ability to recover against VAC.

E

The court analyzes fourth the availability of a continuance to cure such prejudice. This factor favors granting VAC's motion.

T-NETIX contends that the need for additional discovery will require an extension of the November 1, 2007 discovery deadline. In its reply brief, VAC accepts a later discovery deadline as an option of securing leave to amend.

The court finds that T-NETIX will not be prejudiced if the court grants VAC leave to add the new defense and also extends the discovery deadline to enable T-NETIX to secure needed additional discovery. The court concludes that a continuance of the discovery deadline (and of the trial setting and any pertinent motion deadlines, if necessary) would sufficiently cure any prejudice that T-NETIX may incur as a result of granting VAC's motion.

F

Accordingly, assessing the four factors together, the court holds that VAC's motion for leave should not be denied on the basis that it is untimely under the scheduling order. Although VAC has not provided a satisfactory explanation for its failure to seek timely leave to amend, the potential importance of the amendment and the ability of a continuance to cure the potential prejudice to

T-NETIX support granting this relief.

### III

The court next evaluates under the Rule 15(a) standard whether leave to amend should be granted.

#### A

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

#### B

T-NETIX opposes VAC's motion under the Rule 16(b) standards, but it does not explicitly address the motion under the Rule 15(a) standard. T-NETIX instead incorrectly states at one point in its response that Rule 15(a) does not apply to VAC's motion. The correct view is that the Rule 15(a) standard is applied if, and

only if, VAC first satisfies the good cause standard of Rule 16(b).² *See S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). Because the court is unable to find under the Rule 15(a) standard a sufficient basis to deny VAC leave to amend, it concludes that such leave should be granted.

\* \* \*

Accordingly, the court grants VAC's July 6, 2007 motion for leave to file amended answer. VAC must file the amended answer—electronically or on paper—within three business days of the date this order is filed.

**SO ORDERED.**

September 6, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

²T-NETIX recognizes at another point in its response that this is the applicable analytical regimen. *See* P. Resp. 3.