*TO BE FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

THE SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED
COMMUNICATIONS, INC.'S MOTION TO STRIKE SECURUS RESPONDENTS'
RESPONSE TO VAC'S BRIEF ON CERTAIN ISSUES
RAISED AT THE FEBRUARY 25, 2013 HEARING[1]

The Court's request at the conclusion of the February 25, 2013 evidentiary hearing was clear. The Court delineated two very specific topics on which the parties had leave to provide additional briefing. Without leave of Court, and expressly contrary to the Court's instructions, VAC devoted a significant portion of its post-hearing brief to its continuing effort to try to breathe life into the baseless claims it has asserted against the Securus Respondents. Yet, somehow, VAC feigns surprise that the Securus Respondents responded.

The Court permitted the parties to brief the "new" issues raised at the hearing: (1) Gruber Hurst's argument that VAC is estopped from arguing now that Gruber Hurst is subject to the

---

[1] Value-Added Communications, Inc.'s Motion to Strike Securus Respondents' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing is hereinafter referred to as VAC's Motion to Strike.

**RESPONSE VAC'S MOTION TO STRIKE**                                                              **PAGE 1**

Protective Order, when VAC previously argued (and continues to argue), that Gruber Hurst is not a party to the Protective Order and (2) the Court's inquiry whether there is a basis for imposing a sanction against Gruber Hurst for violation of Judge Sanderson's April 2008 directive. (*See* Transcript[2] at 320:5-322:20) The Court went on to specifically inform counsel for the Securus Respondents: "Okay. And, Mr. Lowenstein, if you decide that you don't want to brief, don't feel like you have to brief any issue just because you've been a party here. So it's up to you." (Transcript at 325:1-4). Additionally, in response to a specific inquiry from VAC's counsel concerning whether the Court needed additional briefing regarding the Securus Respondents, the Court instructed that it was "prepared to go with – what I've heard here." (Transcript at 321:9-18). Given the Court's comments and the uncontroverted evidence before the Court, the Securus Respondents chose not to submit briefing to the Court on the two specific issues outlined by the Court, neither of which touched upon the alleged liability of the Securus Respondents.

Unfortunately, despite the Court's specific parameters, VAC went well outside the scope of the Court's request and, on March 4, 2013, filed a brief addressing a third topic and including additional arguments related to the alleged liability of all of the Securus Respondents.[3] *See* VAC's Brief at 1 & 13-16.

Had VAC left its baseless claims against the Securus Parties out of its brief from the outset, the Securus Respondents would have had no need to respond. Had VAC dropped its baseless claims when Gruber Hurst explained the circumstances underlying the accidental production of a protected document and confirmed there was no factual basis to continue its

---

[2] The transcript from the February 25, 2013 hearing, already a part of the Court's record, is hereinafter referred to as the Transcript.
[3] Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #269] is hereinafter referred to as VAC's Brief.

**RESPONSE VAC'S MOTION TO STRIKE** **PAGE 2**

claims against the Securus Respondents, the Securus Respondents would have had no need to respond. Had VAC followed the Court's unambiguous instructions on post-hearing briefing and left out its third argument, the Securus Respondents would have had no need to respond. All the Securus Respondents have desired since 2008 is an end. Yet, VAC persists.

The Securus Respondents filed their response in direct response to VAC's Brief. VAC's Motion to Strike should be denied.

          Respectfully submitted,

          **BELL NUNNALLY & MARTIN LLP**

          By:  /s/ Jeffrey S. Lowenstein
                Jeffrey S. Lowenstein
                Texas Bar No. 24007574
                Gwen I. Walraven
                Texas Bar No. 24047065

          3232 McKinney Avenue, Suite 1400
          Dallas, Texas 75204-2429
          (214) 740-1400 – Telephone
          (214) 740-1499 – Facsimile

          **THE PITTMAN LAW FIRM, P.C.**

                Aubrey "Nick" Pittman
                Texas Bar No. 16049750

          100 Crescent Court, Suite 700
          Dallas, Texas 75201-2112
          (214) 459-3454 – Telephone
          (214) 853-5912 – Facsimile

          **ATTORNEYS FOR T-NETIX, INC., AND SECURUS TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

On this 14th day of March 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Gwen I. Walraven
Gwen I. Walraven

1221184_1.docx