*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **T-NETIX, INC.,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| v. | § | **Case No. 3:05-CV-0654-D (BK)** |
| | § | **Referred to the U.S. Magistrate** |
| **VALUE-ADDED** | § | **Judge** |
| **COMMUNICATIONS, INC.** | § | **ECF** |
| | § | |
| **Defendant/Counter-Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **SECURUS TECHNOLOGIES, INC.** | § | |
| | § | |
| **Counter-Defendant.** | § | |

### T-NETIX'S AND SECURUS' UNOPPOSED SUBMISSION OF EVIDENCE
### FOR INCLUSION IN THE COURT'S RECORD OF THE FEBRUARY 25, 2013
### HEARING ON VAC'S APPLICATION FOR ORDER TO SHOW CAUSE

Respondents T-NETIX, Inc. ("T-NETIX"), Securus Technologies, Inc. ("Securus"),
Richard A. Smith ("Smith"), and Dennis J. Reinhold ("Reinhold") (collectively, the "Securus
Respondents") hereby submit the additional evidence noted below for inclusion in the Court's
record of the February 25, 2013 hearing on VAC's Application for Order to Show Cause and
respectfully request as follow:

The Securus Respondents submit the attached redacted Settlement Agreement and
Mutual Release and move for admission of the Settlement Agreement and Mutual Release as TN
Exh. 19 to be included as part of the Court's record of the February 25, 2013 hearing on VAC's
Application for Order to Show Cause.  Counsel for the Securus Respondents conferred with

counsel for VAC and counsel for Gruber Hurst regarding admission of the redacted Settlement Agreement and Mutual Release.   Neither VAC or Gruber Hurst object to admission of the redacted Settlement Agreement and Mutual Release as evidence in the proceedings conducted on February 25, 2013.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:   /s/ Jeffrey S. Lowenstein
      Jeffrey S. Lowenstein
      Texas Bar No. 24007574
      Gwen I. Walraven
      Texas Bar No. 24047065

3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

      Aubrey "Nick" Pittman
      Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC.,
SECURUS TECHNOLOGIES, INC.,
RICHARD A. SMITH, AND
DENNIS J. REINHOLD**

## CERTIFICATE OF SERVICE

On this 8th day of March, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Gwen I. Walraven
Gwen I. Walraven

1197448_1.DOCX

**CAUSE NO. 03-11399-B**

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFF/COUNTER-DEFENDANT, | § § § | |
| V. | § § | **DALLAS COUNTY, TEXAS** |
| T-NETIX, INC., | § § | |
| DEFENDANT/COUNTER-PLAINTIFF. | § | 68TH JUDICIAL DISTRICT |

**CAUSE NO. 08-06254**

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFF/COUNTER-DEFENDANT, | § § | |
| V. | § § | **DALLAS COUNTY, TEXAS** |
| T-NETIX, INC., | § § | |
| DEFENDANT/COUNTER-PLAINTIFF. | § | 68TH JUDICIAL DISTRICT |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| T-NETIX, INC. AND SECURUS TECHNOLOGIES, INC. | § § § |
| PLAINTIFFS/COUNTER-DEFENDANTS, | § § |



V.                                             §        CIVIL ACTION NO.: 3:05-CV-0654-
                                               §        D
VALUE-ADDED COMMUNICATIONS,                    §
INC.,                                          §
                                               §
DEFENDANT/COUNTER-PLAINTIFF                     §
                                               §

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

T-NETIX, INC. AND                              §
EVERCOM SYSTEMS, INC.,                         §
                                               §
    PLAINTIFFS,                              §
                                               §
                                               §
V.                                             §        CIVIL ACTION NO.: 2:06 CV 00426-
                                               §        TJW
GLOBAL TEL*LINK CORPORATION;                   §
INMATE CALLING SOLUTIONS, LLC;                 §
FSH COMMUNICATIONS, LLC; AND                   §
AGM TELECOM CORPORATION,                        §
                                               §
    DEFENDANTS                               §

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

    THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Settlement Agreement") is entered into and made effective as of July 1, 2008 (the "Effective Date") by and among SECURUS Technologies, Inc. ("SECURUS"), T-NETIX, Inc. ("T-NETIX") and EVERCOM Systems Inc. ("EVERCOM") (SECURUS, T-NETIX, EVERCOM, and their Affiliates, together, the " SECURUS GROUP") and Value-Added Communications, Inc. ("VAC"). As used in this Settlement Agreement, "Affiliate" means a parent or wholly-owned subsidiary.

