*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

### THE SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED COMMUNICATIONS, INC.'S BRIEF ON CERTAIN ISSUES <u>RAISED AT THE FEBRUARY 25, 2013 HEARING</u>

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065
**BELL NUNNALLY & MARTIN LLP**
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204
Telephone:  (214) 740-1400
Telecopier:  (214) 740-1499

Aubrey "Nick" Pittman
Texas Bar No. 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas  75201-2112
Telephone:  (214) 459-3454
Telecopier:  (214) 853-5912


ATTORNEYS FOR T-NETIX, INC., AND
SECURUS TECHNOLOGIES, INC

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................2

ARGUMENTS AND AUTHORITIES ...................................................................2

   A. There Is No Evidence to Support of Finding of Direct Civil Contempt Against the Securus Parties ........................................................................................2

     1. "Clear and Convincing" Evidence is Required for a Finding of Civil Contempt ..........2

     2. VAC Cannot Meet Its Burden of Proof ...................................................3

       i. The Securus Respondents Had No Involvement with Gruber Hurst's Possession of and Inadvertent Production of the McAlexander Rebuttal Report In 2010................4

       ii. There is No Evidence to Hold Smith or Reinhold Individually Liable.....................6

       iii. VAC is Improperly Demanding the Securus Respondents Prove a Negative..........9

   B. Gruber Hurst's Actions Were Not Authorized ................................................10

     1. Gruber Hurst's and Securus/T-NETIX's Relationship is a Principal/Special Agent Relationship ........................................................................................11

     2. Gruber Hurst's Actions Were Not Authorized by the Securus Respondents .............11

   C. VAC Cannot Claim the Securus Respondents Are Responsible for Gruber Hurst's Alleged Failure to Destroy the McAlexander Rebuttal Report........................................13

   D. Gruber Hurst's Estoppel Argument Applies to the Securus Respondents ......................16

   E. VAC Should be Prohibited from Continuing this Action Against the Securus Respondents ........................................................................................16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*American Airlines, Inc. v. Allied Pilots Association,* 53 F. Supp. 2d 909 (N.D. Tex. 1999) ......8, 9

*California Artificial Stone Paving Co. v. Molitor,* 113 U.S. 609 (1885) ....................................2, 3

*Louisiana Education Association v. Richland Parish School Board,* 421 F. Supp. 973
    (W.D. La. 1976)................................................................................................................3

*Test Masters Educational Services, Inc. v. Singh,* 428 F.3d 559 (5th Cir. 2005)...........................3

### STATE CASES

*Ex Parte Chambers,* 898 S.W.2d 257 (Tex. 1995).....................................................................6, 7

*Hotel Longview v. Pittman,* 276 S.W.2d 915 (Tex. Civ. App. - Texarkana 1955, writ ref'd
    n.r.e)................................................................................................................................11

*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

### THE SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED
### COMMUNICATIONS, INC.'S BRIEF ON CERTAIN ISSUES
### RAISED AT THE FEBRUARY 25, 2013 HEARING[1]

At the conclusion of the February 25, 2013 evidentiary hearing before this Court, the

Court delineated two very specific topics on which it requested additional briefing.[2] Despite the

Court's specific request, VAC filed a brief addressing a third topic and included additional

arguments related to the alleged liability of Respondents T-NETIX, Inc. ("T-NETIX"), Securus

Technologies, Inc. ("Securus"), Richard A. Smith ("Smith"), and Dennis J. Reinhold

("Reinhold") (collectively, "Securus Respondents").   Accordingly, by way of response, the

---

[1] The Securus Respondents' Response to Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing is hereinafter referred to as the Securus Response.

[2] True and correct copies of excerpts from the Transcript of the Show Cause Hearing Before the Honorable Magistrate Judge Renee Harris Toliver United States District Judge are attached hereto as part of the Securus Respondent's Appendix in Support of The Securus Respondents' Response to Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 hearing ("TN App." or "T-NETIX's Appendix"); *see* TN App. 34-36 at 320:5 – 322:20.   T-NETIX's Appendix is incorporated herein by reference.

Securus Respondents file this their Response to Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing[3] and respectfully show the Court the following:[4]

## INTRODUCTION

There is no evidence to support VAC's baseless allegations of contempt as to the Securus Respondents. VAC has been afforded ample opportunity, including two rounds of pre-hearing briefing, post-hearing briefing, and an eight-plus hour evidentiary hearing, to establish a basis to hold the Securus Respondents in civil contempt. Not only has VAC failed to carry its weighty burden of clear and convincing proof against the Securus Respondents, VAC has failed to even demonstrate that it satisfied its obligations under rule 11 of the Federal Rules of Civil Procedure by involving the Securus Respondents in these proceedings from the beginning. At all times subsequent to the dismissal with prejudice of the 2008 proceedings, the Securus Respondents have complied with and remain in compliance with the March 3, 2006 Protective Order.[5] Accordingly, VAC's request for an order to show cause hearing as to the Securus Respondents should be denied.

