*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D (BK) |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

### SECURUS RESPONDENTS' APPENDIX IN SUPPORT OF THE SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED COMMUNICATIONS, INC.'S BRIEF ON CERTAIN ISSUES RAISED AT THE FEBRUARY 25, 2013 HEARING

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065
**BELL NUNNALLY & MARTIN LLP**
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204
Telephone: (214) 740-1400
Telecopier: (214) 740-1499

Aubrey "Nick" Pittman
Texas Bar No. 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
Telephone: (214) 459-3454
Telecopier: (214) 853-5912

**ATTORNEYS FOR T-NETIX, INC., AND SECURUS TECHNOLOGIES, INC**

# APPENDIX INDEX

In support of the Securus Respondents' Response to Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing, T-NETIX, Inc., Securus Technologies, Inc., Richard A. Smith, and Dennis J. Reinhold submit true and correct copies of the following evidence:

| Exhibit A | Excerpts from the Transcript of the Show Cause Hearing before the Honorable Magistrate Judge Renee Harris Toliver United States District Judge | TN App. 001 – 036 |
|---|---|---|
| Exhibit B | Correspondence to Steven N. Williams from Jeffrey S. Lowenstein dated September 25, 2012 | TN App. 037 – 041 |
| Exhibit C | Declaration of Dennis J. Reinhold | TN App. 042 – 045 |
| Exhibit D | Declaration of Richard A. Smith | TN App. 046 – 048 |
| Exhibit E | Correspondence to Jeff Lowenstein from Eric S. Tautfest dated April 16, 2008 | TN App. 049 – 050 |
| Exhibit F | Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Relate Documents [Exhibit TN 16 in record of February 25, 2013 hearing] | TN App. 051 – 057 |
| Exhibit G | Amended Order Withdrawing and Sealing Motion for Sanctions and Motion to Modify Protective Order and Related Documents, Orders, Minute Entries, and Docket References [Exhibit TN 17 in record of February 25, 2013 hearing] | TN App. 058 – 063 |
| Exhibit H | Order of Dismissal with Prejudice | TN App. 064 |
| Exhibit I | Settlement Agreement and Mutual Release [Exhibit TN 19 in record of February 25, 2013 hearing, pending ruling by Court] | TN App. 065 - 098 |

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:     */s/ Jeffrey S. Lowenstein*
          Jeffrey S. Lowenstein
          Texas Bar No. 24007574
          Gwen I. Walraven
          Texas Bar No. 24047065

3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

          Aubrey "Nick" Pittman
          Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC., AND
SECURUS TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

On this 8th day of March 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Gwen I. Walraven
Gwen I. Walraven

1210160_1.docx/05697.5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | ( | 3:05-CV-0654-D |
| Plaintiff/Counter-Defendant, | ( | |
| | ( | |
| | ( | |
| VERSUS | ( | DALLAS, TEXAS |
| | ( | |
| VALUE-ADDED | ( | |
| COMMUNICATIONS, INC., | ( | |
| Defendant/Counter-Plaintiff, | ( | |
| | ( | |
| VERSUS | ( | |
| | ( | |
| SECURUS TECHNOLOGIES.,INC., | ( | |
| Counter-Defendant | ( | FEBRUARY 25, 2013 |

TRANSCRIPT OF SHOW CAUSE HEARING BEFORE THE HONORABLE

MAGISTRATE JUDGE RENEE HARRIS TOLIVER

UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S:


FOR MOVANT:          DALE A. COOTER
                     Cooter Mangold Deckelbaum & Karas LLP
                     5301 Wisconsin Avenue NW
                     Suite 500
                     Washington, DC 20015
                     202/537-0700
                     efiling@cootermangold.com

                     DONNA S. MANGOLD
                     Cooter Mangold Deckelbaum & Karas LLP
                     5301 Wisconsin Avenue NW
                     Suite 500
                     Washington, DC 20015
                     202/537-0700
                     efiling@cootermangold.com

**EXHIBIT**

**A**

PAMELA J. WILSON, CSR/RMR/CRR
U.S. DISTRICT COURT - 214.662.1557

TN App. 001

FOR MOVANT:

STEVEN N. WILLIAMS
McDole & Williams PC
1700 Pacific Ave
Suite 1280
Dallas, TX 75201
214/979-1122
swilliams@mcdolewilliams.com


KENNETH P. KULA
McDole & Williams PC
1700 Pacific Avenue
Suite 1280
Dallas, TX 75201
214/978-4000
kkula@mcdolewilliams.com


FOR RESPONDENTS:

WILLIAM B. MATEJA
Fish & Richardson
1717 Main St
Suite 5000
Dallas, TX 75201
214/747-5070
mateja@fr.com


A. SHONN BROWN
Gruber Hurst Johansen Hail Shank LLP
1445 Ross Avenue
Suite 2500
Dallas, TX 75202
214/855-6815
sbrown@ghjhlaw.com
JEFFREY S. LOWENSTEIN
Bell Nunnally & Martin LLP
3232 McKinney Ave
Suite 1400
Dallas, TX 75204-2429
214/740-1410
jeffl@bellnunnally.com

TN App. 002

FOR RESPONDENTS:    GWEN I. WALRAVEN
Bell Nunnally & Martin
3232 McKinney Ave
Suite 1400
Dallas, TX 75204-2429
214/740-1484
gwenw@bellnunnally.com


Also present:    JASON COOK


COURT REPORTER:    PAMELA J. WILSON, RMR, CRR
1100 Commerce Street, Room 1535
Dallas, Texas 75242
214.662.1557
pam_wilson@txnd.uscourts.gov

Proceedings reported by mechanical stenography,
transcript produced by computer.

1    talking.  Let's see where we've got to go to.

2        Okay.  So Ms. Clouston we see on page 25, line 25.

3        And then let's flip to page 28.

4        Okay.  So correct me if I read this wrong, that this is

5    what you're telling the court.

6        "In addition, the agreed protective order clearly

7    prohibits providing to anyone other than counsel hired for

8    this case documents that have been designated as counsel eyes

9    only confidential information but they also violated that

10   provision of the protective order by first providing the

11   documents to the Gruber firm who we think from the record

12   were not counsel in this case when they were provided the

13   information."

14       That's your statement to the court; is that correct?

15   A.   Yes, it appears so.

16   Q.   So you're telling the court that basically Gruber Hurst

17   is not a party to the protective order, right?

18   A.   Yes.  That was our position.

19       I think that's -- was the -- where the -- where Judge

20   Sanderson essentially came out in his report as well, given

21   that Gruber Hurst did not formally appear during the course

22   of the hearing before Judge Sanderson.

23   Q.   Okay.  Now, you're aware that Mr. Tautfest actually did

24   sign a confidentiality agreement under the protective order

25   that was -- there's -- there's an example of it.  It's the

```
 1          MR. COOK:  May I have a copy?
 2          MR. LOWENSTEIN:  I made a lot but I didn't make
 3    enough.
 4          THE COURT:  He didn't want to kill those extra
 5    trees.
 6          MS. MANGOLD:  I'm happy to share.
 7    BY MR. LOWENSTEIN:
 8    Q.   I'm handing you 16 and 17 which just continues the
 9    numbering from the Gruber Hurst book.
10          THE COURT:  I guess I would offer 16 and 17.
11          MS. MANGOLD:  No objection, Your Honor.
12          THE COURT:  Mr. Mateja, I assume no objection?
13          MR. MATEJA:  No objection, Your Honor.
14          THE COURT:  Admitted.
15    BY MR. LOWENSTEIN:
16    Q.   I hope you've had a second to review these, but if you
17    need a little more time let me know.
18          Exhibit 16 is an exchange of correspondence between
19    people from my firm or Mr. Pittman and yourself regarding the
20    motions and orders that were going to be submitted to the --
21    to the district court, Judge Fitzwater, to conclude this
22    lawsuit.  Is that correct?
23    A.   It appears so, yes.
24    Q.   And if you'll turn to page 3 --
25    A.   In Exhibit 16?
```

1    Q.   Yes.  One of the things that was included in the package

2    that our firm sent to you was a motion to expunge the records

3    that were involved in the contempt proceedings before Judge

4    Sanderson.  Do you recall that?

5    A.   Yes.

6    Q.   And in your email on page 3 you tell Mr. Pittman, "I

7    will review the draft motion to expunge and proposed order to

8    expunge that Neal --" Mr. Suit "-- sent to me, and get back

9    to you on those tomorrow."

10   A.   Yes.

11   Q.   And Nick is Mr. Nick Pittman from the Pittman law firm?

12   A.   Yes.

13   Q.   And Mr. Pittman's response, which is on page 2 at the

14   bottom -- do you see that?

15   A.   Yes.

16   Q.   In the second paragraph he says, "As to the motion to

17   expunge and proposed order it is our understanding that these

18   documents have been agreed upon by the parties as part of the

19   settlement and we are not at liberty to make any changes to

20   them."

21        Do you see that?

22   A.   Yes, sir.

23   Q.   Okay.  And just so we have a time frame reference, since

24   I hadn't mentioned one, we're on -- we're on August 4th,

25   2008.

1    A.   Yes.

2    Q.   And by that time, when we're having this exchange, the

3    parties had already entered into and signed off on a

4    settlement agreement.  Isn't that correct?

5    A.   I don't recall the exact timing, but we -- we are

6    discussing here that a settlement agreement has been reached

7    on or about this time.  I haven't reviewed the entire

8    exhibit.

9    Q.   Okay.  And in the first page of TN Exhibit 16 in the

10   first sentence you say, "Nick --" and again, that's

11   Mr. Pittman, correct?

12   A.   Yes.

13   Q.   You say, "We have confirmed with our client that the

14   parties agree to the attached joint motions and orders as

15   part of their settlement agreement."  Correct?

16   A.   Correct.

17   Q.   Okay.  And in there is included -- I think it's the --

18   in the package that is T -- TN 16, the third stapled document

19   is called joint agreed motion to withdraw, motion for

20   sanctions, and motion to modify protective order.

21   A.   I'm sorry, hold on one second.

22   Q.   I'm sorry.

23   A.   I think it's my -- okay.  Yes.

24   Q.   Okay.  It's -- for the record it's called joint agreed

25   motion to withdraw, motion for sanctions, and motion to

1    modify protective order and withdraw and expunge related

2    documents.  Do you see that?

3    A.   Yes.

4    Q.   In the first paragraph VAC says that it is hereby

5    withdrawing the motion to enforce, I'm summarizing -- but is

6    that correct?

7    A.   Yes.

8    Q.   And in the second paragraph on the first page of that

9    document it says in the light of the withdrawal of these

10   motions the parties request -- and the parties included VAC,

11   correct?

12   A.   That's correct.

13   Q.   That -- that the court withdraw and/or expunge all

14   motions and documents related to the above-referenced

15   documents, including responses, replied -- replies, minute

16   entries, orders, referring motions to the magistrate judge,

17   appendices and the findings of the magistrate judge.

18   A.   Yes.   You have that correct.

19   Q.   Okay.  So VAC was agreeing in August of 2008 that it was

20   going to file this joint motion where it was withdrawing the

21   motion for contempt and agreeing that the court could expunge

22   or otherwise withdraw all of the documents relating to the

23   underlying contempt proceeding.

