*TO BE FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| T-NETIX, INC., § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | |
| v. § | Case No. 3:05-CV-0654-D |
| § | ECF |
| VALUE-ADDED § | |
| COMMUNICATIONS, INC., § | |
| § | |
| Defendant/Counter-Plaintiff, § | |
| § | |
| v. § | |
| § | |
| SECURUS TECHNOLOGIES, INC., § | |
| § | |
| Counter-Defendant. § | |

**GRUBER HURST'S LIMITED OBJECTIONS TO THE
MAGISTRATE'S REPORT AND RECOMMENDATION**

Gruber Hurst Johansen Hail Shank, LLP ("Gruber Hurst"), though it prevailed before the Magistrate Judge below and so as not to waive any legal arguments it previously made, files three narrow objections to the March 28, 2013 Report and Recommendation..

First, Gruber Hurst objects to the Magistrate Judge's finding that "the Court [was able to] call upon its inherent authority" to consider a basis for sanctions/contempt beyond "Judge Fitzwater's Order of Reference." (March 28, 2013 Report and Recommendation at 20). The District Court's Order of Reference explicitly limited the Magistrate Judge's area of inquiry to VAC's "application for order to show cause" related to whether Gruber Hurst and others "should not be held in contempt for violation of the court's March 3, 2006 protective order." (October 31, 2012 Order of Reference at 1). The Order of Reference did not authorize the

Magistrate Judge to call upon its inherent authority to sanction relative to past conduct, or to exercise such inherent authority relative to (i) whether Gruber Hurst failed to comply with any oral directive from Magistrate Judge Sanderson at the 2008 hearing or (ii) whether Gruber Hurst failed to proceed according to the spirit of what was contemplated during the 2008 hearing.

Second, and relatedly, Gruber Hurst objects to the Magistrate Judge's finding that, during the 2008 hearing, Judge Sanderson issued a directive with which Gruber Hurst was required to comply.  (March 28, 2013 Report and Recommendation at 20).  A party seeking an order of contempt must "establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order."  *Piggly Wiggly,* 177 F.3d at 382 (5th Cir. 1999).  To that point, Magistrate Judge Sanderson's directions to Gruber Hurst did not rise to the level of an order; rather, he merely stated that he "want[ed] those documents returned to counsel" and his belief that the documents "need(s) to go back."  (2008 Hearing Trans. at 70:7-8; 69:15).  Moreover, even if these statements did constitute an order, the order presented two different options by which to proceed and, therefore, does not equal an order requiring "certain conduct."

Third, while Gruber Hurst agrees with the Magistrate Judge's conclusion that the Court's inherent power to sanction did ***not*** merit sanctions in this case, Gruber Hurst nonetheless objects to the legal finding that a court's inherent power to sanction is governed by the same "substantial compliance" analysis used to determine whether a party is in contempt of court.  (March 28, 2013 Report and Recommendation at 21-24).  In that regard, before a court can exercise its inherent power to sanction, it must make a finding that a party acted in "bad

faith." *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) ("in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith.")  Although "bad faith" and "substantial compliance" are related, it is not clear that "substantial compliance," which requires a finding that a party acted in good faith, is the same as whether a party *actually* acted in a manner which did not constitute bad faith.  To the extent that the Magistrate Judge utilized a "substantial compliance" analysis in determining whether to exercise its inherent power to sanction, instead of a "bad faith" analysis, Gruber Hurst objects.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: *s/ William B. Mateja*
William B. Mateja
Texas Bar No. 13185350
mateja@fr.com
Albert A. Starkus III
Texas Bar No. 24051376
starkus@fr.com

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

**GRUBER HURST JOHANSEN HAIL SHANK, LLP**

By:   G. Michael Gruber
Texas Bar No. 08555400
mgruber@ghjhlaw.com
Anthony J. Magee
Texas Bar No. 00786081
amagee@ghjhlaw.com
A. Shonn Brown
Texas Bar No. 24007164
sbrown@ghjhlaw.com

1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800 – Telephone
(214) 855-6808 – Facsimile

**COUNSEL FOR GRUBER HURST JOHANSEN HAIL SHANK, LLP**

## CERTIFICATE OF SERVICE

On this 11th day of April, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

*s/ Albert A. Starkus III*
Albert A. Starkus III
