*TO BE FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
|     Plaintiff/Counter-Defendant, | § § § | |
| v. | § § | Case No. 3:05-CV-0654-D ECF |
| VALUE-ADDED COMMUNICATIONS, INC. | § § § | |
|     Defendant/Counter-Plaintiff, | § § | |
| v. | § § | |
| SECURUS TECHNOLOGIES, INC. | § § | |
|     Counter-Defendant. | § § | |

**THE SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED
COMMUNICATIONS, INC.'S OBJECTIONS TO THE UNITED
STATES MAGISTRATE'S MARCH 28, 2013 FINDINGS,
<u>CONCLUSIONS AND RECOMMENDATIONS</u>**

Plaintiff/Counter-Defendant T-NETIX, Inc. ("T-NETIX"), Counter-Defendant Securus Technologies, Inc. ("Securus"),[1] Richard A. Smith, individually ("Smith"), and Dennis J. Reinhold, individually ("Reinhold") (collectively, the "Securus Respondents") hereby respond to Value-Added Communications, Inc.'s ("VAC") Objections to the United States Magistrate's March 28, 2013 Findings, Conclusions and Recommendations[2] [Doc. #312] and would respectfully show the Court the following:

---

[1] Securus and T-NETIX are sometimes referred to together as "Securus/T-NETIX."
[2] Magistrate Judge Toliver's Findings, Conclusions and Recommendation [Doc. #309] is hereinafter referred to as the "Recommendations." Additionally, Value-Added Communications, Inc.'s Objections to the United States Magistrate's March 28, 2013 Findings, Conclusions and Recommendations is hereinafter referred to as the/its "Objections."

**RESPONSE TO VAC'S OBJECTION TO MAGISTRATE
JUDGE TOLIVER'S RECOMMENDATIONS**          **PAGE 1**

## INTRODUCTION

In its initial briefing in September 2012, VAC presented this Court with allegations of wrongdoing by the Securus Respondents based entirely on allegations wholly unsupported by even a minimal investigation. After six months of briefing, an eight-plus hour evidentiary hearing,[3] and post-hearing briefing,[4] VAC has yet to adduce any fact that the Securus Respondents participated in, knew of, or condoned any of the unfortunate events that served as the catalyst for VAC's application. Magistrate Judge Toliver agreed. VAC attempts now to keep its allegations against the Securus Respondents alive by complaining it <u>decided</u> to under-develop the evidentiary record based on a misunderstanding of its burden, tacitly conceding it did not present sufficient evidence to support a finding of contempt. Specifically, VAC's objections relevant to the Securus Respondents are: (1) VAC would have asked more questions and pursued discovery if it had understood its burden; and (2) VAC was surprised that agency principals would govern its request that Gruber Hurst's conduct be imputed to Securus/T-NETIX. Magistrate Judge Toliver's conclusion that VAC failed to meet the applicable burden was correct. All of the evidence submitted prior to and at the February 25, 2013 hearing, which was largely undisputed, supports Magistrate Judge Toliver's recommendation that facts do not exist to support a contempt finding against the Securus Respondents. Accordingly, VAC's

---

[3] Importantly, the Court allowed the parties virtually unlimited time to present their evidence and never indicated its desire or intent to conclude the hearing prior to permitting all parties to present their evidence.

[4] On March 4, 2013, VAC filed Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #269] ("VAC's Post-Hearing Brief"). The issues addressed by VAC in VAC's Post-Hearing Brief exceeded the scope of the specific issues on which Magistrate Judge Toliver requested and permitted additional briefing and added a third issue related specifically to the Securus Respondents. Accordingly, on March 8, 2013, the Securus Respondents filed The Securus Respondent's Response to Value-Added Communications, Inc.'s Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] and supporting appendix [Doc. #279] (the "Securus Respondents' Post-Hearing Brief"), which is incorporated herein by reference. On March 13, 2013, despite having exceeded the scope of post-hearing briefing, thus prompting filing of the Securus Respondents' Post-Hearing Brief, VAC moved to strike the Securus Respondents' Post-Hearing Brief [Doc. #286]. Magistrate Judge Toliver denied VAC's motion to strike on March 19, 2013 [Doc. #304].

objections to the Recommendations should be overruled and the Court should adopt the Recommendations and deny VAC's application for order to show cause.

