*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | ECF |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

**APPENDIX IN SUPPORT OF THE SECURUS RESPONDENTS'
RESPONSE TO VALUE-ADDED COMMUNICATIONS, INC.'S
OBJECTIONS TO THE UNITED STATES MAGISTRATE'S MARCH 28, 2013
FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065
**BELL NUNNALLY & MARTIN LLP**
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204
Telephone:  (214) 740-1400
Telecopier:  (214) 740-1499

Aubrey "Nick" Pittman
Texas Bar No. 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas  75201-2112
Telephone:  (214) 459-3454
Telecopier:  (214) 853-5912


ATTORNEYS FOR T-NETIX, INC., SECURUS
TECHNOLOGIES, INC., RICHARD A.
SMITH, AND DENNIS J. REINHOLD

## APPENDIX INDEX

In support of the Securus Respondents' Response to Value-Added Communications, Inc.'s Objections to the United States Magistrate's March 28, 2013 Findings, Conclusions, and Recommendations, T-NETIX, Inc., Securus Technologies, Inc., Richard A. Smith, and Dennis J. Reinhold submit true and correct copies of the following evidence:

| Exhibit A | Excerpts from the Transcript of the Show Cause Hearing before the Honorable Magistrate Judge Renee Harris Toliver United States District Judge, February 25, 2013 | S.R. App. 001 – 013 |
| Exhibit B | Declaration of Dennis J. Reinhold | S.R. App. 014 – 017 |
| Exhibit C | Declaration of Richard A. Smith | S.R. App. 018 – 20 |

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**


By:      /s/ Jeffrey S. Lowenstein
         Jeffrey S. Lowenstein
         Texas Bar No. 24007574
         Gwen I. Walraven
         Texas Bar No. 24047065

3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

         Aubrey "Nick" Pittman
         Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC.,
SECURUS TECHNOLOGIES, INC., RICHARD
A. SMITH, AND DENNIS J. REINHOLD**

## CERTIFICATE OF SERVICE

On this 25th day of April 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Gwen I. Walraven
Gwen I. Walraven

1289687_1.docx/05697.5

**THE SECURUS RESPONDENTS' APPENDIX**                                  **Page 4**

<u>IN THE UNITED STATES DISTRICT COURT</u>

<u>FOR THE NORTHERN DISTRICT OF TEXAS</u>

<u>DALLAS DIVISION</u>

| | | |
|---|---|---|
| T-NETIX, INC., | ( | 3:05-CV-0654-D |
|   Plaintiff/Counter-Defendant, | ( | |
| | ( | |
| | ( | |
| VERSUS | ( | DALLAS, TEXAS |
| | ( | |
| VALUE-ADDED | ( | |
| COMMUNICATIONS, INC., | ( | |
|   Defendant/Counter-Plaintiff, | ( | |
| | ( | |
| VERSUS | ( | |
| | ( | |
| SECURUS TECHNOLOGIES.,INC., | ( | |
|   Counter-Defendant | ( | FEBRUARY 25, 2013 |

TRANSCRIPT OF SHOW CAUSE HEARING BEFORE THE HONORABLE

MAGISTRATE JUDGE RENEE HARRIS TOLIVER

UNITED STATES DISTRICT JUDGE

<u>A P P E A R A N C E S</u>:

FOR MOVANT:          DALE A. COOTER
                       Cooter Mangold Deckelbaum & Karas LLP
                       5301 Wisconsin Avenue NW
                       Suite 500
                       Washington, DC 20015
                       202/537-0700
                       efiling@cootermangold.com

                       DONNA S. MANGOLD
                       Cooter Mangold Deckelbaum & Karas LLP
                       5301 Wisconsin Avenue NW
                       Suite 500
                       Washington, DC 20015
                       202/537-0700
                       efiling@cootermangold.com

**EXHIBIT**

tabbies

A

PAMELA J. WILSON, CSR/RMR/CRR
U.S. DISTRICT COURT - 214.662.1557

FOR MOVANT:

        STEVEN N. WILLIAMS
        McDole & Williams PC
        1700 Pacific Ave
        Suite 1280
        Dallas, TX 75201
        214/979-1122
        swilliams@mcdolewilliams.com