## I. RECITALS

1.    On October 24, 2003, VAC filed suit in Dallas County, Texas against T-NETIX related to disputes under a Patent License Agreement entered into on or about August 20, 1996 between VAC and T-NETIX's predecessor company, Gateway Communications, Inc. (the "1996 License Agreement"), in a suit currently styled *Value-Added Communications, Inc. v. T-NETIX, Inc.*, Cause No. 03-11399-B, pending in the 68th Judicial District Court of Dallas County, Texas (the "State Lawsuit"). VAC filed declaratory judgment claims in the State Lawsuit requesting declarations as to the interpretation of and the parties' rights and

obligations under the royalty, audit, survival, and improvements and additions provisions of the 1996 License Agreement; a declaration that it had not breached the 1996 License Agreement; a declaration that it had always fully complied with the 1996 License Agreement; a declaration that the 1996 License Agreement remains in full force and effect; and a claim for reformation of the grant and confidentiality provisions of the 1996 License Agreement. VAC also alleged breach of contract claims against T-NETIX for its alleged wrongful terminations of the 1996 License Agreement and for breach of the improvements and addition provision of the 1996 License Agreement for T-NETIX's failure to license VAC to alleged improvements or additions made by T-NETIX to the Licensed Patents under the 1996 License Agreement. VAC requested damages for the breach of contract claims, asserted claims for off-set, specific performance by T-NETIX, and recovery of its attorneys' fees and costs. T-NETIX further sent notice of breach and termination letters to VAC and filed certain claims in the State Lawsuit for declaratory judgment actions of the meaning of the 1996 License Agreement; reformation of the royalty and audit provisions of the 1996 License Agreement; alleged that VAC failed to pay certain monies due under the prior patent license agreement entered into between VAC and Intellicall, Inc. and Gateway Technologies, Inc. on or about September 1993; alleged that VAC breached the 1996 License Agreement for failure to pay royalties and past due interest and failure to provide royalty reports; alleged that VAC breached the 1996 License Agreement for failure to assign to T-NETIX VAC's U.S. patent no. 7,333,798, VAC's pending patent applications serial nos. 10,893,575, 11,371,641, 12,002,507, 10,832,987, 10,851,675, 10,996,795, 11,045,589, 11,045,590, VAC's V-Connect software, products and technology, VAC's Account Recharge IVR technology, VAC's Account Set-Up IVR technology, VAC's System 100 and Focus 100 call processing platforms, software, products, and technology, and other alleged technology, inventions, trade secrets, and intellectual property developed by VAC that were claimed to be improvements or additions to the T-NETIX patents under Section 5.1 of the 1996 License Agreement; and alleged that VAC breached the 1996 License Agreement for failure to properly mark VAC's products, failure to comply with the audit and books and records provisions of the 1996 License Agreement, and failure to comply with the post-termination and survival obligations of the 1996 License Agreement. T-NETIX further asserted claims against VAC and Stephen Hodge, Kermit Heaton, David Woody, and Jerry Gibson and other VAC employees (the "VAC Individual Defendants"), officers, directors, and other alleged sub-contractors who had participated in developing VAC's inventions and intellectual property for conversion, constructive trust, tortious interference with contract, and specific performance of contract. T-NETIX requested general, actual, and special damages, including royalties, interest on royalties, lost profits, lost cost savings, lost revenue enhancements, benefit of the bargain damages, incidental, consequential, and post-termination damages, attorneys' fees and costs, a declaration that the 1996 License Agreement was properly terminated, specific performance by VAC and its employees, and other equitable remedies. All among other assertions filed by the parties in the case.