## ARGUMENTS AND AUTHORITIES

**A.    There Is No Evidence to Support of Finding of Direct Civil Contempt Against the Securus Parties**

1.    <u>"Clear and Convincing" Evidence is Required for a Finding of Civil Contempt</u>

"Civil contempt 'is a severe remedy, and should not be resorted to when there is a fair ground of doubt as to the wrongfulness of defendant's conduct.'" *Calif. Artificial Stone Paving*

---

[3] Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #269] is hereinafter referred to as VAC's Supplemental Brief.
[4] The Securus Response is supplemental to the prior briefing submitted by Securus, T-NETIX, Smith, and Reinhold, which briefing is incorporated herein by reference.
[5] The March 3, 2006 Protective Order is hereinafter referred to as the Protective Order.

*Co. v. Molitor*, 113 U.S. 609, 618 (1885)). To satisfy the "clear and convincing" standard, the movant's evidence proving civil contempt must be "so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citation and quotation omitted). A movant in a civil contempt proceeding bears the burden of proving, by clear and convincing evidence, that:

1.   A court order was in effect;

2.   The order required certain conduct by the respondent; and

3.   The respondent failed to comply with the court's order.

*Id.* at 581-82. The movant bears the initial burden of proof at a show cause hearing. *La. Educ. Ass'n v. Richland Parish School Board*, 421 F. Supp. 973 (W.D. La. 1976) ("The 'order to show cause' . . . does not shift the burden of proof from the petitioner to respondent. The burden remains with petitioner to show the violation by clear and convincing evidence . . . then the respondent must show any mitigating circumstances that might cause the court, in its discretion, to withhold the exercise of its contempt power.").

2.   <u>VAC Cannot Meet Its Burden of Proof</u>

In order to establish a claim for civil contempt against the Securus Respondents directly, VAC must establish by clear and convincing evidence that the Securus Respondents failed to comply with the Protective Order. VAC's allegations as to the Securus Respondents are based on mere supposition and are entirely devoid of factual support. VAC alleges and/or insinuates in its brief in support of its application for an order to show cause that: (1) Securus and T-NETIX are in possession of the McAlexander Rebuttal Report, (2) Smith and Reinhold directed and/or were aware that Gruber Hurst retained and produced the report, and (3) the report was disclosed

to a competitor. On September 25, 2012, counsel for the Securus Respondents inquired of VAC its basis for filing the Application [Doc. #202] and requested "whatever factual information and supporting documents VAC relied on in deciding to file the Proposed Motion for Contempt, including information obtained by counsel in conducting its reasonable inquiry required by Rule 11" (the "Rule 11 Letter"). TN App. 37-41. VAC did not respond to the Rule 11 Letter. Likewise, VAC's briefing, filed subsequent to the Rule 11 Letter, remains wholly devoid of any facts or evidence to support its bald allegations against the Securus Respondents. In fact, even upon completion of an evidentiary hearing that lasted in excess of eight hours, VAC has not presented this Court with any evidence to support its allegations against the Securus Respondents, yet VAC persists.

      i.     *The Securus Respondents Had No Involvement with Gruber Hurst's[6] Possession of and Inadvertent Production of the McAlexander Rebuttal Report In 2010*

VAC has not and cannot present a shred of evidence (much less clear and convincing) in support of its allegations that the Securus Respondents had any involvement in Gruber Hurst's retention/recovery and ultimate inadvertent disclosure of the McAlexander Rebuttal Report[7] in 2010. As was aptly noted by the Court during the February 25, 2013 hearing, Gruber Hurst has explained how the McAlexander Rebuttal Report came to be in its possession in 2010, admitted the document was inadvertently produced in 2010, explained the circumstances surrounding the inadvertent production of the report; explained the steps taken to "claw back" the report in 2010; and detailed its efforts to purge the document from its servers. TN App. 19-20 at 123:25-124:14. Anthony Magee, testifying on behalf of Gruber Hurst, unequivocally stated that Gruber Hurst did

---

[6] Gruber Hurst Johansen Hail Shank LLP is hereinafter referred to as Gruber Hurst.
[7] The rebtuttal expert report prepared in this cause by T-NETIX's then retained expert Joseph C. McAlexander is hereinafter referred to as the McAlexander Rebuttal Report.

not receive the McAlexander Rebuttal Report from the Securus Respondents, and further testified that the Securus Respondents did not direct Gruber Hurst to produce the McAlexander Rebuttal Report:

> Q.     . . . When you were doing this entire document production in the 2010 time frame, did you receive a copy of the McAlexander rebuttal report from the client, Securus, T-Netix, Mr. Reinhold, Mr. Smith, anyone from within the Securus parties holds[sic]?
>
> A.     No.
>
> Q.     Did anyone from Securus, including Mr. Smith or Mr. Reinhold, ever direct you to produce a copy of the McAlexander rebuttal report to anyone in the litigation you were involved with?
>
> A.     No.