24            MS. MANGOLD:  Objection on the grounds that this is

25   an unsigned document.  I don't know what they're agreeing to.

```
 1          THE COURT:  Overruled.
 2          THE WITNESS:  I assume that there's -- the actual
 3  filing in the docket somewhere, but -- and yes, it appears
 4  from this correspondence and my memory is that as part of the
 5  settlement the parties agreed that this was -- this was up on
 6  appeal at the time from your clients and that VAC agreed to
 7  withdraw the pending motion as part of the settlement.
 8          It was up to the court to determine what -- how the
 9  court wanted to proceed.
10  BY MR. LOWENSTEIN:
11  Q.   Okay.  In the -- the documents that we were asking the
12  court to withdraw or expunge from the court's records were
13  detailed in the following pages in that document, correct?
14  A.   I believe so.
15  Q.   And I want to direct you to number 18 in that list,
16  which is on page 3 of that document.  And, again, we're on
17  the jointed agreed motion to withdraw.
18  A.   Yes.
19  Q.   Number 18 is the report and recommendations regarding
20  the motion to enforce, and those were the ones that Judge
21  Sanderson issued.
22  A.   Yes.
23  Q.   Okay.
24  A.   That's one of them, I guess.
25  Q.   And those are recommendations -- that report and
```

1   recommendation is something that's been referenced here on
2   several occasions as somehow relevant to this proceeding,
3   correct?
4   A.   I believe so.  I have had questions about the report and
5   recommendations.
6   Q.   And then --
7            THE COURT:  Excuse me, you had questions about
8   whether they were relevant or --
9            THE WITNESS:  Well, I mean, I assume they were --
10  I -- I've been questioned about the report and
11  recommendations today.
12           THE COURT:  Okay.
13           THE WITNESS:  I'm sorry.
14  BY MR. LOWENSTEIN:
15  Q.   And that report and recommendations was something the
16  parties agreed to have the court withdraw or expunge from the
17  court's record?
18  A.   Well, the -- we did not object to the court expunging or
19  withdrawing it from the record.  It was up to Judge Sanderson
20  and Judge Fitzwater to determine what was appropriate.
21  Q.   You filed a joint agreed motion where you were asking
22  the court that that occur.
23  A.   I believe so, although the one I'm looking at isn't
24  signed, but my recollection is that something -- something
25  was agreed to between the parties and subsequently filed.

1   MR. LOWENSTEIN: Just so we can clear that up, Your
2   Honor, I've got the signed copy.
3   THE COURT: Do you want to substitute that --
4   MR. LOWENSTEIN: I think it's important, because
5   this has the cover correspondence with it, but I'd like to
6   add it as an additional exhibit.
7   May I approach?
8   THE COURT: Yes.
9   BY MR. LOWENSTEIN:
10  Q.   Let's work off Exhibit TN 16 --
11  MR. LOWENSTEIN: I guess I would ask to offer it
12  into evidence.
13  MR. MATEJA: No objection, Your Honor.
14  MS. MANGOLD: No objection.
15  THE COURT: It's admitted.
16  BY MR. LOWENSTEIN:
17  Q.   Flip through that and agree with me that this is the
18  actual document that VAC agreed to be filed with the court in
19  this matter?
20  A.   Yes, it appears to.
21  Q.   And it was document entry 197 in the court's records?
22  A.   Yes.
23  Q.   And, again, just so that we have a clear record, TN
24  Exhibit 18, which is the file motion in the first paragraph
25  says that VAC hereby agrees to withdraw the motion for

1   contempt.  That's shorthand for referring to that.

2   A.   Yes.  I believe so.

3   Q.   Okay.  And in the second paragraph it says the parties

4   request the court withdraw and/or expunge all of those

5   documents that were detailed before when we were talking

6   about Exhibit 16.

7   A.   Yes.

8   Q.   Page 3, number 18 on that list, again, the parties

9   agreed, including VAC, to withdraw the -- have the court

10   withdraw and/or expunge the report and recommendation from

11   Judge Sanderson.

12   A.   Yes.

13   Q.   Okay.  And Exhibit 26 -- and this is going to be a

14   memory test and if you don't remember, you don't remember.

15       Do you recall in -- I'm sorry if I said Exhibit 26.

16       In Exhibit 18, number 26, on page 4, if that's confusing

17   enough, there's a reference to the supplemental appendix to

18   Value-Added Communications' response to T-Netix's objections.

19   Do you see that?

20   A.   I do.

21   Q.   Do you recall that as part of that appendix VAC had

22   filed a copy of the transcript of the proceedings before

23   Judge Sanderson in that supplemental appendix?

24   A.   I -- I don't recall, Mr. Lowenstein.

25   Q.   Okay.  If that's true and the -- and the transcript is

1   attached to that document, then VAC was agreeing to withdraw
2   and/or expunge that exhibit to that supplemental appendix
3   from the court's records?
4   A.   If -- assuming that is true, yes.
5        What the court did, again, was up to this court as to
6   determine what was appropriate.
7   Q.   Okay.  Now, I want you to look at Exhibit 17.
8        And that is the order that Judge Sanderson -- I'm
9   sorry -- Judge Fitzwater entered after TN Exhibit 18 was
10  filed.
11  A.   Yes, it appears so.
12  Q.   And in that order Judge Fitzwater grants the agreed
13  motion to withdraw, motion for sanctions, and motion to
14  modify protective order and withdraw and expunge related
15  documents.
16  A.   Yes.
17  Q.   And the judge signed an order --
18       In the next paragraph it says, "It's ordered that had
19  the following documents, orders, recommendations, minute
20  entries and any document references thereto are hereby
21  withdrawn and are to be permanently sealed."
22       Do you see that at the bottom of the first page of that
23  order?
24  A.   Yes.
25  Q.   And in the very last page of that document, Exhibit 17,

1   you on behalf of VAC agree to the form of that order.

2   A.   Yes.

3   Q.   And going back to page 3 of Exhibit 17, that included

4   sealing and withdrawing number 18, which was the report and

5   recommendation of Judge Sanderson.

6   A.   Value-Added Communications agreed to withdraw its

7   motions.

8        The order was the court order and we agreed that it

9   could be sealed.  It was again not -- it was -- it was not

10  our order to seal, but we did not object to it being sealed.

11  Q.   Well, you did not object, you agreed as to form and

12  content to -- to -- to that order.

13  A.   That -- that is correct.

14  Q.   So all of the discussion of that report and

15  recommendation and the transcript from Judge Sanderson were

16  all subject to Judge Fitzwater's order sealing those

17  documents permanently?

18  A.   Yes.

19  Q.   Just so you understand, Ms. Clouston, because I don't

20  think you were here this morning when we discussed this,

21  today Mr. Mateja is representing the Gruber Hurst firm, I'm

22  representing Securus T-Netix and Mr. Reinhold and Mr. Smith

23  individually.  Do you understand that?

24  A.   Yes.

25  Q.   I've heard some discussion from you about things that

```
1   Gruber Hurst in 2010 provided to Combined Communications or
2   in another lawsuit.
3        You don't have anything in your declaration, you didn't
4   have anything in your testimony and you haven't come forward
5   with any document that shows that anyone within Securus or
6   T-Netix ever had a copy of the McAlexander rebuttal report,
7   do you
8   A.   No.
9   Q.   And you don't have any information that anyone at
10  Securus, anyone at T-Netix, Mr. Smith or Mr. Reinhold ever
11  provided a copy of the McAlexander rebuttal report to anybody
12  in those other lawsuits?
13  A.   I'm sorry, can you repeat the question?
14  Q.   Yes.  Let's talk about the -- I'm going to call them the
15  Securus parties so I can shorthand this.
16       When I'm referring to the Securus parties we've got
17  Securus, T-Netix, Mr. Reinhold, and Mr. Smith.
18  A.   Okay.
19  Q.   I'm going to call those the Securus parties.
20  A.   Okay.
21  Q.   You don't have anything in your declaration or any
22  document or anything in your testimony where you have
23  knowledge that any of the Securus parties provided a copy of
24  the McAlexander rebuttal report to Gruber Hurst.
25  A.   No.
```

1  Q.   And you don't have any knowledge that they encouraged or

2  asked Gruber Hurst to provide that document to anybody in the

3  Combined Communications case or any other lawsuit?

4  A.   No, sir.

5        MR. LOWENSTEIN:  Pass the witness, Your Honor.

6        MS. MANGOLD:  Your Honor, I have nothing further.

7        THE COURT:  Mr. Mateja.

8        MR. MATEJA:  No, Your Honor.

9        THE COURT:  Just before you leave, just so I -- so

10  I can be clear, the -- the agreed motion which was -- became

11  the amended order by -- or was adopted by Judge Fitzwater in

12  his amended order didn't expunge anything, it sealed the

13  docket entries, so that the documents themselves, they exist,

14  they're -- the access to them is limited.

15      So do you believe that that means somehow that the

16  representations made in that -- in those documents that have

17  been sealed are somehow not a part of the record anymore?

18        THE WITNESS:  I believe they are part of the

19  record, Your Honor, and I believe that these -- all of these

20  documents were -- the report itself was public for many

21  months also and it was then thereafter sealed, but all of the

22  parties included here, counsel had copies of the report and

23  recommendations.

24        THE COURT:  So then would you -- would it be your

25  position that the positions that you took back then as VAC's

1  made no search --

2  A.   No, that is not my testimony.

3       You asked if an electronic search was made.

4       We did not have the document. When this issue came up

5  before we knew we did not have the document. I followed up

6  with the Gruber firm. They acknowledged, sent the letter. I

7  saw a copy of the letter regarding the document. We checked

8  our files. At that time and we did not have the document.

9  We still don't have the document. We've never had the

10 document.

11 Q.   Then I guess, if that be so, if the court were to order

12 an outside vendor to make its own independent search, you

13 would have no objection.

14 A.   I would have a huge objection.

15 Q.   Why?

16 A.   Because we're a direct competitor with your client. We

17 will never under any circumstances allow someone to come in

18 and search our data, because there will be extremely harmful

19 competitive information that your client likes to get. So

20 the answer is no we will not allow that.

21 Q.   Even to provide an independent report to the court for

22 its in camera review. Is that your testimony?

23 A.   Yes. That's my testimony.

24 Q.   We know, don't we, sir, that a law firm under your

25 employee -- under your employee (sic) released this

1  confidential document in an unrelated litigation in the
2  Consolidated case and the Pinnacle case?  We know that
3  happened.
4  A.   Well, that's your allegation.  I don't know that
5  happened.  That's your point in this lawsuit, not mine.
6  Q.   Well, have you -- have you read the -- the letters or
7  declarations of Mr. Magee?
8  A.   Yes, I have.
9  Q.   Is it -- having read all of that --
10 A.   It appears that there was some inadvertent disclosure.
11 Q.   I only asked you if they had been produced outside and
12 the answer to that is admittedly yes.
13 A.   I don't have any firsthand knowledge of that as I said
14 before.  We've never had the document, nor have I ever seen
15 the document.  I can only rely upon what the letters say.
16 Q.   Now, and is it so that when that release was made,
17 forget inadvertence/intentional, it was done by law firms
18 employed by Securus and T-Netix?
19 A.   That's certainly your allegation.
20 Q.   Well, it's true, isn't it?
21 A.   I'm not sure.  I believe that the release actually came
22 from Stites & Harbison, but that's just my theory.
23 Q.   You believe what?
24 A.   The document came from Stites & Harbison, which was the
25 former Combined law firm.  But, again, all I know is what

1   lawyers admittedly in the employ of them and their agents and

2   somehow they say because we're not -- we didn't enter our

3   appearance in the case that that's dispositive about whether

4   or not they're bound by the orders.  I'm sorry, Fifth Circuit

5   jurisprudence is directly against them on that point.

6       There's another one, Waffenschmidt versus MacKay, 763

7   F.2d 711 to the same effect.  And the reason, of course, is

8   because if -- it would be bizarre just to treat a protective

9   order as no more than a contract between consenting parties.

10   It is an order of the court to regulate the proceedings of

11   the court.

12       Now, beyond that, we now have Mr. Reinhold testifying

13   that he's in charge of all of these cases and that the

14   lawyers who we've identified are essentially subject to his

15   control and he's subject to Mr. Smith's control.  His hollow

16   undertaking, that we don't know nothing for nothing, is

17   frankly completely at odds with his role in the company and

18   doesn't make any sense.

19       Now, we asked in -- in -- in our pleadings to reopen

20   this case for some limited discovery when the time comes to

21   include an independent expert commissioned by the court to

22   look into these issues.  It's -- we're not bound by the fact

23   that we don't have access to do our own search of those

24   records.  We simply haven't had discovery.

25       THE COURT:  Is there any reason though for that if

1  Gruber Hurst is -- in essence is falling on its sword and is

2  saying it was the source of the --

3          MR. COOTER:  I'm sorry?

4          THE COURT:  Is there any reason for that if Gruber

5  Hurst is in essence falling on its sword and saying they were

6  the --

7          MR. COOTER:  Yes

8          THE COURT:  -- source of the document being --

9          MR. COOTER:  Yes.

10          THE COURT:  What is the reason for that?

11          MR. COOTER:  The problem is that nobody was

12  supposed to have the document.