## ARGUMENTS AND AUTHORITIES

A. **The Evidence Before the Court Supports the Recommendations of Magistrate Judge Toliver[5]**

Magistrate Judge Toliver indicated that she was tasked with determining "whether or not the elements, so to speak, for contempt *exist*, and if so to certify to Judge Fitzwater facts that may constitute contempt." S.R. App. 5 at 5:4-7 (emphasis supplied).[6] The Recommendations submitted by Magistrate Judge Toliver make it abundantly clear that there were _no_ facts to certify in support of contempt, regardless of whether the standard was one of clear and convincing,[7] or something less. By way of example and not limitation, Magistrate Judge Toliver found:

> "Indeed VAC has not provided any evidence that any of the T-Netix parties ever saw the McAlexander Report,[8] much less that they were somehow involved with Gruber Hurst's production of the Report in the Combined and Pinnacle Actions." Recommendation [Doc. #309] at 25.

> "There is simply no evidence to suggest that the T-Netix parties ever had the McAlexander Report; indeed T-Netix's counsel strongly denied it and VAC presented no such evidence, but merely speculated to the contrary." Recommendation [Doc. #309] at 28.

The testimony of the witnesses who testified during the February 25, 2013 hearing supports Magistrate Judge Toliver's conclusions. Anthony Magee, testifying on behalf of Gruber Hurst,

---

[5] The Securus Respondents incorporate Gruber Hurst's Response to VAC's Objections, filed on or about April 25, 2013 ("Gruber Hurst's Response"), herein by reference.

[6] Contemporaneously with the filing of this response, the Securus Respondents are filing the Appendix in Support of The Securus Respondents' Response to Value-Added Communications, Inc.'s Objections to the United States Magistrate's March 28, 2013 Findings, Conclusions and Recommendations (the "S.R. App."), which is incorporated herein by reference.

[7] The Securus Respondents refer the Court to the argument related to the clear and convincing evidentiary standard included in Gruber Hurst's Response.

[8] The expert rebuttal report prepared by Joseph C. McAlexander at issue in this dispute is referred to as "the McAlexander Report" and/or "the McAlexander Rebuttal Report."

**RESPONSE TO VAC'S OBJECTION TO MAGISTRATE
JUDGE TOLIVER'S RECOMMENDATIONS**                                     **PAGE 3**

unequivocally stated that Gruber Hurst did not receive the McAlexander Rebuttal Report from the Securus Respondents, and further testified that the Securus Respondents did not direct Gruber Hurst to produce the McAlexander Rebuttal Report:

> Q. ... When you were doing this entire document production in the 2010 time frame, did you receive a copy of the McAlexander rebuttal report from the client, Securus, T-Netix, Mr. Reinhold, Mr. Smith, anyone from within the Securus parties holds[sic]?
>
> A. No.
>
> * * *
>
> Q. Did anyone from Securus, including Mr. Smith or Mr. Reinhold, ever direct you to produce a copy of the McAlexander rebuttal report to anyone in the litigation you were involved with?
>
> A. No.

S.R. App. 11-12 at 292:14-293:1. Further, Stephanie Clouston, VAC's witness at the February 25, 2013 hearing, did not offer any testimony that even suggested that the Securus Respondents had any involvement in Gruber Hurst's actions with regard to the McAlexander Rebuttal Report in 2010. In fact, Ms. Clouston confirmed the Securus Respondents' non-involvment with Gruber Hurst's actions related to the McAlexander Rebuttal Report in 2010:

> Q. I've heard some discussion from you about things that Gruber Hurst in 2010 provided to Combined Communications or in another lawsuit. You don't have anything in your declaration, you didn't have anything in your testimony and you haven't come forward with any document that shows that anyone within Securus or T-Netix ever had a copy of the McAlexander rebuttal report, do you[?]
>
> A. No.
>
> * * *
>
> Q. You don't have anything in your declaration or any document or anything in your testimony where you have knowledge that any of the Securus parties provided a copy of the McAlexander rebuttal report to Gruber Hurst.
>
> A. No.