        KENNETH P. KULA
        McDole & Williams PC
        1700 Pacific Avenue
        Suite 1280
        Dallas, TX 75201
        214/978-4000
        kkula@mcdolewilliams.com



FOR RESPONDENTS:

        WILLIAM B. MATEJA
        Fish & Richardson
        1717 Main St
        Suite 5000
        Dallas, TX 75201
        214/747-5070
        mateja@fr.com


        A. SHONN BROWN
        Gruber Hurst Johansen Hail Shank LLP
        1445 Ross Avenue
        Suite 2500
        Dallas, TX 75202
        214/855-6815
        sbrown@ghjhlaw.com
        JEFFREY S. LOWENSTEIN
        Bell Nunnally & Martin LLP
        3232 McKinney Ave
        Suite 1400
        Dallas, TX 75204-2429
        214/740-1410
        jeffl@bellnunnally.com

FOR RESPONDENTS:        GWEN I. WALRAVEN
                        Bell Nunnally & Martin
                        3232 McKinney Ave
                        Suite 1400
                        Dallas, TX 75204-2429
                        214/740-1484
                        gwenw@bellnunnally.com


Also present:           JASON COOK


COURT REPORTER:         PAMELA J. WILSON, RMR, CRR
                        1100 Commerce Street, Room 1535
                        Dallas, Texas 75242
                        214.662.1557
                        pam_wilson@txnd.uscourts.gov


        Proceedings reported by mechanical stenography,

transcript produced by computer.

4

```
 1              SHOW CAUSE HEARING - FEBRUARY 25, 2013
 2                    P R O C E E D I N G S
 3          THE SECURITY OFFICER:  All rise.
 4          THE COURT:  Good morning.
 5      Please be seated.
 6      The court calls for hearing case number 3:05-CV-654-D,
 7  hearing on the motion for an order to show cause.
 8      And who do we have for movant?
 9          MR. COOTER:  Your Honor, I'm Dale Cotter.  With me
10  is my partner, Donna Goodman.
11          MS. MANGOLD:  Good morning, Your Honor.
12          THE COURT:  Morning.
13          MR. WILLIAMS:  And also Steven Williams and Ken
14  Kula.  Good morning.
15          THE COURT:  Good morning.
16      And for respondent?
17          MR. MATEJA:  Two respondents, Your Honor.  Bill
18  Mateja on behalf of Gruber Hurst, Shonn Brown on behalf of
19  Gruber Hurst as well.
20          MS. BROWN:  Good morning, Your Honor.
21          THE COURT:  Good morning.
22          MR. LOWENSTEIN:  Your Honor, Jeff Lowenstein and
23  Gwen Walraven for T-Netix Inc., Securus Technologies Inc.,
24  Dennis Reinhold and Richard Smith.
25          THE COURT:  Okay.  Thank you.
```

1       As you know, Judge Fitzwater referred to me the motion

2  to -- for an order to -- to show cause.  Because I am a

3  magistrate judge the procedure under the statute is that I

4  should hold this hearing, determine whether or not the

5  elements, so to speak, for contempt exist, and if so to

6  certify to Judge Fitzwater facts that may constitute

7  contempt.

8       The closest analogy I can draw is that -- and this is

9  from what Judge Boyle said to me before when I have done one

10  of these, is that if I do determine that there are facts that

11  may constitute contempt and certify those facts, then that

12  certification becomes sort of like an indictment would be

13  in -- in a criminal case for the district judge to follow in

14  determining the ultimate issues.

15       And so at this time I'm going to turn it over to movant

16  to present its case.

17            MR. MATEJA:  Your Honor, can I bring up a

18  procedural matter at the very outset?

19            THE COURT:  Yes, sir.

20            MR. COOTER:  If you didn't I was going to.

21            THE COURT:  Okay.

22            MR. MATEJA:  Well, let me throw something out.  I'm

23  relatively new to this party.  I just got hired a little less

24  than a month ago.  And something has been eating at me in

25  this case that I hadn't put my finger on until last night,

1  you on behalf of VAC agree to the form of that order.

2  A.   Yes.

3  Q.   And going back to page 3 of Exhibit 17, that included

4  sealing and withdrawing number 18, which was the report and

5  recommendation of Judge Sanderson.