3.    On April 4, 2005, T-NETIX filed a federal lawsuit against VAC in a case styled
      *T-NETIX, Inc. and SECURUS Technologies, Inc. v. Value-Added
      Communications, Inc.*, Civil Action No. 3:05-CV-0654-D, pending in the United
      States District Court for the Northern District of Texas, Dallas Division (the
      "Federal Lawsuit"). T-NETIX asserted claims of patent infringement against
      VAC, alleging that VAC infringed certain United States patents owned by T-
      NETIX—U.S. patent no. 5,319,702 (the "Kitchin Patent"), and U.S. patent nos.
      5,655,013, 6,560,323, and 6,920,209 (the "Gainsboro Patents"). T-NETIX
      alleged damages, attorneys' fees and costs, and requested an injunction to prevent
      VAC from using the Kitchin Patent and Gainsboro Patents. VAC denied that its
      products infringe the Kitchin and Gainsboro Patents and asserted counterclaims
      against T-NETIX requesting a declaratory judgment that none of its products
      infringe the Kitchin and Gainsboro Patents and that the Kitchin and Gainsboro
      Patents are invalid.

4.    On December 28, 2007, VAC filed a motion entitled, "Motion to Enforce the
      Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief"
      (the "Sanctions Motion")

6.    No statement set forth above is intended to be or should be construed as an acknowledgement or representation by either party of any assertion, claim, or position made or taken in the Litigation or the Eastern District of Texas Lawsuit.

7.    T-NETIX, EVERCOM, SECURUS Technologies, Inc., and VAC have pursued discussions concerning the possible resolution of the claims involved in the Litigation, and to avoid further incurring the risks, mutual inconvenience and expenses of the Litigation and, as a result of such discussions, have reached mutually agreeable terms for the resolution of all such claims arising out of the Litigation as fully set forth in this Settlement Agreement and the Patent License Agreement.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual promises and covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties to this Settlement Agreement, it is hereby agreed as follows:

## II.  AGREEMENTS

6. **Dismissal of Litigation.**  Upon execution of the License Agreement, the parties will dismiss, with prejudice, their claims against each other in the Litigation and against the VAC Individual Defendants, with all costs and attorneys' fees to be taxed against each party incurring same.  In addition, T-NETIX and SECURUS will dismiss, without prejudice, their claims against FSH Communications LLC ("FSH"), to the extent any such claim is based upon or results from FSH utilizing any VAC products or equipment, with all costs and attorneys' fees to be taxed against each party incurring same. The mutually agreed upon terms of the dismissal documents are attached hereto as **Exhibit "B"**.  The parties further agree to file a joint motion to withdraw and expunge the Sanctions Motion (and the Magistrates recommendation in relation thereto).  The mutually agreed upon terms of such motion to withdraw and expunge are attached hereto as **Exhibit "C"**.

11.  **Understanding of Agreement.** The parties represent that they have read this Settlement Agreement prior to its execution and have discussed it with their respective counsel and fully understand it. The parties also represent that no party has made any representation, other than as expressly set forth herein or in the License Agreement, regarding this Settlement Agreement. The parties also understand that full compliance with the License Agreement will result in a full, final and complete release of all of their claims or potential claims against one another.

12.  **No Admissions.** The parties to this Settlement Agreement acknowledge that this Settlement Agreement is entered into for the purpose of settling vigorously contested claims and to avoid the expense and inconvenience of further litigation over these disputed claims. No agreement, statement, representation, and/or warranty contained in this Settlement Agreement is intended to be or should be construed as an admission of fault or liability by any party.

13.  **Entire Agreement Between the Parties.** The parties hereto agree that this Settlement Agreement, the License Agreement, and the attached exhibits contain the entire agreement between the parties and supersede any and all prior agreements, arrangements or understandings between the parties relating to the subject matter hereof. No oral understandings, statements or promises contrary to the terms of this Settlement Agreement or License Agreement exist. This Settlement Agreement may be amended, supplemented, or modified only by written instrument signed by the parties.

14.  **Construction.** This Settlement Agreement shall be construed without regard to which party drafted it, and it shall be interpreted as if all parties participated equally in drafting the Settlement Agreement.

16. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas. This Agreement is made and is to be performed in the City of Dallas, Dallas County, Texas, and the courts of Dallas County, Texas shall have sole and exclusive venue and jurisdiction over any disputes concerning this Settlement Agreement.