TN App. 32-33 at 292:14-293:1.   Further, Stephanie Clouston, VAC's sole witness at the February 25, 2013 hearing, did not offer any evidence that even suggested that the Securus Respondents had any involvement in Gruber Hurst's actions with regard to the McAlexander Rebuttal Report in 2010.   In fact, Ms. Clouston confirmed the Securus Respondents' non-involvement with Gruber Hurst's actions related to the McAlexander Rebuttal Report in 2010:

> Q.     I've heard some discussion from you about things that Gruber Hurst in 2010 provided to Combined Communications or in another lawsuit.  You don't have anything in your declaration, you didn't have anything in your testimony that show that anyone within Securus or T-Netix ever had a copy of the McAlexander rebuttal report, do you[?]
>
> A.     No.
>
> > \* \* \*
>
> Q.     You don't have anything in your declaration or any document or anything in your testimony where you have knowledge that any of the Securus parties provided a copy of the McAlexander rebuttal report to Gruber Hurst.
>
> A.     No.

Q.  And you don't have any knowledge that they encouraged or asked Gruber Hurst to provide that document to anybody in the Combined Communications case or any other lawsuit?

A.  No, sir.

TN App. 14-16 at 99:25-101:4. Dennis Reinhold, Vice President, General Counsel, and Secretary of Securus Technologies and its various subsidiaries, testified that the Securus Respondents have never had the McAlexander Rebuttal Report, did not give the McAlexander Rebuttal Report to Gruber Hurst, and did not direct, or even know about, production of the McAlexander Rebuttal Report in 2010. TN App. 17-18 at 115:4-10; 116:10-15; *see also* TN App. 43-45 at ¶¶ 7; 10-16. Additionally, the Declaration of Richard A. Smith, previously submitted to this Court, establishes that Mr. Smith had no involvement with or knowledge of any of the actions related to the McAlexander Rebuttal Report. TN App. 47-48 at ¶¶ 6-11. VAC's allegations against the Securus Respondents from the outset have no basis in fact. Yet, VAC persists.

ii.  *There is No Evidence to Hold Smith or Reinhold Individually Liable*

VAC has not and cannot present clear and convincing evidence to support a finding of civil contempt against Smith and Reinhold - the corporate officers of T-NETIX/Securus. Reinhold and Smith fully complied with the Protective Order and have never accessed or possessed the McAlexander Rebuttal Report. TN App. 14-18 at 99:25-101:4; 115:4-10; 116:10-15; TN App. 32-33 at 292:14-293:1; TN App. 43-45 at ¶¶ 7; 10-16; TN App. 47-48 at ¶¶ 6-11. For Reinhold and Smith to be held in contempt in their individual capacities, VAC must establish by clear and convincing evidence that Reinhold and Smith were *personally and directly* involved in the violation of the Protective Order. Under Texas law, an officer of a corporation may be found in civil contempt in their individual capacity only where the officer was *personally and*

*directly* involved in the contemptuous conduct. *Ex Parte Chambers,* 898 S.W.2d 257, 261 (Tex. 1995). In fact, VAC acknowledged this principle when it requested in its original briefing that Reinhold and Smith be held in contempt only "*to the extent* that the Court finds that Respondents Smith and Reinhold have directed, participated in, or condoned the violations of the Protective Order . . . ."[8] Despite this, VAC, faced with the indisputable reality that there is no evidence that Smith or Reinhold "directed, participated in, or condoned the violations of the Protective Order," has now concocted an entirely new argument that Smith and Reinhold are *individually* liable for their alleged failures to ensure that the Counsel Eyes Only materials[9] addressed at the April 2008 hearing were purged from Gruber Hurst's database.[10]

Importantly, all parties and non-parties to this proceeding, including VAC, Gruber Hurst, Securus, T-NETIX, Smith,[11] and Reinhold, believed, after April 2008 that the Counsel Eyes Only documents previously in Gruber Hurst's possession, including the McAlexander Rebuttal Report had been returned and/or deleted by Gruber Hurst. TN App. 23-31 at 199:4-200:5; 203:16-20; 220:14-221:4; 225:20-226:11; 230:6-231:17; TN App. 49-50; TN App. 43 at ¶ 7.[12] VAC makes much of the fact that "it relied" on this belief when entering the 2008 settlement agreement with Securus and T-NETIX, yet now takes the position that the same reliance is not acceptable as to Smith and Reinhold.[13] It appears that VAC is trying to argue that Smith, who

---

[8] VAC's Brief in Support of Application for Order to Show Cause [Doc. #204] at 14 (emphasis supplied).