13          THE COURT:  But Gruber Hurst is admitting it had

14  the document even though it's not supposed to have.

15          MR. COOTER:  Well, you've got two strains on that

16  issue.  You have the earlier affidavit and the exchange of

17  letters -- first of all, you have the representations to the

18  court itself:  It's all gone; it doesn't exist.

19          And then you have the:  If those representations be true

20  or those letters be true, we don't have -- this does not

21  exist; and if they're true then as of 2008 they didn't have

22  them, they didn't exist.

23          Now, we know that in 2011, in connection with other

24  litigation, all of a sudden they exist.  And the -- the

25  falling on your sword part is:  Well, we made a mistake, we

1    Did you have any further statements about having the

2    documents or what you would do with them after the court made

3    that statement on the record?

4    A.   No, I did not.

5    Q.   And why is it that you didn't further talk about what

6    you were going to do with the documents at that point?

7    A.   I wasn't -- I wasn't quite sure what we were going to do

8    at that point.  I was a little taken aback by the fact that

9    he -- the judge was indicating that we were not counsel in

10   the case, given the overlap and coordination of working

11   together though we had done.

12       I also note, I don't know if this means anything, but on

13   the very front of the transcript when I were turning to it

14   just now it also has my name as counsel on the front of it.

15       So I wasn't sure what we were going to do at that point.

16   That's why I didn't say anything.  But I understood what he

17   was saying, I just didn't know what we were going to do

18   Q.   Right.

19       And so you had two choices per Judge Sanderson:  You

20   either were going to enter an appearance of counsel on the

21   record or you were going to return the documents?

22   A.   Yes.

23   Q.   Okay.  And what did you ultimately decide to do?

24   A.   That same day we decided we would go ahead and return

25   the documents to Bell Nunnally and destroy whatever else we

```
 1   had in our possession.
 2   Q.   And as it relates to the Global litigation, once you
 3   returned those documents that you've testified are -- were
 4   responsive to discovery requests in Global, what, if any,
 5   conversations did you have with your opposing counsel in
 6   Global about those very documents that you returned?
 7   A.   So just to keep the timeline straight we had clawed back
 8   those documents much earlier before the hearing that we were
 9   just looking at and the defense counsel in that case were --
10   they understood the issue but they also understood that those
11   materials were discoverable and they wanted copies.  They
12   would respect the provision in the protective order that
13   would allow us to claw back those documents.  And so they --
14   we had a great relationship with all of the defense counsel,
15   so we didn't have any problems getting the documents back and
16   all the defense counsel confirmed that they had deleted 'em,
17   those documents, but they wanted to know when they would be
18   able to get them.
19        And so I told -- I can recall at least one discussion
20   with counsel for ICS, one of the defendants in our -- in the
21   Eastern District case, that we would try to get from VAC
22   redacted copies of the documents and produce those if we
23   could.  Otherwise, the defendants in the Eastern District
24   case would have to subpoena those materials themselves.
25   Q.   And I -- I do want to talk to you about the claw back.
```

```
1    A.    Yes.

2    Q.    Correct?

3    A.    Yes.

4    Q.    Okay.  So you decided that you were going to return the

5    documents, I think we were talking about that.

6          So what actions did you take after the hearing once you

7    made the decision to return the documents?

8    A.    So I met with our team, it was a small number of people

9    at the firm, but principally with Lisa Miller, our paralegal

10   who was assigned to the case, and said, all right, here's

11   what we've got to do, we've got to send back the originals to

12   Bell Nunnally and we've got to get into Summation, get the

13   documents off of there, get them off the system, and round up

14   any copies anybody has and get them and delete them.  And

15   that's -- and so we did that.  And Lisa went in and worked

16   with the IT guy and deleted the -- the documents off of --

17   out of Summation.

18         And so when she reported back to me that it had been

19   done, everything was deleted, and that the originals were

20   packaged up to be sent back before I sent back the letter

21   to -- to Jeff Lowenstein confirming what we had done I pulled

22   up Summation on my computer in my office, did a search for a

23   couple of the documents.  I think there are, you know, a

24   couple of dozen documents listed on that.  I think it's April

25   16 is the date of the letter that I sent to Jeff Lowenstein
```

1    cataloguing the documents that we were sending back, searched

2    for several of those documents, none of them came up.  So I

3    felt sure that they -- that those documents had been deleted

4    from the system, signed the letter, and sent it to Mr.

5    Lowenstein.

6    Q.    You talked about instructions that you gave Lisa Miller,

7    paralegal with Gruber Hurst at the time, to delete the

8    Summation documents.

9    A.    Right.

10   Q.    Do you know exactly what she did to delete those

11   documents or did you just give her that instruction?

12   A.    I don't know exactly what she did because, frankly, I

13   don't know exactly how all that is set up.

14   Q.    All right.  So Lisa would probably be a better person to

15   talk about how she got rid of those documents from Summation?

16   A.    Yes.

17   Q.    All right.  I want to turn your attention to Exhibit 3.

18   We're back in the black binder.

19           MS. BROWN:  And if we could highlight the top part.

20   BY MS. BROWN:

21   Q.    This looks like this is an email from you to several

22   lawyers at Bell Nunnally and some other folks in the cc line;

23   is that correct?

24   A.    Yes.

25   Q.    And this is at 6:00 p.m. on April the 16th, 2008?

1   A.   Shred those.

2   Q.   Then your letter says, "Please be advised that we have

3   deleted the above documents from our database and have

4   destroyed all working copies as well."

5        It's the very last part of Exhibit Number 4.

6   A.   Yes.

7   Q.   And then it's signed by you.

8        Who drafted Exhibit Number 4 for you?

9        Did you draft that yourself?

10  A.   Lisa drafted it.

11  Q.   And the statements that are made in Exhibit 4, those are

12  accurate and correct statements as to actions that you took

13  for folks on behalf of Gruber Hurst to -- on April 16th,

14  2008?

15  A.   Yes.

16  Q.   Is there any doubt in your mind, Mr. Tautfest, that

17  action was taken to delete the documents from the database?

18  A.   No.  Because I went into Summation and confirmed that I

19  could no longer access those documents, just to make sure

20  that they weren't there.

21  Q.   All right.  If you'll turn to Exhibit 5.

22       And Exhibit 5 is a letter from Bell Nunnally to

23  Stephanie Clouston, and it's dated April 17th, 2008.  And

24  that's the day after the hearing, right?

25  A.   Yes.

220

```
 1   witness at this time.
 2           MS. BROWN:  I just have a brief couple of
 3   questions.
 4           MR. LOWENSTEIN:  I don't have any questions.
 5           THE COURT:  Yes, ma'am.
 6           MS. BROWN:  I didn't mean to cut Mr. Lowenstein
 7   out.
 8           MR. LOWENSTEIN:  She just forgot about me.
 9           MS. BROWN:  I'm very selfish that way.  I
10   apologize.
11                   REDIRECT EXAMINATION
12   BY MS. BROWN:
13   Q.   A few questions.
14        Mr. Tautfest, I know you were shown Exhibit 25.  Do you
15   have any personal knowledge regarding how the system worked
16   at Gruber Hurst with respect to the servers?
17   A.   No.
18   Q.   And when you left in July of 2008 did you have any
19   reason to believe that the McAlexander report or any of the
20   other documents that you had instructed to be deleted and
21   that you had returned still existed in any form at Gruber
22   Hurst?
23   A.   I had no idea.
24   Q.   And did you tell anyone when you left that you felt like
25   those documents still existed at Gruber Hurst?
```

```
1    A.    No.
2    Q.    Do you have any reason to tell anybody that you thought
3    they existed?
4    A.    No.  I thought they were -- I thought they were deleted.
5              MS. BROWN:  No further questions, Your Honor.
6              THE COURT:  Mr. Cooter.
7              MR. COOTER:  I don't know if Mr. Lowenstein has
8    anything.
9              THE COURT:  Well, you're next and then him.
10             MR. COOTER:  Okay.  I have nothing either.
11             MR. LOWENSTEIN:  Me either, Your Honor.  Thank you.
12             THE COURT:  You may step down.
13             MS. BROWN:  Your Honor, may Mr. Tautfest be
14   excused?
15             THE COURT:  Yes, ma'am.  I'm assuming no one has
16   any objection to that?
17        No one wants to go past today, right?
18             MR. COOTER:  I want him to sit here all day.  I
19   have no objections.
20                          (Laughter.)
21             THE COURT:  Ms. Brown.
22             MS. BROWN:  Yes.  We now call Lisa Miller to the
23   stand.
24                          (Witness sworn.)
25             THE COURT:  Have a seat.
```

1    A.    Yes.

2    Q.    Were you involved in the claw back of those documents?

3    A.    In what type of involvement?  I mean, I knew we were

4    doing it, yes.

5    Q.    Okay.

6    A.    I took part in a lot of those conversations.

7    Q.    Okay.  Did you attend the hearing before Judge

8    Sanderson?

9    A.    No, ma'am.

10    Q.    So you said you talked to Mr. Tautfest after the hearing

11    before Judge Sanderson.  And what is it that you were

12    instructed to do?

13    A.    He told me that we were going to have to get all the

14    documents out of any working notebooks and on the system and

15    destroy it all.  If there was copies get 'em in the recycle

16    bin so they could be shredded and return -- delete all the

17    electronic copies off the system and then return the

18    originals back to him so that he could prepare a letter and

19    have them returned over to Bell Nunnally.

20    Q.    Okay.  So as to the physical documents, the paper

21    documents in your offices, can you explain to the court what

22    it is that you did to gather up those documents to be

23    returned?

24    A.    Yes.  We had working notebooks for each attorney.  And

25    so I went in their offices and just pulled the expert reports

1   of whatever document list I have.  I put them all in -- I
2   destroyed them in one area where you have a recycle bin and
3   the other ones I took to Eric so he could return the
4   originals.  And then -- do you want me to go on about
5   Summation?
6   Q.   No?
7   A.   Okay.  We had them in notebooks.
8   Q.   Is there any doubt in your mind that you covered the
9   ground to look for those physical documents in the office to
10  be returned?
11  A.   No.  I did that.  I have no doubt.
12  Q.   Who all was working on the case?
13  A.   At that time me, Eric, Michael Lang.  That would be the
14  three main people that was working on it.  I had help here
15  and there.
16  Q.   You had what, I'm sorry?
17  A.   I had help here and there, but . . .
18  Q.   Okay.  So you gathered documents from your files,
19  Mr. Lang's files, and Mr. Tautfest's file?
20  A.   Oh, and Mr. Gruber.  He always had a working notebook,
21  whether he was involved in the meetings he always had a
22  working notebook.  So I went and got it out of his office as
23  well.
24  Q.   Was there anybody else in the Gruber Hurst office that
25  was charged with or involved with collecting the physical

230

1    Q.   And tell me the circumstances of your drafting Exhibit

2    Number 4.

3    A.   I had gotten a list from Eric of what I needed to pull.

4    And so I just prepared the letter form, the cover letter.

5    Q.   And if you can look at page 2.

6            MS. BROWN:   And I want to go to and pull out,

7    Bev, the very last sentence before the signature on page 2 of

8    Exhibit 4.

9    BY MS. BROWN:

10   Q.   And in this document that you drafted it states, "Please

11   be advised that we have deleted the above documents from our

12   database and have destroyed all working copies as well."

13        Did I read that correctly?

14   A.   Yes, ma'am.

15   Q.   Is that a sentence that you wrote in Exhibit Number 4?

16   A.   I did.

17   Q.   At the time you wrote this sentence were you the one

18   that was responsible for deleting the documents from the

19   database?

20   A.   I was.

21   Q.   And destroying all working copies?

22   A.   Yes, ma'am.

23   Q.   Did you have any concern that the statement made in

24   Exhibit Number 4 was not an accurate representation?

25   A.   No, I was not concerned at all.

1    Q.   As you sit here today, knowing the actions that you

2    took, are you confident that you deleted the copies that you

3    knew to exist on the system, the Summation system in the

4    Global case?

5    A.   Yes, ma'am.

6    Q.   And are you confident that you gathered all the physical

7    copies of the documents that were to be returned to Bell

8    Nunnally?

9    A.   Yes, ma'am.

10   Q.   I think -- remind me when you left Gruber Hurst,

11   Ms. Miller?

12   A.   January 2009.

13   Q.   Okay.  January 2009.

14        And when you left Gruber Hurst in 2009 did you have any

15   concern that the McAlexander report or other documents still

16   existed in physical or electronic form at Gruber Hurst?