> Q. And you don't have any knowledge that they encouraged or asked Gruber Hurst to provide that document to anybody in the Combined Communications case or any other lawsuit?
>
> A. No, sir.

S.R. App. 6-8 at 99:25-101:4. Dennis Reinhold, Vice President, General Counsel, and Secretary of Securus Technologies and its various subsidiaries, testified that the Securus Respondents have never had the McAlexander Rebuttal Report, did not give the McAlexander Rebuttal Report to Gruber Hurst, and did not direct, or even know about, production of the McAlexander Rebuttal Report in 2010. S.R. App. 9-10 at 115:4-10; 116:11-15; *see also* S.R. App. 15-17 at ¶¶ 7; 10-16. Additionally, the Declaration of Richard A. Smith, previously submitted to Magistrate Judge Toliver, establishes that Mr. Smith had no involvement with or knowledge of any of the actions related to the McAlexander Rebuttal Report. S.R. App. 19-20 at ¶¶ 6-11. VAC's allegations against the Securus Respondents, from the outset, have no basis in fact – a fact clearly and properly recognized by Magistrate Judge Toliver.

### B. Magistrate Judge Toliver Correctly Concluded that VAC's Motion As to The Securus Respondents Should Be Denied

#### 1. There is No Basis on Which to Hold Smith and Reinhold In Contempt

As has been previously briefed by the Securus Respondents,[9] there is simply no support, in law or fact, for a finding of contempt against Smith and Reinhold individually. Despite this, but not surprisingly, VAC again attempts to challenge this fact in its Objections. VAC's objections to Magistrate Judge Toliver's findings as to Smith and Reinhold are unclear, but appear to be tied to its objections to the evidentiary burden applied by Magistrate Judge Toliver and its objections to Magistrate Judge Toliver's findings as to Gruber Hurst and Securus/T-

---

[9] *See* Securus Respondents' Post-Hearing Brief for additional briefing on this issue and the other issues raised by VAC as to the Securus Respondents in VAC's Post-Hearing Brief [Doc. #278].

NETIX. These issues are largely addressed in other sections of this response and within Gruber Hurst's Response. However, because VAC again misplaces reliance on *American Airlines, Inc. v. Allied Pilots Association*, a case in which the corporate officer held in contempt *expressly encouraged* its employees to disobey the district court's order. 53 F. Supp. 2d 909 (N.D. Tex. 1999) *aff'd*, 228 F.3d 574 (5th Cir. 2000), the Securus Respondents will distinguish this case for the Court.

The *American Airlines* court entered a temporary restraining order requiring the pilots' union to end its strike because the protest was in violation of a federal labor statute, and the president of the pilots' union, Richard LaVoy ("LaVoy"), represented to the district court that the union would obey the order. *Am. Airlines*, 53 F. Supp. 2d at 918. Nonetheless, on the very same day that he represented the union would comply, LaVoy sent several communications to union members that "intentionally gave the impression and further conveyed to the Union membership that individual Union members did not have to comply with the TRO." *Id.* Accordingly, the *American Airlines* Court concluded that LaVoy expressly authorized and encouraged disobedience of the order by sending the communications, which warranted holding LaVoy in civil contempt in his individual capacity. *Id.*

The facts of this case are wholly distinguishable from *American Airlines* and highlight the futility of VAC pursing Smith and Reinhold based on the record before this Court. Here, Smith's and Reinhold's lack of personal involvement in the inadvertent production of the McAlexander Rebuttal Report is clear. Smith and Reinhold were not aware that Gruber Hurst had recovered and produced the McAlexander Rebuttal Report in the Litigation[10] in 2010, much