6  A.   Value-Added Communications agreed to withdraw its

7  motions.

8       The order was the court order and we agreed that it

9  could be sealed.  It was again not -- it was -- it was not

10 our order to seal, but we did not object to it being sealed.

11 Q.   Well, you did not object, you agreed as to form and

12 content to -- to -- to that order.

13 A.   That -- that is correct.

14 Q.   So all of the discussion of that report and

15 recommendation and the transcript from Judge Sanderson were

16 all subject to Judge Fitzwater's order sealing those

17 documents permanently?

18 A.   Yes.

19 Q.   Just so you understand, Ms. Clouston, because I don't

20 think you were here this morning when we discussed this,

21 today Mr. Mateja is representing the Gruber Hurst firm, I'm

22 representing Securus T-Netix and Mr. Reinhold and Mr. Smith

23 individually.  Do you understand that?

24 A.   Yes.

25 Q.   I've heard some discussion from you about things that

Case 3:05-cv-00654-D  Document 318  Filed 04/25/13  Page 11 of 24  PageID 9047

100

1  Gruber Hurst in 2010 provided to Combined Communications or
2  in another lawsuit.
3      You don't have anything in your declaration, you didn't
4  have anything in your testimony and you haven't come forward
5  with any document that shows that anyone within Securus or
6  T-Netix ever had a copy of the McAlexander rebuttal report,
7  do you
8  A.   No.
9  Q.   And you don't have any information that anyone at
10 Securus, anyone at T-Netix, Mr. Smith or Mr. Reinhold ever
11 provided a copy of the McAlexander rebuttal report to anybody
12 in those other lawsuits?
13 A.   I'm sorry, can you repeat the question?
14 Q.   Yes.  Let's talk about the -- I'm going to call them the
15 Securus parties so I can shorthand this.
16     When I'm referring to the Securus parties we've got
17 Securus, T-Netix, Mr. Reinhold, and Mr. Smith.
18 A.   Okay.
19 Q.   I'm going to call those the Securus parties.
20 A.   Okay.
21 Q.   You don't have anything in your declaration or any
22 document or anything in your testimony where you have
23 knowledge that any of the Securus parties provided a copy of
24 the McAlexander rebuttal report to Gruber Hurst.
25 A.   No.

PAMELA J. WILSON, CSR/RMR/CRR
U.S. DISTRICT COURT - 214.662.1557

S.R. App. 007

```
 1  Q.   And you don't have any knowledge that they encouraged or
 2  asked Gruber Hurst to provide that document to anybody in the
 3  Combined Communications case or any other lawsuit?
 4  A.   No, sir.
 5            MR. LOWENSTEIN:  Pass the witness, Your Honor.
 6            MS. MANGOLD:  Your Honor, I have nothing further.
 7            THE COURT:  Mr. Mateja.
 8            MR. MATEJA:  No, Your Honor.
 9            THE COURT:  Just before you leave, just so I -- so
10  I can be clear, the -- the agreed motion which was -- became
11  the amended order by -- or was adopted by Judge Fitzwater in
12  his amended order didn't expunge anything, it sealed the
13  docket entries, so that the documents themselves, they exist,
14  they're -- the access to them is limited.
15       So do you believe that that means somehow that the
16  representations made in that -- in those documents that have
17  been sealed are somehow not a part of the record anymore?
18            THE WITNESS:  I believe they are part of the
19  record, Your Honor, and I believe that these -- all of these
20  documents were -- the report itself was public for many
21  months also and it was then thereafter sealed, but all of the
22  parties included here, counsel had copies of the report and
23  recommendations.
24            THE COURT:  So then would you -- would it be your
25  position that the positions that you took back then as VAC's
```

1   made no search --

2   A.   No, that is not my testimony.

3        You asked if an electronic search was made.

4        We did not have the document.  When this issue came up

5   before we knew we did not have the document.  I followed up

6   with the Gruber firm.  They acknowledged, sent the letter.  I

7   saw a copy of the letter regarding the document.  We checked

8   our files.  At that time and we did not have the document.

9   We still don't have the document.  We've never had the

10  document.