**T-NETIX, INC.**
**SECURUS TECHNOLOGIES, INC.**
**EVERCOM SYSTEMS, INC.**

By: _____

Printed Name:  Richard A. Smith

Title:  CEO and President

Date:  August 1, 2008


**VALUE-ADDED COMMUNICATIONS, INC.**

By: _____

Printed Name:  Jerry D. Gibson

Title:  Chairman and CEO

Date:  August 1, 2008


**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**
009247.0100\486115.02

Page 11

# EXHIBIT A
# REMOVED

# FIRST
# EXHIBIT B
# REMOVED

# EXHIBIT "B"
## DISMISSAL DOCUMENTS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **T-NETIX, INC.,** | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | Case No. 3:05-CV-0654-D |
| | § | |
| **v.** | § | |
| | § | |
| **VALUE-ADDED** | § | |
| **COMMUNICATIONS, INC.** | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SECURUS TECHNOLOGIES, INC.** | § | |
| | § | |
| Counter-Defendant. | § | |

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR SANCTIONS**
**AND MOTION TO MODIFY PROTECTIVE ORDER AND**
**WITHDRAW AND EXPUNGE RELATED DOCUMENTS**

T-NETIX, Inc. ("T-NETIX"), Plaintiff and Counter-Defendant, Securus Technologies, Inc., Counter-Defendant, and Value-Added Communications, Inc. ("VAC"), Defendant and Counter-Plaintiff (together the "Parties"), hereby withdraw: (1) VAC's Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief (Docket No. 155) and (2) T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117).

In light of the withdrawal of these Motions, the parties request that the Court withdraw and/or expunge all motions and documents related to the above-referenced documents, including responses, replies, minute entries, orders referring motions to the Magistrate Judge, appendices, and the findings of the Magistrate Judge. The documents to be withdrawn and/or expunged include:

JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS

PAGE 1

(1)..... T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117);

(2)  Appendix 1 - 26 to Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations and Brief in Support (Docket No. 118);

(3)  Order of Reference to Judge Sanderson Referring Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 120);

(4)  Motion to Seal Document Brief in Opposition to T-NETIX Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations by Value Added Communications Inc. (Docket No. 134);

(5)  VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(6)  Appendix to VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(7)  T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(8)  Appendix to T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(9)  Motion to File Under Seal Its Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 154);

(10)   Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 155);

(11)   Appendix to Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(12)   Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(13)   Order and Order of Reference Referring Motion for Sanctions filed by Value Added Communications Inc to Judge Wm F Sanderson, Jr. (Docket No. 156);

(14)   T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(15)   Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(16)   Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(17)   Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr. Hearing held on 4/16/08 re Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 183);

(18)   Report And Recommendations re: Motion to Enforce The Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief filed by Value Added Communications Inc. (Docket No. 184);

(19)   Order denying Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 185);

(20)   T-NETIX, Inc.'s Objections To Report And Recommendation Of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(21)   Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(22)   T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(23)   Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(24)   VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

(25)   VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(26)   Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(27)   T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

(28)   T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR**
**SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER**
**AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                                            **PAGE 4**

(29)    Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

## PRAYER

The Parties request that the Court allow the parties to withdraw VAC's Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief (Docket No 155), and T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117), and that the Court withdraw and/or expunge all related documents, including:

1.    Docket Nos. 117, 118, 120, 134, 154, 155, 156, 183, 184, and 185;

2.    T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

3.    Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

4.    Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

5.    T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

6.    Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

7.   T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

8.   Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

9.   VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

10.   VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal);

11.   Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal);

12.   T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

13.   T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

14.   Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

Respectfully submitted,

**THE PITTMAN LAW FIRM, P.C.**

By:_____
        Aubrey "Nick" Pittman
        Texas Bar No. 16049750

The Pittman Law Firm
100 Crescent Court, Suite 700
Dallas, Texas  75201
Telephone:    (214) 459-3454
Facsimile:    (214) 853-5912

and

**BELL NUNNALLY & MARTIN LLP**

By:_____
        Jeffrey S. Lowenstein
        Texas Bar No. 24007574
        Neal J. Suit
        Texas Bar No. 24041988

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone:    (214) 740-1400
Facsimile:    (214) 740-1499

**ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT**

and

**JONES DAY**

By:_____
        Stephanie D. Clouston
        Texas Bar No. 24002688

2727 N. Harwood Street
Dallas, Texas 75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100

**ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | Case No. 3:05-CV-0654-D |
| | § | |
| v. | § | |
| | § | |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW MOTION
FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER AND
WITHDRAW AND EXPUNGE RELATED DOCUMENTS