[9] Importantly, while the McAlexander Rebuttal Report is the only attorneys' eyes only document at issue in this proceeding, VAC continues its efforts to improperly broaden the scope of this proceeding. VAC is improperly attempting to utilize this proceeding to conduct a rule 11 investigation that should have been completed prior to VAC bringing this action.

[10] *See* VAC's Supplemental Brief at 14.

[11] Smith did not begin his employment with Securus until June 23, 2008 and accordingly, was wholly unaware of the April 2008 proceedings and the immediately subsequent events, until after June 23, 2008.

[12] *See also* VAC's Brief in Reply to Response of T-NETIX, Securus, Smith, and Reinhold to VAC's Application to Show Cause [Doc. # 237] at 7.

[13] *See* VAC's Brief in Reply to Response of T-NETIX, Securus, Smith, and Reinhold to VAC's Application to Show Cause [Doc. # 237] at 7.

**RESPONSE VAC'S BRIEF ON CERTAIN ISSUES**
**RAISED AT THE FEBRUARY 25, 2013 HEARING**                                              **PAGE 7**

was not even employed with Securus/T-NETIX in April 2008 and Reinhold, who was not permitted to access, see, possess, etc. the McAlexander Rebuttal Report were somehow personally to ensure its deletion from Gruber Hurst's servers in April 2008 and could not rely on Gruber Hurst's representations that this had occurred. TN App. 46 at ¶ 2.[14] Attempting to put such a burden on officers of clients is absurd.

VAC's position with respect to Smith and Reinhold only weakens with time. In addition to its "new" theory of liability as to Smith and Reinhold, in its Supplemental Brief, VAC continues to misplace reliance on *American Airlines, Inc. v. Allied Pilots Association*, a case in which the corporate officer held in contempt *expressly encouraged* its employees to disobey the district court's order. 53 F. Supp. 2d 909 (N.D. Tex. 1999) *aff'd*, 228 F.3d 574 (5th Cir. 2000).[15] The *American Airlines* Court entered a temporary restraining order requiring the pilots' union to end its strike because the protest was in violation of a federal labor statute, and the president of the pilots' union, Richard LaVoy ("LaVoy"), represented to the district court that the union would obey the order. *Am. Airlines*, 53 F. Supp. 2d at 918. Nonetheless, on the very same day that he represented the union would comply, LaVoy sent several communications to union members that "intentionally gave the impression and further conveyed to the Union membership that individual Union members did not have to comply with the TRO." *Id.* Accordingly, the *American Airlines* Court concluded that LaVoy expressly authorized and encouraged disobedience of the order by sending the communications, which warranted holding LaVoy in civil contempt in his individual capacity. *Id.*

---

[14] Importantly, VAC did not elicit any testimony from Smith at the February 25, 2013 hearing thus leaving the Smith Declaration as the only evidence concerning Smith's knowledge and involvement in this matter.
[15] *See also* VAC's Brief in Support of Application for Order to Show Cause [Doc. #204] at 14.

The facts of this case are wholly distinguishable from *American Airlines* and highlight the absurdity of VAC pursing Smith and Reinhold based on the record before this Court. Here, Smith's and Reinhold's lack of personal involvement in the inadvertent production of the McAlexander Rebuttal Report is clear. Smith and Reinhold were not aware that Gruber Hurst had recovered and produced the McAlexander Rebuttal Report in the Litigation in 2010, much less personally or directly involved in the recovery and production. TN App. 17-18 at 115:4-10; 116:10-15; TN App. 32-33 at 292:14-293:1; TN App. 43-45 at ¶¶ 7; 10-16; TN App. 47-48 at ¶¶ 6-11. Gruber Hurst admits Securus/T-NETIX did not provide the McAlexander Rebuttal Report to Gruber Hurst and did not direct Gruber Hurst to produce the McAlexander Rebuttal Report in 2010. TN App. 32-33 at 292:14-293:1. In fact, neither Reinhold nor Smith have ever seen the McAlexander Rebuttal Report. TN App. 17-18 at 115:4-10; 116:10-15; *see* TN App. 43-45 at ¶¶ 7, 10, 12 & 15; TN App. 47-48 at ¶¶ 6-11. In short, VAC has no evidence that Smith and Reinhold were personally involved in, directed, condoned, or were even aware of Gruber Hurst's recovery and production of the McAlexander Rebuttal Report in the Litigation in 2010. Yet, VAC persists.