17   A.   No, ma'am.

18   Q.   Did you communicate to anyone that you thought they

19   might exist at that time?

20   A.   No.

21   Q.   And do you know who worked on the case after you, once

22   you left?

23   A.   No, I do not.

24             MS. BROWN:  Pass the witness.

25             THE COURT:  Mr. Lowenstein, got anything?

```
 1              THE COURT:  Okay.

 2              MR. MATEJA:  Pass the witness, Your Honor.

 3              MR. LOWENSTEIN:  I don't remember the order.

 4         Do I get to go next or does Mr. Cooter?

 5              THE COURT:  If you want to go next.  I was going to

 6    call Mr. Cooter, but if you want to go next.

 7              MR. LOWENSTEIN:  I'll be brief.

 8              THE COURT:  Okay.

 9              MR. LOWENSTEIN:  If I can escape from your jury

10    box, Your Honor.

11                      CROSS EXAMINATION

12    BY MR. LOWENSTEIN:

13    Q.   Mr. Magee, just a few questions.

14         When you were doing this entire document production

15    process in the 2010 time frame, did you receive a copy of the

16    McAlexander rebuttal report from the client, Securus,

17    T-Netix, Mr. Reinhold, Mr. Smith, anyone from within the

18    Securus parties holds?

19    A.   No.

20    Q.   Did you send a copy of it to them?

21    A.   No.

22    Q.   Did anyone from Securus, including Mr. Smith or

23    Mr. Reinhold, ever direct you to produce a copy of the

24    McAlexander rebuttal report to anyone in the litigation you

25    were involved with?
```

1    A.    No.

2              MR. LOWENSTEIN:  Pass the witness

3              MR. COOTER:  I don't know how much time I have.

4        What is your practice here?

5              THE COURT:  Let's see how far we get.

6                      CROSS EXAMINATION

7    BY MR. COOTER:

8    Q.    Sir, it's true, is it not, that at some point you became

9    aware that there was a protective order that had been issued

10   in this case that precluded the dissemination of the

11   McAlexander, whatever the fellow's name, rebuttal report, to

12   anyone other than counsel?

13       You learned that at some point, didn't you?

14   A.    I wouldn't put it quite the way you put it.

15       I was aware that there was a protective order that meant

16   that we shouldn't have given it to Combined --

17   Q.    Said what?

18   A.    There was a protective order that meant we shouldn't

19   have given it to Combined and Pinnacle.  That's what I

20   understood.  So we need to snap it back from them.

21   Q.    Well, and we can agree, can't we, that you did give it

22   to Combined and Pinnacle?

23   A.    Inadvertently.

24   Q.    Gruber?

25   A.    It's Gruber Hurst, actually.

```
1              THE COURT:  So dangling.
2              MR. LOWENSTEIN:  So the Securus parties rest, Your
3    Honor.
4              THE COURT:  Okay.
5              MR. COOTER:  Can we take up just a little
6    housekeeping, while we have you for a few minutes.
7         If I understand what you've instructed us to do -- I
8    just want to make sure that this is what you've instructed us
9    to do, is that you want briefs by us, and the dates that
10   you've said, on essentially two issues, and that is whether
11   or not a contempt can be rendered against Gruber party -- or
12   excuse me, Gruber Hurst as a nonsignatory to the protective
13   order --
14             THE COURT:  Not quite.
15             MR. COOTER:  Not quite.  Okay.  Well, that's why
16   we're trying to clarify.
17             THE COURT:  In my mind the issue is whether or not
18   Gruber -- Gruber Hurst is subject to it, the provisions of a
19   protective order, and taking into consideration in your
20   brief, you know, the facts that were developed here regarding
21   the previous position VAC has taken.
22             MR. COOTER:  And Gruber Hurst, I suppose.
23             THE COURT:  And whether VAC is estopped now from
24   it, since it --
25             MR. COOTER:  All right.
```

```
 1          THE COURT:   -- it would appear at first blush that
 2   a judge relied on those representations, so . . .
 3          MR. COOTER:  Right.  Okay.  She's asking further
 4   clarification, because she's --
 5          THE COURT:  I'm sorry?
 6          MR. COOTER:  My partner is asking further
 7   clarification because she's got to write the brief.
 8          THE COURT:  Got you.
 9          MS. MANGOLD:  Was there a second issue, Your Honor,
10   also about the availability of -- in the order here as to the
11   individuals --
12          MR. COOTER:  Well, not just -- it would be as to
13   Smith, Reinhold and the actual signatories to the agreement,
14   which would be Securus and T-Netix.  I mean, they're on the
15   document.
16       Do you need that briefed?
17          THE COURT:  I mean, I'm prepared to go with -- with
18   what I've heard here, but I know that you hadn't heard that
19   argument before this morning --
20          MR. COOTER:  Right.
21          THE COURT:   -- and so my purpose was to give you
22   an opportunity --
23          MR. COOTER:  Okay.
24          THE COURT:   -- to respond to what was -- what was
25   new.
```

```
 1            MS. MANGOLD:  Thank you, Your Honor.
 2            MR. COOTER:  Thank you.
 3            THE COURT:  And then -- and then I gave until March
 4    8th to respond to any brief that was submitted.
 5            MS. BROWN:  Your Honor, just so it seems like
 6    that's one issue.
 7        And then the second issue had to do with whether a
 8    misrepresentation was made to the court?
 9            THE COURT:  Right.
10            MS. BROWN:  Do we -- you would like briefing on
11    that if we --
12            THE COURT:  I would.  I -- I -- I want to know, I
13    do.  And I think we probably asked enough questions about it
14    that it's probably clear what I was thinking about it.
15        And I know you've put some evidence in, so if you could
16    discuss that as well as what -- if -- any recourse the court
17    might have -- any recourse the court has, if any, that's too
18    many anys, you know what I mean, to possibly impose sanctions
19    for violation of Judge Sanderson's directive.  In his FCR
20    that's what he calls it, a directive.
21            MS. BROWN:  Right.
22            MR. MATEJA:  Your Honor, just, if you don't mind,
23    to that point, I mean, there's no evidence in the record that
24    either Mr. Tautfest or Ms. Miller didn't do what they said
25    that they did.  And I -- I bet you everybody in this
```



JEFFREY S. LOWENSTEIN
TEL: 214.740.1410
FAX: 214.740.5710
JEFFL@BELLNUNNALLY.COM

September 25, 2012

<u>VIA FACSIMILE & EMAIL</u>

Steven N. Williams
McDole & Williams, PC
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201

Re:  Cause No. 3-05-654-D; *T-NETIX, Inc. v. Value-Added Communications, Inc. v. Securus Technologies, Inc.;* In the United States District Court, Northern District of Texas

Mr. Williams:

This firm represents T-NETIX, Inc. ("T-NETIX"), Securus Technologies, Inc. ("Securus"), Richard A. Smith, and Dennis J. Reinhold (collectively, the "Securus Parties") concerning the claims asserted by Value-Added Communications, Inc. ("VAC") in the above-referenced matter, including its request that the Court reopen this cause. We are in receipt of, and have closely analyzed, Value-Added Communications, Inc.'s Brief in Support of Application for Order to Show Cause Why T-NETIX, Inc., Securus Technologies, Inc., Richard A. Smith, Dennis J. Reinhold, and Gruber Hurst Johansen Hail Shank LLP Should Not Be Held in Contempt of Court For Violation of the Court's March 3, 2006 Protective Order (the "Proposed Motion for Contempt") and related filings. Even the most generous analysis of the Proposed Motion for Contempt and the related filings reveals glaring deficiencies, and its alleged support, suggests a violation of Rule 11 of the Federal Rules of Civil Procedure, and constitutes a breach of the settlement agreement entered between the parties.

In 2008, after over four years of contentious litigation, T-NETIX, Securus, and VAC mutually agreed to resolve all of the litigation (including the above-referenced cause) then pending between the parties. The parties agreed to, and did: (1) enter a settlement agreement; (2) dismiss their claims pending against each other in this litigation; and (3) jointly obtain an order withdrawing, expunging, and permanently sealing documents, orders, and recommendations related to the prior dispute regarding the protective order in this cause. Additionally, VAC withdrew its Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief. Now, four years later, in complete disregard for the prior agreements of the parties and the import of the Court's sealing order, VAC has filed a frivolous motion complaining of a purported violation of a protective order that allegedly occurred *over two years ago.*

The significant delay in filing the Proposed Motion for Contempt certainly raises questions regarding VAC's motivation in filing the Proposed Motion for Contempt as well as the

**EXHIBIT**

**B**

TN App. 037



impact, if any, of an improper disclosure. In fact, it is our understanding that VAC's counsel does not believe that there is any information protected by the March 3, 2006, Agreed Protective Order (the "Protective Order") that is actually in the hands of Combined Public Communications, Inc. ("Combined"), but rather that Combined's current outside counsel is in possession of documents that were produced pursuant to the Protective Order in the above-referenced action. In light of the foregoing, VAC's representations to the Court in the Proposed Motion for Contempt that (1) the alleged violation was "exacerbated" by the alleged dissemination of the protected information to "at least one of VAC's competitors" and (2) the suggestion that the information could be used to the competitive disadvantage of VAC are false.

Even more surprising than the filing and timing of the Proposed Motion for Contempt, is VAC's apparent reliance on mere, and ill-founded, supposition as its sole reasonable inquiry supporting the motion. Indeed, the Proposed Motion for Contempt is devoid of any facts that even tend to suggest that the Securus Parties have violated the Protective Order or "directed" the alleged violation of the Protective Order. In fact, the allegations contained in the Proposed Motion for Contempt have come as a complete surprise to the Securus Parties, who: (1) have not seen the McAlexander Rebuttal Report; (2) did not play any part in its production; and (3) believed this matter was resolved in 2008.

As you know, pursuant to the settlement agreement entered by the original parties to this litigation (the "Settlement Agreement"), the Court entered the Amended Order Withdrawing and Sealing Motion for Sanctions and Motion to Modify Protective Order and Related Documents, Orders, Minute Entries, and Docket References on August 8, 2008. VAC also withdrew its Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief. Despite this, in an attempt to provide some support for the baseless accusation that the Securus Parties played any role in any alleged violation of the Protective Order, VAC is re-igniting a dispute involving the Protective Order – a dispute that VAC not only previously agreed to settle, withdraw, and expunge from the Court's record, but a dispute, the resolution of which, resulted in VAC receiving substantial consideration from Securus. Indeed, the only "evidence" relied upon by VAC in the Proposed Motion for Contempt is references to a transcript of the April 16, 2008 hearing and related documents, all of which were *withdrawn* and *permanently sealed* as the result of the Settlement Agreement.

VAC's frivolous attempts to use sealed documents relating to a withdrawn motion in a case that was dismissed with prejudice is a breach of the parties' settlement agreement and further constitutes a violation of Rule 11 of the Federal Rules of Civil Procedure. The Securus Parties have fully performed their obligations under the Settlement Agreement, assuming, perhaps incorrectly, that VAC was likewise complying with its obligations.

Please immediately provide whatever factual information and supporting documents VAC relied on in deciding to file the Proposed Motion for Contempt, including information obtained by counsel in conducting its reasonable inquiry required by Rule 11.

In the absence of proof of a good faith basis for believing that the Securus Parties had some role in the alleged violations of the Protective Order, the Proposed Motion for Contempt



should be withdrawn immediately. In the event a satisfactory response to this correspondence is not received, the Securus Parties will consider their legal options, including addressing VAC's breach of the Settlement Agreement and/or its failure to comply with its Rule 11 obligations. We look forward to your prompt response.