---

[10] The defined terms Combined Litigation and Pinnacle Litigation retain the same meaning herein as in the Response of T-NETIX, Securus, Smith, and Reinhold to [Doc. #202] VAC's Application for Order to Show Cause.

less personally or directly involved in the recovery and production. S.R. App. 9-10 at 115:4-10; 116:11-15; S.R. App. 11-12 at 292:14-293:1; S.R. App. 15-17 at ¶¶ 7; 10-16; S.R. App. 19-20 at ¶¶ 6-11. Gruber Hurst admits Securus/T-NETIX did not provide the McAlexander Rebuttal Report to Gruber Hurst and did not direct Gruber Hurst to produce the McAlexander Rebuttal Report in 2010. S.R. App. 11-12 at 292:14-293:1. In fact, neither Reinhold nor Smith have ever seen the McAlexander Rebuttal Report. S.R. App. 9-10 at 115:4-10; 116:10-15; *see* S.R. App. 15-17 at ¶¶ 7, 10, 12 & 15; SR App. 19-20 at ¶¶ 6-11. In short, there is no evidence, and certainly not clear and convincing evidence, that Smith or Reinhold were personally involved in, directed, condoned, or were even aware of Gruber Hurst's recovery and inadvertent production of the McAlexander Rebuttal Report in the Litigation in 2010.[11] Ironically, after failing to adduce a single fact supporting its allegations against Smith and Reinhold, VAC claims it has somehow triggered a right to seek discovery from Smith and Reinhold.

2. <u>Securus/T-NETIX Are Not Bound by the Actions of Gruber Hurst Related to the McAlexander Rebuttal Report</u>

As was correctly determined by Magistrate Judge Toliver, "the T-Netix parties should not be deemed bound by the acts of the Gruber Hurst firm in disseminating the McAlexander Report merely because of their attorney-client relationship." Recommendations at 25. Attorneys are special agents for their clients and their powers and authority are "confined to those necessary to the proper fulfillment of the duties cast upon [the special agent] by [the special agent's] employment, if [the special agent] exceeds his authority, absent ratification, the principal is not bound." *Heine v. Schendel*, 797 S.W.2d 278, 280 (Tex. App.—Corpus Christi, 1990, writ denied); s*ee also Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex. Civ. App.—Texarkana

---

[11] *See* the Securus Respondents' Post-Hearing Brief [Doc. #278] at 2-10.

1955, writ ref'd n.r.e). VAC adduced no evidence that the Securus Respondents expressly authorized any of the acts committed by Gruber Hurst related to Gruber Hurst's inadvertent retention and inadvertent production of the McAlexander Rebuttal Report. Failing same, VAC attempts to argue that such authorization of Gruber Hurst's conduct exists as a matter of law. VAC has correctly summarized the existing body of law that details the limited scope of an attorney's authority: there are cases where the acts of the attorney were binding on the client and cases where the acts of the attorney were not binding on the client. *See* Objections at n. 24. VAC does not cite to any case where a client was found liable for the acts of its attorney when the attorney takes action that is unknown, unauthorized, outside the scope of its authority/employment, and results in an alleged or actual violation of a court order.

    *i.*  *Gruber Hurst's actions were not authorized by the Securus Respondents*

Gruber Hurst's actions complained of by VAC took place in the Combined Litigation and Pinnacle Litigation, years after this litigation had been concluded. As counsel for Securus/T-NETIX in the Combined Litigation and Pinnacle Litigation, Gruber Hurst was granted the authority and power necessary to litigate those lawsuits. Such authority necessarily included a requirement that Gruber Hurst conduct itself in accord with the law, the rules, and the orders of the court. VAC failed to show that Gruber Hurst was authorized (either expressly or by operation of law) to retrieve/maintain an attorneys' eyes only document, which the client (Securus/T-NETIX) believed had been permanently deleted from Gruber Hurst's records when this case settled, and produce that document to third parties.