11  Q.   Then I guess, if that be so, if the court were to order

12  an outside vendor to make its own independent search, you

13  would have no objection.

14  A.   I would have a huge objection.

15  Q.   Why?

16  A.   Because we're a direct competitor with your client.  We

17  will never under any circumstances allow someone to come in

18  and search our data, because there will be extremely harmful

19  competitive information that your client likes to get.  So

20  the answer is no we will not allow that.

21  Q.   Even to provide an independent report to the court for

22  its in camera review.  Is that your testimony?

23  A.   Yes.  That's my testimony.

24  Q.   We know, don't we, sir, that a law firm under your

25  employee -- under your employee (sic) released this

1  confidential document in an unrelated litigation in the
2  Consolidated case and the Pinnacle case?  We know that
3  happened.
4  A.   Well, that's your allegation.  I don't know that
5  happened.  That's your point in this lawsuit, not mine.
6  Q.   Well, have you -- have you read the -- the letters or
7  declarations of Mr. Magee?
8  A.   Yes, I have.
9  Q.   Is it -- having read all of that --
10  A.   It appears that there was some inadvertent disclosure.
11  Q.   I only asked you if they had been produced outside and
12  the answer to that is admittedly yes.
13  A.   I don't have any firsthand knowledge of that as I said
14  before.  We've never had the document, nor have I ever seen
15  the document.  I can only rely upon what the letters say.
16  Q.   Now, and is it so that when that release was made,
17  forget inadvertence/intentional, it was done by law firms
18  employed by Securus and T-Netix?
19  A.   That's certainly your allegation.
20  Q.   Well, it's true, isn't it?
21  A.   I'm not sure.  I believe that the release actually came
22  from Stites & Harbison, but that's just my theory.
23  Q.   You believe what?
24  A.   The document came from Stites & Harbison, which was the
25  former Combined law firm.  But, again, all I know is what

```
 1              THE COURT:  Okay.
 2              MR. MATEJA:  Pass the witness, Your Honor.
 3              MR. LOWENSTEIN:  I don't remember the order.
 4         Do I get to go next or does Mr. Cooter?
 5              THE COURT:  If you want to go next.  I was going to
 6    call Mr. Cooter, but if you want to go next.
 7              MR. LOWENSTEIN:  I'll be brief.
 8              THE COURT:  Okay.
 9              MR. LOWENSTEIN:  If I can escape from your jury
10    box, Your Honor.
11                         CROSS EXAMINATION
12    BY MR. LOWENSTEIN:
13    Q.   Mr. Magee, just a few questions.
14         When you were doing this entire document production
15    process in the 2010 time frame, did you receive a copy of the
16    McAlexander rebuttal report from the client, Securus,
17    T-Netix, Mr. Reinhold, Mr. Smith, anyone from within the
18    Securus parties holds?
19    A.   No.
20    Q.   Did you send a copy of it to them?
21    A.   No.
22    Q.   Did anyone from Securus, including Mr. Smith or
23    Mr. Reinhold, ever direct you to produce a copy of the
24    McAlexander rebuttal report to anyone in the litigation you
25    were involved with?
```

```
 1    A.    No.
 2              MR. LOWENSTEIN:  Pass the witness
 3              MR. COOTER:  I don't know how much time I have.
 4        What is your practice here?
 5          ·   THE COURT:  Let's see how far we get.
 6                        CROSS EXAMINATION
 7    BY MR. COOTER:
 8    Q.    Sir, it's true, is it not, that at some point you became
 9    aware that there was a protective order that had been issued
10    in this case that precluded the dissemination of the
11    McAlexander, whatever the fellow's name, rebuttal report, to
12    anyone other than counsel?
13        You learned that at some point, didn't you?
14    A.    I wouldn't put it quite the way you put it.
15        I was aware that there was a protective order that meant
16    that we shouldn't have given it to Combined --
17    Q.    Said what?
18    A.    There was a protective order that meant we shouldn't
19    have given it to Combined and Pinnacle.  That's what I
20    understood.  So we need to snap it back from them.
21    Q.    Well, and we can agree, can't we, that you did give it
22    to Combined and Pinnacle?
23    A.    Inadvertently.
24    Q.    Gruber?
25    A.    It's Gruber Hurst, actually.
```

376

1

2                    C E R T I F I C A T I O N

3        I, PAMELA J. WILSON, CSR, certify that the foregoing is a

4    transcript from the record of the proceedings in the

5    foregoing entitled matter.