Came on for consideration T-NETIX, Inc. ("T-NETIX"), Plaintiff and Counter-Defendant, Securus Technologies, Inc., Counter-Defendant, and Value-Added Communications, Inc. ("VAC"), Defendant and Counter-Plaintiff (together the "Parties") Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents (the "Motion"). The Court, having considered the Motion and the pleadings hereby GRANTS the Motion as follows. It is, therefore,

ORDERED that the Parties' Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents is hereby GRANTED. It is further

ORDERED that the following documents are withdrawn and/or expunged:

ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW
MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                      Page 1

(1)     T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117);

(2)     Appendix 1 - 26 to Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations and Brief in Support (Docket No. 118);

(3)     Order of Reference to Judge Sanderson Referring Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 120);

(4)     Motion to Seal Document Brief in Opposition to T-NETIX Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations by Value Added Communications Inc. (Docket No. 134);

(5)     VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(6)     Appendix to VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(7)     T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(8)     Appendix to T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(9)     Motion to File Under Seal Its Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 154);

(10)   Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 155);

(11)   Appendix to Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(12)   Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(13)   Order and Order of Reference Referring Motion for Sanctions filed by Value Added Communications Inc to Judge Wm F Sanderson, Jr. (Docket No. 156);

(14)   T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(15)   Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(16)   Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(17)   Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr: Hearing held on 4/16/08 re Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 183);

(18)   Report And Recommendations re: Motion to Enforce The Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief filed by Value Added Communications Inc. (Docket No. 184);

ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW
MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                    Page 3

(19)    Order denying Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 185);

(20)    T-NETIX, Inc.'s Objections To Report And Recommendation Of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(21)    Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(22)    T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(23)    Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(24)    VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

(25)    VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(26)    Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(27)    T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

(28)    T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

**ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW
MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**          Page 4

(29)    Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and

Recommendations of the United States Magistrate Judge (Filed Under Seal).

SIGNED this the _____ day of July, 2008.


_____

**JUDGE PRESIDING**

AGREED AS TO FORM AND CONTENT:

THE PITTMAN LAW FIRM, P.C.

By:_____
        Aubrey "Nick" Pittman
        Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone: (214) 459-3454
Facsimile: (214) 853-5912

and

BELL NUNNALLY & MARTIN LLP

By:_____
        Jeffrey S. Lowenstein
        Texas Bar No. 24007574
        Neal J. Suit
        Texas Bar No. 24041988

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT

and

JONES DAY

By:_____
        Stephanie D. Clouston
        Texas Bar No. 24002688

2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF

CAUSE NO. 08-06254

| | | |
|---|---|---|
| **VALUE-ADDED COMMUNICATIONS, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff and Counter-Defendant,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **T-NETIX, INC.,** | § | |
| | § | |
| **Defendant and Counter-Plaintiff.** | § | **68th JUDICIAL DISTRICT** |

**JOINT AGREED MOTION TO DISMISS**

Plaintiff Value Added Communications, Inc. ("VAC") and Defendant T-NETIX, INC. ("T-NETIX") jointly move this Court to dismiss with prejudice all claims asserted or that could have been asserted between them in this action, with each party bearing its own costs of court and attorneys' fees.

WHEREFORE, VAC and T-NETIX request that this Court grant this motion and enter the Agreed Order of Dismissal with Prejudice that is attached to this motion as Exhibit A.

Respectfully submitted,

Stephanie D. Clouston
Texas Bar No. 24002688
Christopher Groves
State Bar No. 00793862
Sean M. Whyte
State Bar No. 24047100

JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100

**ATTORNEYS FOR VALUE-ADDED COMMUNICATIONS, INC.**

DL1-6199872v1

Aubrey "Nick" Pittman
Texas Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:    (214) 459-3454
Facsimile:    (214) 853-5912

and

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065

**BELL NUNNALLY & MARTIN LLP**
3232 McKinney Avenue
1400 One McKinney Plaza
Dallas, Texas 75204-2429
Telephone:    (214) 740-1400
Facsimile:    (214) 740-1499

**ATTORNEYS FOR T-NETIX, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent by fax on this _____ day of

July, 2008, to counsel of record as follows:

Aubrey D. Pittman
100 Crescent Court, Suite 700
Dallas, Texas 75201

Jeffrey S. Lowenstein
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204

CAUSE NO. 08-06254

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| T-NETIX, INC., | § | |
| DEFENDANT. | § | 68TH JUDICIAL DISTRICT |

## AGREED ORDER OF DISMISSAL WITH PREJUDICE

Before the Court is the Joint Agreed Motion to Dismiss submitted by the parties. After considering and accepting the agreement of the Parties, the Court hereby **ORDERS** that all claims in this case are dismissed with prejudice, with each party bearing its own costs.