     *iii.*  *VAC is Improperly Demanding the Securus Respondents Prove a Negative*

    Testimony from VAC's witness, Gruber Hurst's witnesses, and the Securus Respondent's witness, along with even a cursory review of the pre-and post-hearing brief in this matter, lead to one conclusion – VAC cannot meet its evidentiary burden. VAC must present clear and convincing evidence to support a finding of civil contempt against the Securus Respondents. VAC has not presented this Court with one shred of evidence to implicate the Securus Respondents, under any theory of liability. There is nothing in the evidence to even suggest that anyone at Securus or T-NETIX ever had possession of the McAlexander Rebuttal Report. On

the contrary, the evidence clearly establishes that none of the Securus Respondents ever had the McAlexander Rebuttal Report. *Id.* Ignoring its burden, VAC is asking this Court to place the burden on the Securus Respondents to prove a negative – to prove the McAlexander Rebuttal Report is not on the Securus/T-NETIX servers and to prove the Securus Respondents' were not involved with its production. VAC's motivation is transparent as it openly admits in its post-hearing briefing to seeking to "'test' Mr. Reinhold's testimony that Securus/T-Netix 'never' had the document" and reminds the Court that it continues to seek a forensic examination of Securus/T-NETIX computers[16] as part of the relief requested in this proceeding.[17] VAC's approach to this proceeding is procedurally improper and not supported by the results of its initial investigation nor six months of litigation culminating in an eight-plus hour evidentiary hearing.[18] There is simply no evidence to support certification of any facts that would support contempt as to the Securus Respondents. Yet, VAC persists.

**B.     Gruber Hurst's Actions Were Not Authorized**

The evidence before the Court clearly establishes the Securus Respondents did not directly violate the Protective Order. Implicitly acknowledging this, VAC has retreated to the untenable position that Securus and T-NETIX are vicariously liable for Gruber Hurst's missteps with regard to Gruber Hurst's re-acquisition/possession and inadvertent disclosure of the McAlexander Rebuttal Report under a principal/agent theory. Much like the claim of a direct violation of the Protective Order, VAC failed to present clear and convincing evidence that

---

[16] VAC makes much of Mr. Reinhold's testimony that he did not want VAC, a competitor, to come dig through Securus'/T-NETIX's files. Mr. Reinhold's response was more than justified given VAC's total failure to present a single shred of evidence that the Securus Respondents ever had the McAlexander Rebuttal Report.

[17] VAC's Supplemental Brief at 15-16; n 9.

[18] Tellingly, VAC's initial briefing contains only unsubstantiated allegations rooted in supposition and speculation. *See, e.g.,* VAC's Brief in Support of Application to Show Cause [Doc. #204] at 11-12.

Gruber Hurst's actions were authorized, directed by, or ratified by Securus and T-NETIX, and were within the scope of Gruber Hurst's authority as a special agent for Securus and T-NETIX.

1. Gruber Hurst's and Securus/T-NETIX's Relationship is a Principal/Special Agent Relationship

Attorneys are special agents for their clients and their powers and authority are "confined to those necessary to the proper fulfillment of the duties cast upon [the special agent] by [the special agent's] employment, if [the special agent] exceeds his authority, absent ratification, the principal is not bound." *Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex. Civ. App. – Texarkana 1955, writ ref'd n.r.e). As counsel for Securus/T-NETIX in the Combined Litigation and Pinnacle Litigation,[19] Gruber Hurst was granted the special authority and power necessary to litigate those lawsuits. Such authority necessarily included a requirement that Gruber Hurst conduct itself in accord with the law, the rules, and the orders of the court. There was no evidence that such authority included Gruber Hurst inadvertently digging up and producing a document that it had previously represented to all involved had been destroyed more than two years earlier in unrelated and settled litigation.

2. Gruber Hurst's Actions Were Not Authorized by the Securus Respondents

As the movant in this matter, VAC bears the burden of proof on each of the elements of civil contempt. To the extent VAC is relying on a vicarious liability theory as to Securus and T-NETIX, VAC likewise bears the burden of establishing by clear and convincing evidence that Gruber Hurst was acting within the scope of its authority as a special agent of Securus/T-NETIX. VAC cannot meet this burden.