Sincerely,

Jeffrey S. Lowenstein

cc:     Jerry Gibson (via regular mail)

JSL/acs

1064644_1.DOCX/5697.5

## Transmission Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 09-25-2012 | 05:01:39 p.m. | Transmit Header Text | |
| Local ID 1 | 214 740 1486 | | Local Name 1 | |
| Name | JSL to Steven Williams 09-25-12.pdf | | Owner | RuthB |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

**BELLNUNNALLY**

1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204-2429
Telephone: 214.740.1400
Facsimile: 214.740.1401



**FAX COVER SHEET**

DATE: September 25, 2012
C/M#: 5697.5
CASE NAME: T-NETIX Inc. v Value-Added Communications Inc.

| | | | |
|---|---|---|---|
| TO: | Steven N. Williams | COMPANY: | McDole & Williams, PC |
| FAX: | 214.203.0741 | PHONE: | |
| FROM: | Jeffrey S. Lowenstein | DIRECT DIAL: | 214.740.1410 |
| SENDER: | Ruth Brearley | DIRECT DIAL: | 214.740.1458 |

NUMBER OF PAGES (INCLUDING COVER SHEET):

DOCUMENT: Letter of today's date.

COMMENTS: Additional copy to follow via E-Mail: swilliamstom@dolewilliams.com.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE MAY BE PRIVILEGED AND CONFIDENTIAL ATTORNEY INFORMATION AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE HEREBY REQUIRED NOT TO READ THE ATTACHED AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT OUR LETTERHEAD ADDRESS VIA THE UNITED STATES POSTAL SERVICE.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 214.740.1400 IMMEDIATELY.

Total Pages: 4                    Total Pages Confirmed : 4

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 520 | 2142030741 | 04:57:56 p.m. 09-25-2012 | 00:02:57 | 004/004 | 1 | G3 | HS | CP14400 |

**Abbreviations:**

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | CP: Completed | TS: Terminated by system |
| HR: Host receive | PR: Polled remote | RP: Report | FA: Fail | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FF: Fax Forward | TU: Terminated by user | EC: Error Correct |

TN App. 040

## Ruth Brearley

| | |
|---|---|
| From: | Ruth Brearley |
| Sent: | Tuesday, September 25, 2012 5:19 PM |
| To: | 'swilliams@mcdolewilliams.com' |
| Cc: | Jeff Lowenstein; Gwen Walraven; 'amagee@ghjhlaw.com' |
| Subject: | T-NETIX, Inc v Value-Added Communications, Inc. v Securus Technologies, Inc. |
| Attachments: | JSL Letter to Steven Williams 09-25-12.pdf |

*IMANAGED RB*

*#1066539 . 1*

Mr. Williams,

Please see the attached correspondence from Mr. Lowenstein.

Thank you,



Ruth Brearley   |   Assistant to Jeff Lowenstein and Donnie
Wisenbaker
ruthb@bellnunnally.com
Tel 214-740-1458 | Fax 214-740-1499
3232 McKinney Ave. Suite 1400 Dallas, Texas 75204
www.bellnunnally.com

ABOUT US

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of Bell Nunnally & Martin LLP that may be subject to the attorney-client or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq.  If you have received this communication in error, please notify us immediately at our telephone number: (214) 740-1400.

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.
Thank you.

TN App. 041

*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D (BK) |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

## DECLARATION OF DENNIS J. REINHOLD

Before me, the undersigned authority, on this day personally appeared the undersigned affiant, who, being by me duly sworn, stated on oath that:

1.      "My name is Dennis J. Reinhold. I am of sound mind and capable of making this Declaration. I am over the age of twenty-one years. I am competent to testify to the matters contained in this Declaration. Every statement made in this Declaration is made on personal knowledge and is true and correct.

2.      "I am employed as the Vice President, General Counsel and Secretary of Securus Technologies, Inc. ("Securus"). I have been employed by Securus since August 2005.

3.      "In my capacity as Securus' General Counsel, I am, among other things, responsible for managing Securus' legal affairs worldwide, including the hiring and oversight of outside counsel. Gruber Hurst Johnson Hail LLP ("Gruber Hurst") is one of the firms which

1

EXHIBIT

C

exhibitsticker.com

Securus has retained to enforce Securus' and its affiliates', including T-Netix, Inc.'s ("T-NETIX"), patent portfolios.

4.      "Although the above-referenced lawsuit (the "Lawsuit") was commenced before I joined Securus, I am generally aware of the proceedings.

5.      "I am aware that a protective order was issued in the Lawsuit pursuant to which I, among others, was not permitted to access certain information produced by Value-Added Communications, Inc. ("VAC") designated as confidential in the Lawsuit. Consistent with the protective order, neither I nor any other Securus or T-NETIX employee, to my knowledge, accessed or possessed any of VAC's confidential information designated as "counsel eyes only confidential information" or "highly confidential" ("Counsel's Eyes Only Information") produced in the Lawsuit at any point in time.

6.      "In or about April 2008, although I did not attend the hearing, I was aware that a contempt hearing was conducted in this matter relating to, among other things, Gruber Hurst's possession of certain confidential information of VAC's including, certain Counsel's Eyes Only Information subject to the protective order in this case, including an expert rebuttal report prepared by a technical expert T-NETIX retained in connection with the Lawsuit (the "McAlexander Rebuttal Report").

7.      "In or about April 2008, I was made aware that Gruber Hurst had represented to Securus' outside counsel in the Lawsuit and to VAC's counsel that Gruber Hurst had returned and/or destroyed all hard/working copies of VAC's confidential information in its possession and had deleted all electronic copies of VAC's confidential information from its database (including the McAlexander Rebuttal Report). Therefore, I believed that Gruber Hurst no longer possessed any of VAC's confidential information produced in this Lawsuit.

2

TN App. 043

8.   "In or about August 2008, Securus, its affiliate T-NETIX, and VAC negotiated and entered a global settlement of the Lawsuit.   A material part of the consideration for settlement was the resolution of the contempt issues addressed at the April 2008 contempt hearing.   I understood all issues relating to the Lawsuit, including Gruber Hurst's possession of VAC's confidential information, to be resolved upon execution of the settlement agreement.

9.   "On or about August 24, 2012, I was informed of the general allegations made against me, Richard A. Smith, Securus, and T-NETIX related to the McAlexander Rebuttal Report and the protective order in the Lawsuit.

10.   "I have never seen the McAlexander Rebuttal Report.   I have never accessed or possessed the report and have not been informed of the contents of the McAlexander Rebuttal Report.

11.   "Prior to August 24, 2012, within my knowledge, VAC had not contacted Securus, T-NETIX, or any of its outside counsel regarding any alleged improper possession or production of the McAlexander Rebuttal Report.

12.   "I am aware that Gruber Hurst apparently accidentally produced the McAlexander Rebuttal Report in other litigation in which Gruber Hurst is representing Securus in 2010.  I have no knowledge of how this happened, as my understanding was that in or around April 2008 Gruber Hurst had returned and/or destroyed all copies of VAC's confidential information produced in the Lawsuit in Gruber Hurst's possession.

13.   "To my knowledge, no one at Securus or T-NETIX ever saw or possessed the McAlexander Rebuttal Report.  To my knowledge, no one at Securus or T-NETIX was ever informed of the contents of the McAlexander Rebuttal Report.

TN App. 044

14.   Gruber Hurst did not receive any of VAC's confidential information from Securus, T-NETIX, or me.

15.   "I did not direct, participate in, or acquiesce to Gruber Hurst's re-acquisition, retention, or dissemination of documents subject to the protective order in the Lawsuit.  Gruber Hurst did not consult with me prior to producing documents subject to the protective order in the Lawsuit in other litigation.

16.   "In fact, no one at Securus or T-NETIX participated, directed, authorized, or acquiesced to Gruber Hurst's re-acquisition, retention, dissemination, or production of documents subject to the protective order in the Lawsuit.

17.   "I declare under penalty of perjury that the foregoing is true and correct."

Executed on November _30_ 2012.

_____
DENNIS J. REINHOLD

1104447

4

*TO BE FILED UNDER SEAL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D (BK) |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
| **Defendant/Counter-Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| **Counter-Defendant.** | § | |

## DECLARATION OF RICHARD A. SMITH

Before me, the undersigned authority, on this day personally appeared the undersigned affiant, who, being by me duly sworn, stated on oath that:

1.      "My name is Richard A. Smith ("Smith"). I am of sound mind and capable of making this Declaration. I am over the age of twenty-one years. I am competent to testify to the matters contained in this Declaration. Every statement made in this Declaration is made on personal knowledge and is true and correct.

2.      "I am employed as the President and Chief Executive Officer of Securus Technologies, Inc. ("Securus"). Securus is a supplier of detainee communications and information management solutions, serving approximately 2,200 corrections facilities and over 850,000 inmates nationwide. I have been employed at Securus since June 2008.

1

**EXHIBIT**

**D**

TN App. 046

3.     "In my capacity as President and CEO, I am responsible for managing the business affairs of Securus, including the development and implementation of strategic business and operational plans, identifying acquisition and merger opportunities, and general oversight of company operations and corporate officers.

4.     "Although I am generally aware of Securus' efforts to enforce its patent portfolio and other litigation, I am not personally or directly involved in litigation.  Rather, I delegate responsibility for managing legal affairs to Dennis J. Reinhold, Securus' Vice President, General Counsel and Secretary.

5.     "I have been made generally aware of the allegations asserted against me in the above-referenced lawsuit (the "Lawsuit") and understand that the allegations relate to a rebuttal expert report prepared by a technical expert retained by T-Netix, Inc. in connection with the Lawsuit (the "McAlexander Rebuttal Report") and the protective order in the Lawsuit.

6.     "I have never accessed or been in possession of any confidential business information produced by VAC in the Lawsuit, including the McAlexander Rebuttal Report.  In fact, I have never accessed, possessed, or even seen any documents produced by VAC in the Lawsuit, including the McAlexander Rebuttal Report.  I have never been informed of the contents of the McAlexander Rebuttal Report.

7.     "Until I was named as a respondent in this proceeding, I was not aware of any dispute regarding the handling of VAC's confidential information, subsequent to 2008.

8.     "I did not direct, participate in, or acquiesce to Gruber Hurst's re-acquisition, retention, or dissemination of documents subject to the protective order in the Lawsuit.  Gruber Hurst did not consult with me prior to producing documents subject to the protective order in the Lawsuit in other litigation.

2

9.     "I have not directed, consented to or participated in any document production undertaken by Gruber Hurst on behalf of Securus.

10.     "Gruber Hurst did not receive any of VAC's confidential information from me.

11.     "Gruber Hurst has never consulted with me prior to producing documents in any litigation in which Gruber Hurst represented Securus or any of its affiliates.

12.     "I declare under penalty of perjury that the foregoing is true and correct."

Executed on November 20, 2012.

_____
Richard A. Smith

110445

3

TN App. 048

# GRUBER | HURST | JOHANSEN | HAIL

Eric S. Tautfest
Direct: 214.855.6873
etautfest@ghjhlaw.com

Gruber Hurst Johansen & Hail LLP
Attorneys I Counselors
1445 Ross Avenue I Suite 2500
Dallas Texas 75202
214.855.6800 main
214.855.6808 fax

April 16, 2008

**_Via Hand Delivery_**
Jeff Lowenstein Esq.
Bell Nunnally & Martin, L.L.P.
3232 McKinney Ave., Suite 1400
Dallas, Texas 75204-2429

      Re:    *T-Netix, Inc., and Evercom Systems, Inc. v. Global Tel*Link Corporation, et al;
Civil Action No. 2-06cv-426-TJW*

Dear Jeff:

      Pursuant to Judge Sanderson's order today from the bench, enclosed please find all documents in our possession that were received from your office regarding the VAC case.