The evidence before Magistrate Judge Toliver established that Gruber Hurst did not consult the Securus Respondents regarding production of the McAlexander Rebuttal Report prior to producing the McAlexander Rebuttal Report in the Combined Litigation and Pinnacle

Litigation. Further, there are no facts to even suggest the Securus Respondents would have authorized production of a document from this case, a document everyone believed had been deleted from Gruber Hurst's records in the Litigation. VAC presented no evidence, much less clear and convincing evidence, that the Securus Respondents knew that Gruber Hurst had inadvertently maintained a copy of the report. Therefore, Gruber Hurst exceeded any authority given to it by the Securus Respondents in inadvertently producing the document in other litigation. Gruber Hurst's actions with respect to the McAlexander Rebuttal Report after April 16, 2008, inadvertent or otherwise, were not authorized by Securus/T-NETIX.[12]

        ii.    *The Securus Respondents' position regarding Gruber Hurst's actions is not new*

From the outset, VAC has always lumped Securus/T-NETIX and Gruber Hurst together based on Gruber Hurst's conduct. VAC has not come forth with any evidence or even facts tending to suggest that anyone from Securus/T-NETIX actually possessed, maintained, or delivered a copy of the McAlexander Rebuttal Report to Gruber Hurst. Instead, VAC's theory of liability as to Securus/T-NETIX was necessarily always grounded on a principal/agent theory, implicit or otherwise – a theory that weakened with time as the facts surrounding the inadvertent retention and production of the McAlexander Rebuttal Report were revealed. From the pleading and briefing stage forward, it was always, and has remained, VAC's burden, in the absence of evidence of any direct conduct by the Securus Respondents, to prove Gruber Hurst's actions should be imputed to Securus/T-NETIX under a principal/agent theory.

Despite this, VAC now objects to Magistrate Judge Toliver's recommendation that Securus/T-NETIX not be held in contempt for the acts of Gruber Hurst in disseminating the

---

[12] *See* the Securus Respondents' Post-Hearing Brief [Doc. #278] at 10-13.

**RESPONSE TO VAC'S OBJECTION TO MAGISTRATE**
**JUDGE TOLIVER'S RECOMMENDATIONS**                               **PAGE 9**

McAlexander Rebuttal Report on the grounds that the Securus Respondents did not raise "Gruber Hurst's lack of authority until post-hearing briefing . . ." *See* Objections at 24. VAC had the burden to develop its case. Now, realizing it failed to meet its evidentiary burden, VAC complains it was not aware that agency law would govern its claim against the Securus Respondents. If VAC were correct that agency is not part of the case, then VAC cannot impute Gruber Hurst's conduct to the Securus Respondents. All of the evidence submitted by the Securus Respondents (as to Securus/T-NETIX), on paper and elicited via live testimony, has been targeted at demonstrating the impropriety of imputing the acts of Gruber Hurst to Securus/T-NETIX. The Securus Respondents were wholly uninvolved and unaware of the events surrounding the 2010 inadvertent disclosure of the McAlexander Rebuttal Report, learned of the disclosure after it had been remedied, and believed the matter had been put to rest.

Additionally, the special agency case law and argument included by the Securus Respondents in their post-hearing briefing was simply a response to case law included in VAC's post-hearing brief (which, incidentally, was outside the scope of post-hearing briefing topics outlined by Magistrate Judge Toliver), which provided an incomplete picture of Texas law regarding the principal/agent relationship between attorneys and clients. It has always been VAC's burden to prove, by clear and convincing evidence, grounds for the relief sought – a burden Magistrate Judge Toliver correctly determined VAC did not meet.

For all of the foregoing reasons, VAC's Objections should be denied.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: /s/ Jeffrey S. Lowenstein
    Jeffrey S. Lowenstein
    Texas Bar No. 24007574
    Gwen I. Walraven
    Texas Bar No. 24047065

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

    Aubrey "Nick" Pittman
    Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC., AND SECURUS TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

On this 25th day of April 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Gwen I. Walraven
Gwen I. Walraven

1290259_1.DOCX