6        I further certify that the transcript fees format comply

7    with those prescribed by the Court and the Judicial

8    Conference of the United States.

9        This the 26th day of February, 2013.

10

11

12                              s/Pamela J. Wilson
                                PAMELA J. WILSON, RMR, CRR
                                Official Court Reporter
13                              The Northern District of Texas
                                    Dallas Division

14

15

16

17

18

19

20

21

22

23

24

25

*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | ECF |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

## DECLARATION OF DENNIS J. REINHOLD

Before me, the undersigned authority, on this day personally appeared the undersigned affiant, who, being by me duly sworn, stated on oath that:

1.      "My name is Dennis J. Reinhold.  I am of sound mind and capable of making this Declaration.  I am over the age of twenty-one years.  I am competent to testify to the matters contained in this Declaration.  Every statement made in this Declaration is made on personal knowledge and is true and correct.

2.      "I am employed as the Vice President, General Counsel and Secretary of Securus Technologies, Inc. ("Securus").  I have been employed by Securus since August 2005.

3.      "In my capacity as Securus' General Counsel, I am, among other things, responsible for managing Securus' legal affairs worldwide, including the hiring and oversight of outside counsel.  Gruber Hurst Johnson Hail LLP ("Gruber Hurst") is one of the firms which

1



EXHIBIT

tabbies

B

S.R. App. 014

Securus has retained to enforce Securus' and its affiliates', including T-Netix, Inc.'s ("T-NETIX"), patent portfolios.

4.      "Although the above-referenced lawsuit (the "Lawsuit") was commenced before I joined Securus, I am generally aware of the proceedings.

5.      "I am aware that a protective order was issued in the Lawsuit pursuant to which I, among others, was not permitted to access certain information produced by Value-Added Communications, Inc. ("VAC") designated as confidential in the Lawsuit.  Consistent with the protective order, neither I nor any other Securus or T-NETIX employee, to my knowledge, accessed or possessed any of VAC's confidential information designated as "counsel eyes only confidential information" or "highly confidential" ("Counsel's Eyes Only Information") produced in the Lawsuit at any point in time.

6.      "In or about April 2008, although I did not attend the hearing, I was aware that a contempt hearing was conducted in this matter relating to, among other things, Gruber Hurst's possession of certain confidential information of VAC's including, certain Counsel's Eyes Only Information subject to the protective order in this case, including an expert rebuttal report prepared by a technical expert T-NETIX retained in connection with the Lawsuit (the "McAlexander Rebuttal Report").

7.      "In or about April 2008, I was made aware that Gruber Hurst had represented to Securus' outside counsel in the Lawsuit and to VAC's counsel that Gruber Hurst had returned and/or destroyed all hard/working copies of VAC's confidential information in its possession and had deleted all electronic copies of VAC's confidential information from its database (including the McAlexander Rebuttal Report).  Therefore, I believed that Gruber Hurst no longer possessed any of VAC's confidential information produced in this Lawsuit.

2

8.      "In or about August 2008, Securus, its affiliate T-NETIX, and VAC negotiated and entered a global settlement of the Lawsuit.  A material part of the consideration for settlement was the resolution of the contempt issues addressed at the April 2008 contempt hearing.  I understood all issues relating to the Lawsuit, including Gruber Hurst's possession of VAC's confidential information, to be resolved upon execution of the settlement agreement.

9.      "On or about August 24, 2012, I was informed of the general allegations made against me, Richard A. Smith, Securus, and T-NETIX related to the McAlexander Rebuttal Report and the protective order in the Lawsuit.

10.     "I have never seen the McAlexander Rebuttal Report.  I have never accessed or possessed the report and have not been informed of the contents of the McAlexander Rebuttal Report.

11.     "Prior to August 24, 2012, within my knowledge, VAC had not contacted Securus, T-NETIX, or any of its outside counsel regarding any alleged improper possession or production of the McAlexander Rebuttal Report.