SIGNED this ____ day of July, 2008.


_____
HONORABLE MARTIN HOFFMAN


AGREED AS TO FORM AND SUBSTANCE:

JONES DAY

By: _____
Stephanie D. Clouston
State Bar No. 24002688
Christopher Groves
State Bar No. 00793862
Sean M. Whyte
State Bar No. 24047100


ATTORNEYS FOR
VALUE-ADDED COMMUNICATIONS, INC.


AGREED ORDER OF DISMISSAL WITH PREJUDICE - Page 1                        DLI-6199869v1

**THE PITTMAN LAW FIRM, P.C.**

By: _____
     Aubrey "Nick" Pittman
     State Bar No. 16049750

          and

**BELL NUNNALLY & MARTIN LLP**

By: _____
     Jeffrey S. Lowenstein
     State Bar No. 24007574
     Gwen I. Walraven
     Texas Bar No. 24047065

**ATTORNEYS FOR T-NETIX, INC.**

DLI-6199869v1

CAUSE NO. 03-11399-C

| VALUE-ADDED COMMUNICATIONS, INC., | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff and Counter-Defendant, | § § § § | |
| v. | § | DALLAS COUNTY, TEXAS |
| T-NETIX, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § | 68th JUDICIAL DISTRICT |

JOINT AGREED MOTION TO DISMISS

Plaintiff Value Added Communications, Inc. ("VAC") and Defendant T-NETIX, INC. ("T-NETIX") jointly move this Court to dismiss with prejudice all claims asserted or that could have been asserted between them in this action, with each party bearing its own costs of court and attorneys' fees.

WHEREFORE, VAC and T-NETIX request that this Court grant this motion and enter the Agreed Order of Dismissal with Prejudice that is attached to this motion as Exhibit A.

Respectfully submitted,

Stephanie D. Clouston
Texas Bar No. 24002688
Christopher Groves
State Bar No. 00793862
Sean M. Whyte
State Bar No. 24047100

**JONES DAY**
2727 N. Harwood Street
Dallas, Texas 75201
Telephone:   (214) 220-3939
Facsimile:   (214) 969-5100

**ATTORNEYS FOR VALUE-ADDED COMMUNICATIONS, INC.**

Aubrey "Nick" Pittman
Texas Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:   (214) 459-3454
Facsimile:   (214) 853-5912

and

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065

**BELL NUNNALLY & MARTIN LLP**
3232 McKinney Avenue
1400 One McKinney Plaza
Dallas, Texas 75204-2429
Telephone:   (214) 740-1400
Facsimile:   (214) 740-1499

**ATTORNEYS FOR T-NETIX, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent by fax on this ____ day of

July, 2008, to counsel of record as follows:

Aubrey D. Pittman
100 Crescent Court, Suite 700
Dallas, Texas 75201

Jeffrey S. Lowenstein
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204

DLI-6199771v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| T-NETIX, INC., | Case No. 3:05-cv-0654-D |
| Plaintiff/Counter-Defendant, | |
| v. | |
| VALUE-ADDED COMMUNICATIONS, INC., | ORDER GRANTING PARTIES JOINT MOTION TO DISMISS |
| Defendant/Counter-Plaintiff, | |
| v. | |
| SECURUS TECHNOLOGIES, INC., | |
| Counter-Defendant. | |

Before the Court for consideration is Plaintiff/Counter-Defendant T-NETIX, INC. ("T-NETIX"), Defendant/Counter-Plaintiff Value Added Communications, Inc. ("VAC"), and Counter-Defendant Securus Technologies, Inc.'s ("SECURUS") Joint Agreed Motion to Dismiss.

The Court, having considered the motion, ORDERS that all claims in this case are dismissed with prejudice, with each party bearing its own costs.

So ORDERED and SIGNED this _____ day of _____, 2008.

                                        _____
                                        HON. SIDNEY A. FITZWATER
                                        UNITED STATES CHIEF
                                        DISTRICT JUDGE