---

[19] The defined terms Combined Litigation and Pinnacle Litigation retain the same meaning herein as in the Response of T-NETIX, Securus, Smith, and Reinhold to [Doc. #202] VAC's Application for Order to Show Cause.

As discussed at length in Gruber Hurst's Post Hearing Brief [Doc. #271] ("Gruber Hurst Brief"),[20] VAC took the position in the April 2008 proceeding before Magistrate Judge Sanderson that Gruber Hurst was not counsel of record for T-NETIX/Securus in the VAC litigation, was not a party to the Protective Order, and was not entitled to see the documents produced pursuant to the Protective Order.[21]   TN App. 4 at 78:16-22.   Magistrate Judge Sanderson agreed with VAC's position – a position VAC stands by today.  *Id.*  Following that hearing, Gruber Hurst confirmed to Securus, T-NETIX, and VAC that it had destroyed all copies of the McAlexander Rebuttal Report.  TN App. 49-50.  VAC presented no evidence that Gruber Hurst consulted the Securus Respondents regarding producing the McAlexander Rebuttal Report in the Combined Litigation and Pinnacle Litigation.  Further, there are no facts to even suggest (or explain why) the Securus Respondents would have authorized production of a document from this case (in which Gruber Hurst was not counsel of record) in unrelated litigation – the Combined Litigation and Pinnacle Litigation.  In fact, VAC presented no evidence, much less clear and convincing evidence, that the Securus Respondents knew that Gruber Hurst had inadvertently maintained a copy of the report.  Therefore, Gruber Hurst exceeded any authority given it by the Securus Respondents, VAC, or Judge Sanderson in inadvertently producing the document in other litigation.  After arguing Gruber Hurst was never authorized to obtain the McAlexander Rebuttal Report and was not permitted to have maintained it through 2010 on behalf of Securus/T-NETIX or any other party, VAC is estopped from arguing that Gruber Hurst's scope of authority for Securus/T-NETIX included Gruber Hurst retrieving a document no one knew that Gruber Hurst had, including Gruber Hurst, and that everyone believed had been

---

[20] The Securus Respondents incorporated Gruber's Brief herein by reference.
[21] *See also* Gruber Hurst's Brief at 6 – 7.

**RESPONSE VAC'S BRIEF ON CERTAIN ISSUES**
**RAISED AT THE FEBRUARY 25, 2013 HEARING**                                        **PAGE 12**

permanently deleted.  Gruber Hurst's actions with respect to the McAlexander Rebuttal Report after April 16, 2008, inadvertent or otherwise, were well outside the authority granted it as counsel for Securus/T-NETIX.

**C.     VAC Cannot Claim the Securus Respondents Are Responsible for Gruber Hurst's Alleged Failure to Destroy the McAlexander Rebuttal Report**

Gruber Hurst, in response to the options offered by Judge Sanderson during the April 16, 2008 hearing, chose not to make an appearance in the matter underlying this proceeding, but instead chose to return, *inter alia*, the McAlexander Rebuttal Report to counsel for Securus and T-NETIX and to delete all electronic copies of the document on its server.  TN App. 21-22 at 196:19-197:1; *see also* TN App. 49-50.  By letter dated April 16, 2008, Gruber Hurst confirmed that it had returned the McAlexander Rebuttal Report and deleted all electronic copies of the document from its server.  TN App. 49-50.  Securus/T-NETIX were informed of Gruber Hurst's decision and subsequent actions regarding return/deletion of the offending documents.  At that point, Gruber Hurst's involvement with the Securus/T-NETIX/VAC litigation then pending in this Court ceased.  The Securus/T-NETIX/VAC litigation case settled a few months later in August 2008

In the Settlement Agreement entered by, *inter alia*, VAC, T-NETIX, and Securus, VAC expressly agreed that all litigation between the parties, including the contempt proceedings that were still ongoing, would be settled.  TN App. 7-9 at 92:13-94:24; TN App. 11-14 at 96:17-97:12; 98:7-99:18; TN App. 65-98.[22]  Additionally, VAC expressly agreed to jointly move the court to expunge the Court's record of all documents, orders, recommendations, minute entries

---

[22] A redacted true and correct copy of the Settlement Agreement and Mutual Release between VAC, T-NETIX, Evercom Systems, Inc., and Securus (the "Settlement Agreement") is being submitted to the Court for inclusion as evidence in the record of the February 25, 2013 hearing contemporaneously with the filing of this Response. *See* T-NETIX's and Securus' Unopposed Submission of Evidence for Inclusion in the Court's Record of the February 25, 2013 Hearing on VAC's Application for Order to Show Cause.