1)     Expert Report of Melvin R. Mercer regarding invalidity claims;
2)     Rebuttal Expert Report of Joseph C. McAlexander regarding validity of claims;
3)     Supplemental Expert Report of Melvin R. Mercer regarding invalidity claims;
4)     Expert Report of Joseph C. McAlexander regarding infringement;
5)     Rebuttal Expert Report of Melvin R. Mercer regarding non-infringement;
6)     Preliminary Expert Report of Bruce L. Blacker regarding damages;
7)     Expert Report of Sanford E. Warren, Jr. regarding attorneys fees;
8)     T-Netix's Initial Disclosures;
9)     T-Netix's Answers to Defendant VAC's First Set of Interrogatories to Plaintiff;
10)    T-Netix's Answers to Defendant VAC's First Set of Requests for Documents and Things to Plaintiff;
11)    T-Netix's Response to Defendant VAC's Second Set of Interrogatories to Plaintiff;
12)    T-Netix's Response to Defendant VAC's Second Set of Requests for Production of Documents and Things to Plaintiff;
13)    Securus' Response to Defendant VAC's First Set of Requests for Production of Documents and Things to Counter-Defendant;
14)    T-Netix's Response to VAC's Third Set of Requests for Production of Documents and Things;
15)    T-Netix's Supplemental Rule 26(a)(1) Initial Disclosures;
16)    VAC's Initial Disclosure Statement;
17)    VAC's Responses to Plaintiff's First Request for Production of Documents;

**EXHIBIT**

**E**

TN App. 049

Jeff Lowenstein Esq.
April 16, 2008
Page 2

18)     VAC's Responses to Plaintiff T-Netix's First Set of Interrogatories;
19)     VAC's Answers and Objections to T-Netix's Second Set of Interrogatories;
20)     VAC's Supplemental Rule 26(a) Disclosures; and
21)     VAC's Second Supplemental Rule 26(a) Disclosures.

Please be advised that we have deleted the above documents from our database and have destroyed all working copies as well.

Sincerely,

Eric S. Tautfest

EST/dmp
Enclosures

TN App. 050

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | Case No. 3:05-CV-0654-D |
| | § | |
| v. | § | |
| | § | |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

## JOINT AGREED MOTION TO WITHDRAW MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS

T-NETIX, Inc. ("T-NETIX"), Plaintiff and Counter-Defendant, Securus Technologies, Inc., Counter-Defendant, and Value-Added Communications, Inc. ("VAC"), Defendant and Counter-Plaintiff (together the "Parties"), hereby withdraw: (1) VAC's Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief (Docket No. 155) and (2) T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117).

In light of the withdrawal of these Motions, the parties request that the Court withdraw and/or expunge all motions and documents related to the above-referenced documents, including responses, replies, minute entries, orders referring motions to the Magistrate Judge, appendices, and the findings of the Magistrate Judge. The documents to be withdrawn and/or expunged include:

JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                                    PAGE 1

EXHIBIT

F

exhibitsticker.com

TN App. 051

(1)     T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117);

(2)     Appendix 1 - 26 to Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations and Brief in Support (Docket No. 118);

(3)     Order of Reference to Judge Sanderson Referring Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 120);

(4)     Motion to Seal Document Brief in Opposition to T-NETIX Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations by Value Added Communications Inc. (Docket No. 134);

(5)     VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(6)     Appendix to VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(7)     T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(8)     Appendix to T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(9)     Motion to File Under Seal Its Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 154);

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR**
**SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER**
**AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **PAGE 2**

(10)    Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 155);

(11)    Appendix to Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(12)    Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(13)    Order and Order of Reference Referring Motion for Sanctions filed by Value Added Communications Inc to Judge Wm F Sanderson, Jr. (Docket No. 156);

(14)    T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(15)    Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(16)    Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(17)    Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr. Hearing held on 4/16/08 re Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 183);

(18)    Report And Recommendations re: Motion to Enforce The Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief filed by Value Added Communications Inc. (Docket No. 184);

JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                    PAGE 3

TN App. 053

(19)   Order denying Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 185);

(20)   T-NETIX, Inc.'s Objections To Report And Recommendation Of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(21)   Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(22)   T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(23)   Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(24)   VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

(25)   VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(26)   Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(27)   T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

(28)   T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR**
**SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER**
**AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **PAGE 4**

(29)   Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

## PRAYER

The Parties request that the Court allow the parties to withdraw VAC's Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief (Docket No. and T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations, and that the Court withdraw and/or expunge all related documents, including:

1.   Docket Nos. 117, 118, 120, 134, 154, 155, 156, 183, 184, and 185;

2.   T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

3.   Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

4.   Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

5.   T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

6.   Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                                    **PAGE 5**

7.      T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

8.      Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

9.      VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

10.     VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal);

11.     Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal);

12.     T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

13.     T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

14.     Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

Respectfully submitted,

**THE PITTMAN LAW FIRM, P.C.**

By: /s/ Aubrey "Nick" Pittman
    Aubrey "Nick" Pittman
    Texas Bar No. 16049750

The Pittman Law Firm
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:   (214) 459-3454
Facsimile:   (214) 853-5912

and

**BELL NUNNALLY & MARTIN LLP**

By: /s/ Jeffrey S. Lowenstein
    Jeffrey S. Lowenstein
    Texas Bar No. 24007574
    Neal J. Suit
    Texas Bar No. 24041988

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone:   (214) 740-1400
Facsimile:   (214) 740-1499

**ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT**

and

**JONES DAY**

By: /s/ Stephanie D. Clouston
    Stephanie D. Clouston
    Texas Bar No. 24002688

2727 N. Harwood Street
Dallas, Texas 75201
Telephone:   (214) 220-3939
Facsimile:   (214) 969-5100

**ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF**

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**        **PAGE 7**

TN App. 057

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | Case No. 3:05-CV-0654-D |
| | § | |
| v. | § | |
| | § | |
| VALUE-ADDED | § | SEALED ORDER |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS
AND MOTION TO MODIFY PROTECTIVE ORDER AND RELATED
DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES

Came on for consideration T-NETIX, Inc. ("T-NETIX"), Plaintiff and Counter-Defendant, Securus Technologies, Inc., Counter-Defendant, and Value-Added Communications, Inc. ("VAC"), Defendant and Counter-Plaintiff (together the "Parties") Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents (the "Motion"). The Court, having considered the Motion and the pleadings hereby GRANTS the Motion as follows. It is, therefore,

.ORDERED that the Parties' Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents is hereby GRANTED. It is further

ORDERED that the following documents, orders, recommendations, minute entries, and any docket references thereto are hereby withdrawn and are to be permanently SEALED:

AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS
AND MOTION TO MODIFY PROTECTIVE ORDER AND SEAL RELATED
DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES     Page 1



EXHIBIT
G

(1)    T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117);

(2)    Appendix 1 - 26 to Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations and Brief in Support (Docket No. 118);

(3)    Order of Reference to Judge Sanderson Referring Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 120);

(4)    Motion to Seal Document Brief in Opposition to T-NETIX Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations by Value Added Communications Inc. (Docket No. 134);

(5)    VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(6)    Appendix to VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(7)    T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(8)    Appendix to T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(9)    Motion to File Under Seal Its Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 154);

**AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER AND SEAL RELATED DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES   Page 2**

(10)    Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 155);

(11)    Appendix to Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(12)    Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(13)    Order and Order of Reference Referring Motion for Sanctions filed by Value Added Communications Inc to Judge Wm F Sanderson, Jr. (Docket No. 156);

(14)    T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(15)    Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(16)    Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(17)    Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr. Hearing held on 4/16/08 re Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 183);

(18)    Report And Recommendations re: Motion to Enforce The Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief filed by Value Added Communications Inc. (Docket No. 184);

AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS
AND MOTION TO MODIFY PROTECTIVE ORDER AND SEAL RELATED
DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES    Page 3

TN App. 060

(19)    Order denying Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 185);

(20)    T-NETIX, Inc.'s Objections To Report And Recommendation Of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(21)    Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(22)    T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(23)    Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(24)    VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

(25)    VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(26)    Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(27)    T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

(28)    T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

**AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER AND SEAL RELATED DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES    Page 4**

(29)    Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal). It is further

**ORDERED** that the following additional Motion and Order are to be permanently **SEALED:**

(1)    The Parties' Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents (Docket No. 197); and

(2)    This Amended Order Withdrawing and Sealing Motion for Sanctions and Motion to Modify Protective Order and Related Documents, Orders, Minute Entries, and Docket References.

**SIGNED** this the ___8th___ day of August, 2008.


                                        Chief  **JUDGE PRESIDING**

**AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS
AND MOTION TO MODIFY PROTECTIVE ORDER AND SEAL RELATED
DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES    Page 5**

**AGREED AS TO FORM AND CONTENT:**

**THE PITTMAN LAW FIRM, P.C.**

By: /s/ Aubrey "Nick" Pittman _____
     Aubrey "Nick" Pittman
     Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone: (214) 459-3454
Facsimile: (214) 853-5912

and

**BELL NUNNALLY & MARTIN LLP**

By: /s/ Jeffrey S. Lowenstein _____
     Jeffrey S. Lowenstein
     Texas Bar No. 24007574
     Neal J. Suit
     Texas Bar No. 24041988

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

**ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT**

and

**JONES DAY**

By: /s/ Stephanie D. Clouston _____
     Stephanie D. Clouston
     Texas Bar No. 24002688

2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

**ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF**

Amended Order Granting Joint Agreed Motion to Withdraw Motion for Sanctions Motion.DOC

**AMENDED ORDER WITHDRAWING AND SEALING MOTION FOR SANCTIONS
AND MOTION TO MODIFY PROTECTIVE ORDER AND SEAL RELATED
DOCUMENTS, ORDERS, MINUTE ENTRIES, AND DOCKET REFERENCES   Page 6**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| T-NETIX, INC.,<br><br>       Plaintiff/Counter-Defendant,<br><br>v.<br><br>VALUE-ADDED<br>COMMUNICATIONS, INC.,<br><br>       Defendant/Counter-Plaintiff,<br><br>v.<br><br>SECURUS TECHNOLOGIES, INC.,<br><br>       Counter-Defendant. | Case No. 3:05-cv-0654-D<br><br><br>__ORDER OF DISMISSAL WITH__<br>__PREJUDICE__ |

Before the Court for consideration is Plaintiff/Counter-Defendant T-NETIX, Inc.

("T-NETIX"), Defendant/Counter-Plaintiff Value-Added Communications, Inc. ("VAC"), and

Counter-Defendant Securus Technologies, Inc.'s ("SECURUS") Joint Agreed Motion to Dismiss.

The Court, having considered the motion hereby ORDERS that all claims in this case are

dismissed with prejudice, with each party bearing its own costs.

So ORDERED and SIGNED this 6th_ day of __August__, 2008.

_Sidney A. Fitzwater_
HON. SIDNEY A. FITZWATER
UNITED STATES CHIEF
DISTRICT JUDGE

**EXHIBIT**

**H**

TN App. 064

## CAUSE NO. 03-11399-B

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFF/COUNTER-DEFENDANT, | § § § | |
| V. | § | DALLAS COUNTY, TEXAS |
| T-NETIX, INC., | § § § | |
| DEFENDANT/COUNTER-PLAINTIFF. | § | 68TH JUDICIAL DISTRICT |

## CAUSE NO. 08-06254

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFF/COUNTER-DEFENDANT, | § § § | |
| V. | § | DALLAS COUNTY, TEXAS |
| T-NETIX, INC., | § § § | |
| DEFENDANT/COUNTER-PLAINTIFF. | § | 68TH JUDICIAL DISTRICT |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC. AND SECURUS TECHNOLOGIES, INC. | § § | |
| PLAINTIFFS/COUNTER-DEFENDANTS, | § § § | |

SETTLEMENT AGREEMENT AND MUTUAL RELEASE
009247.0100\486115.02

**EXHIBIT**

**I**

Page 1

TN App. 065

V.                                          §   CIVIL ACTION NO.: 3:05-CV-0654-
                                            §   D
VALUE-ADDED COMMUNICATIONS,                 §
INC.,                                       §
                                            §
DEFENDANT/COUNTER-PLAINTIFF                 §

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

T-NETIX, INC. AND                           §
EVERCOM SYSTEMS, INC.,                       §
                                            §
    PLAINTIFFS,                            §
                                            §
V.                                          §   CIVIL ACTION NO.: 2:06 CV 00426-
                                            §   TJW
GLOBAL TEL*LINK CORPORATION;                §
INMATE CALLING SOLUTIONS, LLC;              §
FSH COMMUNICATIONS, LLC; AND                §
AGM TELECOM CORPORATION,                    §
                                            §
    DEFENDANTS                             §

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Settlement Agreement") is entered into and made effective as of July 1, 2008 (the "Effective Date") by and among SECURUS Technologies, Inc. ("SECURUS"), T-NETIX, Inc. ("T-NETIX") and EVERCOM Systems Inc. ("EVERCOM") (SECURUS, T-NETIX, EVERCOM, and their Affiliates, together, the " SECURUS GROUP") and Value-Added Communications, Inc. ("VAC"). As used in this Settlement Agreement, "Affiliate" means a parent or wholly-owned subsidiary.