12.     "I am aware that Gruber Hurst apparently accidentally produced the McAlexander Rebuttal Report in other litigation in which Gruber Hurst is representing Securus in 2010.  I have no knowledge of how this happened, as my understanding was that in or around April 2008 Gruber Hurst had returned and/or destroyed all copies of VAC's confidential information produced in the Lawsuit in Gruber Hurst's possession.

13.     "To my knowledge, no one at Securus or T-NETIX ever saw or possessed the McAlexander Rebuttal Report.  To my knowledge, no one at Securus or T-NETIX was ever informed of the contents of the McAlexander Rebuttal Report.

3

14.    Gruber Hurst did not receive any of VAC's confidential information from Securus, T-NETIX, or me.

15.    "I did not direct, participate in, or acquiesce to Gruber Hurst's re-acquisition, retention, or dissemination of documents subject to the protective order in the Lawsuit.  Gruber Hurst did not consult with me prior to producing documents subject to the protective order in the Lawsuit in other litigation.

16.    "In fact, no one at Securus or T-NETIX participated, directed, authorized, or acquiesced to Gruber Hurst's re-acquisition, retention, dissemination, or production of documents subject to the protective order in the Lawsuit.

17.    "I declare under penalty of perjury that the foregoing is true and correct."


Executed on November 30 2012.

DENNIS J. REINHOLD


1104447

4

*TO BE FILED UNDER SEAL*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | ECF |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

## DECLARATION OF RICHARD A. SMITH

Before me, the undersigned authority, on this day personally appeared the undersigned affiant, who, being by me duly sworn, stated on oath that:

1.     "My name is Richard A. Smith ("Smith"). I am of sound mind and capable of making this Declaration. I am over the age of twenty-one years. I am competent to testify to the matters contained in this Declaration. Every statement made in this Declaration is made on personal knowledge and is true and correct.

2.     "I am employed as the President and Chief Executive Officer of Securus Technologies, Inc. ("Securus"). Securus is a supplier of detainee communications and information management solutions, serving approximately 2,200 corrections facilities and over 850,000 inmates nationwide. I have been employed at Securus since June 2008.

1

EXHIBIT

tabbies

C

S.R. App. 018

3.     "In my capacity as President and CEO, I am responsible for managing the business affairs of Securus, including the development and implementation of strategic business and operational plans, identifying acquisition and merger opportunities, and general oversight of company operations and corporate officers.

4.     "Although I am generally aware of Securus' efforts to enforce its patent portfolio and other litigation, I am not personally or directly involved in litigation. Rather, I delegate responsibility for managing legal affairs to Dennis J. Reinhold, Securus' Vice President, General Counsel and Secretary.

5.     "I have been made generally aware of the allegations asserted against me in the above-referenced lawsuit (the "Lawsuit") and understand that the allegations relate to a rebuttal expert report prepared by a technical expert retained by T-Netix, Inc. in connection with the Lawsuit (the "McAlexander Rebuttal Report") and the protective order in the Lawsuit.

6.     "I have never accessed or been in possession of any confidential business information produced by VAC in the Lawsuit, including the McAlexander Rebuttal Report. In fact, I have never accessed, possessed, or even seen any documents produced by VAC in the Lawsuit, including the McAlexander Rebuttal Report. I have never been informed of the contents of the McAlexander Rebuttal Report.

7.     "Until I was named as a respondent in this proceeding, I was not aware of any dispute regarding the handling of VAC's confidential information, subsequent to 2008.

8.     "I did not direct, participate in, or acquiesce to Gruber Hurst's re-acquisition, retention, or dissemination of documents subject to the protective order in the Lawsuit. Gruber Hurst did not consult with me prior to producing documents subject to the protective order in the Lawsuit in other litigation.

2

S.R. App. 019

9.      "I have not directed, consented to or participated in any document production undertaken by Gruber Hurst on behalf of Securus.

10.     "Gruber Hurst did not receive any of VAC's confidential information from me.

11.     "Gruber Hurst has never consulted with me prior to producing documents in any litigation in which Gruber Hurst represented Securus or any of its affiliates.

12.     "I declare under penalty of perjury that the foregoing is true and correct."


Executed on November 30, 2012.

_____
Richard A. Smith


110445

3

S.R. App. 020