and any document references to anything touching on the contempt proceedings that were pending initially before Judge Sanderson, and that had been appealed to Judge Fitzwater at the time of the settlement.   TN App. 7-9 at 92:13-94:24; TN App. 11-14 at 96:17-97:12; 98:7-99:18.[23]   At the time of the settlement, VAC and the Securus Respondents remained under the impression that the McAlexander Rebuttal Report had, in fact, been deleted from Gruber Hurst's computers. TN App. 43 at ¶ 7.  There was no evidence that VAC took any further action before the settlement was consummated to obtain proof from Gruber Hurst that the document had been deleted.    VAC proceeded with the settlement and Judge Fitzwater did enter an order *permanently sealing* the information from the contempt proceeding. TN App. 58-63. The Court also dismissed the underlying lawsuit with prejudice including the contempt proceedings against the Securus Parties.[24]

Securus and T-NETIX entered the Settlement Agreement, in part, to buy peace with respect to the 2008 contempt allegations.  Despite this, in contravention of the terms of the Settlement Agreement, and in violation of the agreed Sealing Order entered by Judge Fitzwater permanently sealing, *inter alia*, the transcript of the April 2008 contempt hearing and Judge Sanderson's Report and Recommendation, VAC dragged the Securus Respondents back into the fray based almost exclusively on conduct that predated the settlement agreement.  For example, VAC continues to allege in its post-hearing brief:

> Following Judge Sanderson's Report & Recommendation, neither Gruber Hurst, nor Securus/T-Netix, either through Reinhold, Smith, Bell Nunnally, or anyone else – took the lead to make sure the document return and destruction was complete, effective, and in strict compliance with Judge Sanderson's directive at the hearing, and upon which his Report & Recommendation was based.[25]

---

[23] *See also* TN App. 51-57; TN App. 58-63.
[24] TN App. 64.
[25]VAC's Supplemental Brief at 13.

Because VAC released the Securus Respondents from all such conduct or obligations, if any, VAC cannot continue to attack the Securus Respondents on pre-August 2008 conduct after the Court dismissed those issues with prejudice and is in breach of the Settlement Agreement by doing so.

Additionally, VAC cannot pin its allegation that Gruber Hurst made a false representation about the destruction of the McAlexander Rebuttal Report on the Securus Respondents.

First, the Securus Respondents did not make the representation. The representation (*i.e.* Gruber Hurst's letter confirming the destruction of the documents) was made *to* the Securus Respondents not *by* the Securus Respondents.

Second, VAC failed to establish that the Securus Respondents had any ability to "ensure the document return and destruction was complete," as the Securus Respondents were prohibited from looking at the protected documents. It is absurd to suggest that Dennis Reinhold or Rick Smith (who was not even employed with Securus/T-NETIX until June 23, 2008), both of whom were prohibited from seeing the McAlexander Rebuttal Report, should have shown up at Gruber Hurst's offices and personally conducted a forensic sweep of Gruber Hurst's computers. Moreover, it is ridiculous to suggest that any client is not entitled to rely on the representations of its counsel and instead, is required to cross examine counsel, double check, and independently verify every representation made over the course of litigation. Practically speaking, complex litigation, especially the type that involves protective orders that limit client/in-house counsel access, necessarily create a limitation on the decree of permissible and practical client involvement.

Third, even if the representation could be imputed to the Securus Respondents, VAC expressly waived reliance on any such representation in the Settlement Agreement:

> 11.  Understanding of Agreement. . . . The parties also represent that no party has made any representation, other than as expressly set forth herein or in the License Agreement, regarding this Settlement Agreement.

* * *

> 13.  Entire Agreement Between the Parties. The parties hereto agree that this Settlement Agreement, the License Agreement, and the attached exlubits contain the entire agreement between the parties and supersede any and all prior agreements, arrangements or understandings between the parties relating to the subject matter hereof.  No oral understandings, statements or promises contrary to the terms of this Settlement Agreement or License Agreement exist.

TN App. 72.  For all of these reasons, VAC cannot now impute Gruber Hurst's representations to the Securus Respondents.[26]

**D.  Gruber Hurst's Estoppel Argument Applies to the Securus Respondents**

Because VAC wholly failed to establish a direct violation by any of the Securus Respondents, it has retreated to an agency argument at to Securus and T-NETIX.  In short, VAC argues that Securus and T-NETIX are strictly liable for Gruber Hurst's conduct.  Because VAC is judicially estopped from arguing that Gruber Hurst is subject to the Protective Order and, therefore, could not have violated the Protective Order, the Securus Respondents similarly cannot be vicariously liable for Gruber Hurst's conduct.[27]

**E.  VAC Should be Prohibited from Continuing this Action Against the Securus Respondents**

---

[26] To be clear, the Securus Respondents understand they continue to be bound by the Court's Protective Order and very much respect the Protective Order.  However, the specific conduct alleged here (Gruber's representation that the documents had been destroyed) was dismissed with prejudice in 2008 by the Court and released and waived by VAC.