### I. RECITALS

1.    On October 24, 2003, VAC filed suit in Dallas County, Texas against T-NETIX related to disputes under a Patent License Agreement entered into on or about August 20, 1996 between VAC and T-NETIX's predecessor company, Gateway Communications, Inc. (the "1996 License Agreement"), in a suit currently styled *Value-Added Communications, Inc. v. T-NETIX, Inc.*, Cause No. 03-11399-B, pending in the 68th Judicial District Court of Dallas County, Texas (the "State Lawsuit"). VAC filed declaratory judgment claims in the State Lawsuit requesting declarations as to the interpretation of and the parties' rights and

TN App. 066

obligations under the royalty, audit, survival, and improvements and additions provisions of the 1996 License Agreement; a declaration that it had not breached the 1996 License Agreement; a declaration that it had always fully complied with the 1996 License Agreement; a declaration that the 1996 License Agreement remains in full force and effect; and a claim for reformation of the grant and confidentiality provisions of the 1996 License Agreement. VAC also alleged breach of contract claims against T-NETIX for its alleged wrongful terminations of the 1996 License Agreement and for breach of the improvements and addition provision of the 1996 License Agreement for T-NETIX's failure to license VAC to alleged improvements or additions made by T-NETIX to the Licensed Patents under the 1996 License Agreement. VAC requested damages for the breach of contract claims, asserted claims for off-set, specific performance by T-NETIX, and recovery of its attorneys' fees and costs. T-NETIX further sent notice of breach and termination letters to VAC and filed certain claims in the State Lawsuit for declaratory judgment actions of the meaning of the 1996 License Agreement; reformation of the royalty and audit provisions of the 1996 License Agreement; alleged that VAC failed to pay certain monies due under the prior patent license agreement entered into between VAC and Intellicall, Inc. and Gateway Technologies, Inc. on or about September 1993; alleged that VAC breached the 1996 License Agreement for failure to pay royalties and past due interest and failure to provide royalty reports; alleged that VAC breached the 1996 License Agreement for failure to assign to T-NETIX VAC's U.S. patent no. 7,333,798, VAC's pending patent applications serial nos. 10,893,575, 11,371,641, 12,002,507, 10,832,987, 10,851,675, 10,996,795, 11,045,589, 11,045,590, VAC's V-Connect software, products and technology, VAC's Account Recharge IVR technology, VAC's Account Set-Up IVR technology, VAC's System 100 and Focus 100 call processing platforms, software, products, and technology, and other alleged technology, inventions, trade secrets, and intellectual property developed by VAC that were claimed to be improvements or additions to the T-NETIX patents under Section 5.1 of the 1996 License Agreement; and alleged that VAC breached the 1996 License Agreement for failure to properly mark VAC's products, failure to comply with the audit and books and records provisions of the 1996 License Agreement, and failure to comply with the post-termination and survival obligations of the 1996 License Agreement. T-NETIX further asserted claims against VAC and Stephen Hodge, Kermit Heaton, David Woody, and Jerry Gibson and other VAC employees (the "VAC Individual Defendants"), officers, directors, and other alleged sub-contractors who had participated in developing VAC's inventions and intellectual property for conversion, constructive trust, tortious interference with contract, and specific performance of contract. T-NETIX requested general, actual, and special damages, including royalties, interest on royalties, lost profits, lost cost savings, lost revenue enhancements, benefit of the bargain damages, incidental, consequential, and post-termination damages, attorneys' fees and costs, a declaration that the 1996 License Agreement was properly terminated, specific performance by VAC and its employees, and other equitable remedies. All among other assertions filed by the parties in the case.

3.   On April 4, 2005, T-NETIX filed a federal lawsuit against VAC in a case styled *T-NETIX, Inc. and SECURUS Technologies, Inc. v. Value-Added Communications, Inc.*, Civil Action No. 3:05-CV-0654-D, pending in the United States District Court for the Northern District of Texas, Dallas Division (the "Federal Lawsuit"). T-NETIX asserted claims of patent infringement against VAC, alleging that VAC infringed certain United States patents owned by T-NETIX—U.S. patent no. 5,319,702 (the "Kitchin Patent"), and U.S. patent nos. 5,655,013, 6,560,323, and 6,920,209 (the "Gainsboro Patents"). T-NETIX alleged damages, attorneys' fees and costs, and requested an injunction to prevent VAC from using the Kitchin Patent and Gainsboro Patents. VAC denied that its products infringe the Kitchin and Gainsboro Patents and asserted counterclaims against T-NETIX requesting a declaratory judgment that none of its products infringe the Kitchin and Gainsboro Patents and that the Kitchin and Gainsboro Patents are invalid.

4.   On December 28, 2007, VAC filed a motion entitled, "Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief" (the "Sanctions Motion")

6.  No statement set forth above is intended to be or should be construed as an acknowledgement or representation by either party of any assertion, claim, or position made or taken in the Litigation or the Eastern District of Texas Lawsuit.

7.  T-NETIX, EVERCOM, SECURUS Technologies, Inc., and VAC have pursued discussions concerning the possible resolution of the claims involved in the Litigation, and to avoid further incurring the risks, mutual inconvenience and expenses of the Litigation and, as a result of such discussions, have reached mutually agreeable terms for the resolution of all such claims arising out of the Litigation as fully set forth in this Settlement Agreement and the Patent License Agreement.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual promises and covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties to this Settlement Agreement, it is hereby agreed as follows:

## II. <u>AGREEMENTS</u>

6.  **Dismissal of Litigation.**  Upon execution of the License Agreement, the parties will dismiss, with prejudice, their claims against each other in the Litigation and against the VAC Individual Defendants, with all costs and attorneys' fees to be taxed against each party incurring same.  In addition, T-NETIX and SECURUS will dismiss, without prejudice, their claims against FSH Communications LLC ("FSH"), to the extent any such claim is based upon or results from FSH utilizing any VAC products or equipment, with all costs and attorneys' fees to be taxed against each party incurring same. The mutually agreed upon terms of the dismissal documents are attached hereto as Exhibit "B".  The parties further agree to file a joint motion to withdraw and expunge the Sanctions Motion (and the Magistrates recommendation in relation thereto).  The mutually agreed upon terms of such motion to withdraw and expunge are attached hereto as Exhibit "C".

11. **Understanding of Agreement.** The parties represent that they have read this Settlement Agreement prior to its execution and have discussed it with their respective counsel and fully understand it. The parties also represent that no party has made any representation, other than as expressly set forth herein or in the License Agreement, regarding this Settlement Agreement. The parties also understand that full compliance with the License Agreement will result in a full, final and complete release of all of their claims or potential claims against one another.

12. **No Admissions.** The parties to this Settlement Agreement acknowledge that this Settlement Agreement is entered into for the purpose of settling vigorously contested claims and to avoid the expense and inconvenience of further litigation over these disputed claims. No agreement, statement, representation, and/or warranty contained in this Settlement Agreement is intended to be or should be construed as an admission of fault or liability by any party.

13. **Entire Agreement Between the Parties.** The parties hereto agree that this Settlement Agreement, the License Agreement, and the attached exhibits contain the entire agreement between the parties and supersede any and all prior agreements, arrangements or understandings between the parties relating to the subject matter hereof. No oral understandings, statements or promises contrary to the terms of this Settlement Agreement or License Agreement exist. This Settlement Agreement may be amended, supplemented, or modified only by written instrument signed by the parties.

14. **Construction.** This Settlement Agreement shall be construed without regard to which party drafted it, and it shall be interpreted as if all parties participated equally in drafting the Settlement Agreement.

16.   <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas. This Agreement is made and is to be performed in the City of Dallas, Dallas County, Texas, and the courts of Dallas County, Texas shall have sole and exclusive venue and jurisdiction over any disputes concerning this Settlement Agreement.

**T-NETIX, INC.**
**SECURUS TECHNOLOGIES, INC.**
**EVERCOM SYSTEMS, INC.**

By: _____

Printed Name: Richard A. Smith

Title: CEO and President

Date: August 1, 2008


**VALUE-ADDED COMMUNICATIONS, INC.**

By: _____

Printed Name: Jerry D. Gibson

Title: Chairman and CEO

Date: August 1, 2008

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**
009247.0100\486115.02

TN App. 075

# EXHIBIT A
# REMOVED

# FIRST
# EXHIBIT B
# REMOVED

## EXHIBIT "B"
## DISMISSAL DOCUMENTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| Plaintiff/Counter-Defendant, | § | Case No. 3:05-CV-0654-D |
| | § | |
| v. | § | |
| | § | |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

JOINT AGREED MOTION TO WITHDRAW MOTION FOR SANCTIONS
AND MOTION TO MODIFY PROTECTIVE ORDER AND
WITHDRAW AND EXPUNGE RELATED DOCUMENTS

T-NETIX, Inc. ("T-NETIX"), Plaintiff and Counter-Defendant, Securus Technologies,

Inc., Counter-Defendant, and Value-Added Communications, Inc. ("VAC"), Defendant and

Counter-Plaintiff (together the "Parties"), hereby withdraw: (1) VAC's Motion to Enforce the

Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief (Docket No. 155)

and (2) T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added

Communications, Inc.'s Confidentiality Designations (Docket No. 117).

In light of the withdrawal of these Motions, the parties request that the Court withdraw

and/or expunge all motions and documents related to the above-referenced documents, including

responses, replies, minute entries, orders referring motions to the Magistrate Judge, appendices,

and the findings of the Magistrate Judge. The documents to be withdrawn and/or expunged

include:

JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                    PAGE 1

(1).... T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117);

(2)   Appendix 1 - 26 to Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations and Brief in Support (Docket No. 118);

(3)   Order of Reference to Judge Sanderson Referring Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 120);

(4)   Motion to Seal Document Brief in Opposition to T-NETIX Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations by Value Added Communications Inc. (Docket No. 134);

(5)   VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(6)   Appendix to VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(7)   T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(8)   Appendix to T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(9)   Motion to File Under Seal Its Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 154);

JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                    PAGE 2

(10)   Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 155);

(11)   Appendix to Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(12)   Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(13)   Order and Order of Reference Referring Motion for Sanctions filed by Value Added Communications Inc to Judge Wm F Sanderson, Jr. (Docket No. 156);

(14)   T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(15)   Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(16)   Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(17)   Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr: Hearing held on 4/16/08 re Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 183);

(18)   Report And Recommendations re: Motion to Enforce The Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief filed by Value Added Communications Inc. (Docket No. 184);

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **PAGE 3**

(19)   Order denying Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 185);

(20)   T-NETIX, Inc.'s Objections To Report And Recommendation Of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(21)   Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(22)   T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(23)   Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(24)   VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

(25)   VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(26)   Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(27)   T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

(28)   T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR**
**SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER**
**AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **PAGE 4**

(29)   Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

## PRAYER

The Parties request that the Court allow the parties to withdraw VAC's Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions, and Injunctive Relief (Docket No 155). and T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117), and that the Court withdraw and/or expunge all related documents, including:

1.   Docket Nos. 117, 118, 120, 134, 154, 155, 156, 183, 184, and 185;

2.   T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

3.   Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

4.   Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

5.   T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

6.   Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

**JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **PAGE 5**

TN App. 083

7.      T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

8.      Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

9.      VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

10.     VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal);

11.     Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal);

12.     T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

13.     T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

14.     Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

JOINT AGREED MOTION TO WITHDRAW MOTION FOR
SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                    PAGE 6

TN App. 084

Respectfully submitted,

**THE PITTMAN LAW FIRM, P.C.**

By:_____

      Aubrey "Nick" Pittman
      Texas Bar No. 16049750

The Pittman Law Firm
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:   (214) 459-3454
Facsimile:   (214) 853-5912

and

**BELL NUNNALLY & MARTIN LLP**

By:_____

      Jeffrey S. Lowenstein
      Texas Bar No. 24007574
      Neal J. Suit
      Texas Bar No. 24041988