[27] See Gruber Hurst's Brief.

Despite its persistence, VAC simply cannot carry its burden of proof regarding the Securus Respondents. The Securus Respondents were wholly uninvolved and unaware of the events surrounding the 2010 inadvertent disclosure of the McAlexander Rebuttal Report, learned of the disclosure after it had been remedied, and believed the matter had been put to rest. In VAC's original briefing in August/September 2012, VAC leaves the clear impression that the McAlexander Rebuttal Report was still in circulation and was at risk of being disclosed to VAC's competitors. In response to those allegations, the Securus Respondents engaged counsel to work with Gruber Hurst and VAC to assist in whatever way they could to make sure third parties no longer had possession of the McAlexander Rebuttal Report. Counsel for the Securus Respondents also coordinated with Gruber Hurst in offering to allow a neutral third party forensic computer professional (of VAC's choosing and at Gruber Hurst's expense) to examine Gruber Hurst's servers and ensure complete eradication of the McAlexander Rebuttal Report from Gruber Hurst's servers. VAC declined Gruber Hurst's offer and opposed Gruber Hurst's motion to purge the McAlexander Rebuttal Report from its servers.[28]

Over the course of the last six months, it has become clear that the McAlexander Rebuttal Report was not disclosed to any VAC competitor and in fact was clawed back from counsel in the Combined Litigation and Pinnacle Litigation *post haste*. Further, all doubts have been put to rest that the Securus Respondents had absolutely no involvement with the inadvertent production and claw back of the McAlexander Rebuttal Report – facts verified by Gruber Hurst who has assumed total responsibility for the actions complained of by VAC in this proceeding. Despite this, VAC persists.

---

[28] *See* Value-Added Communications, Inc.'s Response to Gruber Hurst Johansen Hail Shank LLP's Motion Seeking Leave to Purge McAlexander Rebuttal Report [Doc. #265].

Civil contempt proceedings are designed to coerce compliance, not to punish.[29]  VAC's refusal to allow Gruber Hurst to give it the very relief it is requesting from this Court, arguably the only "coercive" relief available, is, in a word, telling.  VAC's objective is not to purge the McAlexander Rebuttal Report from Gruber Hurst's system and to ensure the confidential information in the report is not disseminated.  If that were VAC's objective, it would have called Gruber Hurst and/or Securus/T-NETIX when it first learned of the inadvertent production of the document, immediately inquired into the circumstances surrounding the production, and demanded return and destruction of the document at that time; it would have worked with Gruber Hurst to remedy the admitted and inadvertent violation of the Protective Order; and it would have accepted any one of Gruber Hurst's multiple offers to forever purge the document from its servers.  If the sticking point were having a forensic analysis prepared prior to purging the document as has been suggested by VAC, VAC certainly could have suggested that during reasonable negotiations concerning resolving an unfortunate gaff by Gruber Hurst.  VAC made no such suggestion.

Instead, VAC has generated thousands of dollars in unnecessary attorneys' fees purportedly to coerce compliance from respondents who are *not refusing* to comply with the Protective Order.  VAC has not and cannot meet its burden to establish civil contempt by clear and convincing evidence as to the Securus Respondents.  In fact, VAC has not and cannot even demonstrate its satisfied its rule 11 obligations as to its initial allegations against the Securus Respondents and VAC has not and cannot establish any good faith basis to continue to pursue contempt against the Securus Respondents.  VAC should be held to task for its blatant disregard

---

[29] *See* Response of T-NETIX, Securus, Smith, and Reinhold to [Doc. #202] VAC's Application for Order to Show Cause [Doc. #232] at 8-18.

of its obligation to this Court to not pursue frivolous allegations and to abandon allegations made in good faith as soon as it determined the allegations were not supported by the facts.   Despite VAC's utter failure after six months of litigating this issue to present a single fact to the Court supporting its allegations against the Securus Respondents, VAC persists.   The Securus Respondents sincerely and respectfully request they be released from this proceeding without further delay and expense.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**


By:  /s/ Jeffrey S. Lowenstein
Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065

3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

Aubrey "Nick" Pittman
Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC., AND SECURUS TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

On this 8th day of March 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Gwen I. Walraven
Gwen I. Walraven

1212491_1.DOCX