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone:   (214) 740-1400
Facsimile:   (214) 740-1499

**ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT**

and

**JONES DAY**

By:_____

      Stephanie D. Clouston
      Texas Bar No. 24002688

2727 N. Harwood Street
Dallas, Texas 75201
Telephone:   (214) 220-3939
Facsimile:   (214) 969-5100

**ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF**

TN App. 085

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

T-NETIX, INC.,                            §
                                          §
    Plaintiff/Counter-Defendant,      §   Case No. 3:05-CV-0654-D
                                          §
v.                                        §
                                          §
VALUE-ADDED                               §
COMMUNICATIONS, INC.                      §
                                          §
    Defendant/Counter-Plaintiff,      §
                                          §
v.                                        §
                                          §
SECURUS TECHNOLOGIES, INC.                §
                                          §
    Counter-Defendant.                §

**ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW MOTION
FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER AND
WITHDRAW AND EXPUNGE RELATED DOCUMENTS**

Came on for consideration T-NETIX, Inc. ("T-NETIX"), Plaintiff and Counter-Defendant, Securus Technologies, Inc., Counter-Defendant, and Value-Added Communications, Inc. ("VAC"), Defendant and Counter-Plaintiff (together the "Parties") Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents (the "Motion"). The Court, having considered the Motion and the pleadings hereby GRANTS the Motion as follows. It is, therefore,

**ORDERED** that the Parties' Joint Agreed Motion to Withdraw Motion for Sanctions and Motion to Modify Protective Order and Withdraw and Expunge Related Documents is hereby **GRANTED**. It is further

**ORDERED** that the following documents are withdrawn and/or expunged:

ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW
MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS                        Page 1

(1)    T-NETIX's Emergency Motion to Modify Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 117);

(2)    Appendix 1 - 26 to Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations and Brief in Support (Docket No. 118);

(3)    Order of Reference to Judge Sanderson Referring Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 120);

(4)    Motion to Seal Document Brief in Opposition to T-NETIX Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations by Value Added Communications Inc. (Docket No. 134);

(5)    VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(6)    Appendix to VAC's Brief in Opposition to T-NETIX, Inc.'s Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(7)    T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(8)    Appendix to T-NETIX, Inc.'s Reply in Support of Emergency Motion to Modify Agreed Protective Order and to Cancel VAC's Confidentiality Designations (Filed Under Seal);

(9)    Motion to File Under Seal Its Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 154);

**ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW
MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**              **Page 2**

(10)   Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief by Value Added Communications Inc. (Docket No. 155);

(11)   Appendix to Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(12)   Value-Added Communications, Inc.'s Brief in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(13)   Order and Order of Reference Referring Motion for Sanctions filed by Value Added Communications Inc to Judge Wm F Sanderson, Jr. (Docket No. 156);

(14)   T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(15)   Appendix to T-NETIX, Inc.'s Response to Value-Added Communications, Inc.'s Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief and Brief in Support (Filed Under Seal);

(16)   Value-Added Communications, Inc.'s Reply in Support of Motion to Enforce the Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief (Filed Under Seal);

(17)   Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr: Hearing held on 4/16/08 re Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 183);

(18)   Report And Recommendations re: Motion to Enforce The Agreed Protective Order, for Civil Contempt, Sanctions and Injunctive Relief filed by Value Added Communications Inc. (Docket No. 184);

TN App. 088

(19)   Order denying Emergency Motion to Modify Agreed Protective Order and to Cancel Value-Added Communications, Inc.'s Confidentiality Designations (Docket No. 185);

(20)   T-NETIX, Inc.'s Objections To Report And Recommendation Of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(21)   Appendix to T-NETIX, Inc.'s Objections To Report and Recommendation of The United States Magistrate Judge and Brief In Support (Filed Under Seal);

(22)   T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order and To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(23)   Appendix to T-NETIX, Inc.'s Objections To Magistrate Judge's Order Denying Emergency Motion To Modify Agreed Protective Order And To Cancel Value-Added Communications, Inc.'s Confidentiality Designations And Brief In Support (Filed Under Seal);

(24)   VAC's Response to T-NETIX's Objections to Order Denying Emergency Motion to Modify (Filed Under Seal);

(25)   VAC's Response to T-NETIX, Inc.'s Objections To Report and Recommendation of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(26)   Supplemental Appendix to Value-Added Communications' Response to T-NETIX's Objections to Report and Recommendations of the Magistrate Judge Sanderson and Brief in Support (Filed Under Seal) ;

(27)   T-NETIX'S Reply Brief in Support of Objections to Report and Recommendation of the Magistrate Judge (Filed Under Seal);

(28)   T-NETIX's Reply to VAC's Response to T-NETIX's Objections to Recommendation Denying Emergency Motion to Modify (Filed Under Seal); and

**ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW**
**MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER**
**AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **Page 4**

(29)   Supplemental Joint Appendix in Support of T-NETIX's Objections to Reports and Recommendations of the United States Magistrate Judge (Filed Under Seal).

**SIGNED** this the _____ day of July, 2008.


_____
**JUDGE PRESIDING**


**ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW**
**MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER**
**AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**                    **Page 5**

**AGREED AS TO FORM AND CONTENT:**

**THE PITTMAN LAW FIRM, P.C.**

By:_____
      Aubrey "Nick" Pittman
      Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone: (214) 459-3454
Facsimile: (214) 853-5912

and

**BELL NUNNALLY & MARTIN LLP**

By:_____
      Jeffrey S. Lowenstein
      Texas Bar No. 24007574
      Neal J. Suit
      Texas Bar No. 24041988

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

**ATTORNEYS FOR PLAINTIFF AND
COUNTER-DEFENDANT**

and

**JONES DAY**

By:_____
      Stephanie D. Clouston
      Texas Bar No. 24002688

2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

**ATTORNEYS FOR DEFENDANT AND
COUNTER-PLAINTIFF**

**ORDER GRANTING JOINT AGREED MOTION TO WITHDRAW
MOTION FOR SANCTIONS AND MOTION TO MODIFY PROTECTIVE ORDER
AND WITHDRAW AND EXPUNGE RELATED DOCUMENTS**          **Page 6**

CAUSE NO. 08-06254

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § | DALLAS COUNTY, TEXAS |
| T-NETIX, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § | 68th JUDICIAL DISTRICT |

## JOINT AGREED MOTION TO DISMISS

Plaintiff Value Added Communications, Inc. ("VAC") and Defendant T-NETIX, INC. ("T-NETIX") jointly move this Court to dismiss with prejudice all claims asserted or that could have been asserted between them in this action, with each party bearing its own costs of court and attorneys' fees.

WHEREFORE, VAC and T-NETIX request that this Court grant this motion and enter the Agreed Order of Dismissal with Prejudice that is attached to this motion as Exhibit A.

Respectfully submitted,

_____

Stephanie D. Clouston
Texas Bar No. 24002688
Christopher Groves
State Bar No. 00793862
Sean M. Whyte
State Bar No. 24047100

JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100

ATTORNEYS FOR VALUE-ADDED
COMMUNICATIONS, INC.

DLI-6199872v1

TN App. 092

Aubrey "Nick" Pittman
Texas Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:     (214) 459-3454
Facsimile:     (214) 853-5912

and

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065

**BELL NUNNALLY & MARTIN LLP**
3232 McKinney Avenue
1400 One McKinney Plaza
Dallas, Texas 75204-2429
Telephone:     (214) 740-1400
Facsimile:     (214) 740-1499

**ATTORNEYS FOR T-NETIX, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent by fax on this _____ day of

July, 2008, to counsel of record as follows:

Aubrey D. Pittman
100 Crescent Court, Suite 700
Dallas, Texas 75201

Jeffrey S. Lowenstein
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204

TN App. 093

CAUSE NO. 08-06254

| | |
|---|---|
| **VALUE-ADDED COMMUNICATIONS, INC.,** | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF,** | |
| **V.** | **DALLAS COUNTY, TEXAS** |
| **T-NETIX, INC.,** | |
| **DEFENDANT.** | **68TH JUDICIAL DISTRICT** |

## AGREED ORDER OF DISMISSAL WITH PREJUDICE

Before the Court is the Joint Agreed Motion to Dismiss submitted by the parties. After considering and accepting the agreement of the Parties, the Court hereby **ORDERS** that all claims in this case are dismissed with prejudice, with each party bearing its own costs.

SIGNED this _____ day of July, 2008.


_____
**HONORABLE MARTIN HOFFMAN**

**AGREED AS TO FORM AND SUBSTANCE:**

**JONES DAY**

By: _____
      Stephanie D. Clouston
      State Bar No. 24002688
      Christopher Groves
      State Bar No. 00793862
      Sean M. Whyte
      State Bar No. 24047100

**ATTORNEYS FOR
VALUE-ADDED COMMUNICATIONS, INC.**

AGREED ORDER OF DISMISSAL WITH PREJUDICE - Page 1                    DLI-6199869v1

TN App. 094

**THE PITTMAN LAW FIRM, P.C.**

By: _____
     Aubrey "Nick" Pittman
     State Bar No. 16049750

         and

**BELL NUNNALLY & MARTIN LLP**

By: _____
     Jeffrey S. Lowenstein
     State Bar No. 24007574
     Gwen I. Walraven
     Texas Bar No. 24047065

**ATTORNEYS FOR T-NETIX, INC.**

CAUSE NO. 03-11399-C

| | | |
|---|---|---|
| VALUE-ADDED COMMUNICATIONS, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| T-NETIX, INC., | § § § | |
| Defendant and Counter-Plaintiff. | § | 68th JUDICIAL DISTRICT |

## JOINT AGREED MOTION TO DISMISS

Plaintiff Value Added Communications, Inc. ("VAC") and Defendant T-NETIX, INC.

("T-NETIX") jointly move this Court to dismiss with prejudice all claims asserted or that could

have been asserted between them in this action, with each party bearing its own costs of court and

attorneys' fees.

WHEREFORE, VAC and T-NETIX request that this Court grant this motion and enter the

Agreed Order of Dismissal with Prejudice that is attached to this motion as Exhibit A.

Respectfully submitted,

_____

Stephanie D. Clouston
Texas Bar No. 24002688
Christopher Groves
State Bar No. 00793862
Sean M. Whyte
State Bar No. 24047100

**JONES DAY**
2727 N. Harwood Street
Dallas, Texas 75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100

**ATTORNEYS FOR VALUE-ADDED
COMMUNICATIONS, INC.**

DLI-6199771v1

TN App. 096

Aubrey "Nick" Pittman
Texas Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone:     (214) 459-3454
Facsimile:      (214) 853-5912

and

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065

**BELL NUNNALLY & MARTIN LLP**
3232 McKinney Avenue
1400 One McKinney Plaza
Dallas, Texas 75204-2429
Telephone:     (214) 740-1400
Facsimile:      (214) 740-1499

**ATTORNEYS FOR T-NETIX, INC.**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent by fax on this ____ day of

July, 2008, to counsel of record as follows:

Aubrey D. Pittman
100 Crescent Court, Suite 700
Dallas, Texas 75201

Jeffrey S. Lowenstein
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

T-NETIX, INC.,

    Plaintiff/Counter-Defendant,

  v.

VALUE-ADDED
COMMUNICATIONS, INC.,

    Defendant/Counter-Plaintiff,

  v.

SECURUS TECHNOLOGIES, INC.,

    Counter-Defendant.

Case No. 3:05-cv-0654-D


**ORDER GRANTING
PARTIES JOINT MOTION TO DISMISS**

Before the Court for consideration is Plaintiff/Counter-Defendant T-NETIX, INC. ("T-NETIX"), Defendant/Counter-Plaintiff Value Added Communications, Inc. ("VAC"), and Counter-Defendant Securus Technologies, Inc.'s ("SECURUS") Joint Agreed Motion to Dismiss.

    The Court, having considered the motion, ORDERS that all claims in this case are dismissed with prejudice, with each party bearing its own costs.

    So ORDERED and SIGNED this _____ day of _____, 2008.


            _____
            **HON. SIDNEY A. FITZWATER**
            **UNITED STATES CHIEF**
            **DISTRICT JUDGE**