*TO BE FILED UNDER SEAL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **T-NETIX, INC.** ) | |
| ) | |
| *Plaintiff/Counter-Defendant* ) | |
| ) | |
| **v.** ) | |
| ) | |
| **VALUE-ADDED COMMUNICATIONS,** ) | |
| **INC.** ) | **Case No. 3-05-654-D** |
| ) | |
| *Defendant/Counter-Plaintiff* ) | |
| **v.** ) | |
| ) | |
| **SECURUS TECHNOLOGIES, INC.** ) | |
| ) | |
| *Counter-Defendant* ) | |
| _____ ) | |

**VALUE-ADDED COMMUNICATIONS, INC'S MEMORANDUM OF LAW IN**
**SUPPORT OF ITS RESPONSE TO GRUBER HURST'S LIMITED OBJECTIONS TO**
**THE UNITED STATES MAGISTRATE JUDGE'S MARCH 28, 2013 FINDINGS,**
**CONCLUSIONS AND RECOMMENDATIONS**

Pursuant to Fed. R. Civ. P. 72(b), Northern District of Texas Local Rules 72.2 and 7.2, and 28 U.S.C. §636(b)(1), Defendant/Counter-Plaintiff Value-Added Communications, Inc. ("VAC"), respectfully submits the following Response to Gruber Hurst's Limited Objections to the Magistrate Judge's March 28, 2013 Findings, Conclusions, and Recommendations ("Findings") (ECF #309)(VAC-Appx. 001):

Gruber Hurst has filed three limited objections to the Findings: 1) that the Magistrate Judge could not invoke the Court's inherent power in determining whether to impose a finding of contempt or other sanction because to do so exceeds this Court's Order of Reference; 2) that the Magistrate Judge found that during the 2008 hearing, Judge Sanderson issued a directive with which Gruber Hurst was required to comply; and 3) that the Magistrate Judge used the wrong

test (substantial compliance rather than bad faith) to govern its inquiry in determining whether to certify facts supporting a contempt under the Court's inherent power.

VAC submits that the Magistrate Judge's consideration of the availability of contempt under the Court's inherent power is not beyond the Order of Reference ("Order")(ECF #228).[1] The Order refers VAC's Application for Show Cause ("Show Cause Application")(ECF #202) to the Magistrate Judge.  In its Brief which was filed simultaneously with its Show Cause Application, VAC argued that Gruber Hurst's conduct was contemptuous, and specifically cited Gruber Hurst's violation of Judge Sandeson's directive to return the confidential documents. Show Cause Brief at ¶¶13-16 (ECF #204).  Although VAC argued that the failure to return the documents constituted a violation of the Protective Order itself, Judge Toliver properly concluded that the violation of the directive could also be considered under the Court's inherent power.  It was not beyond the scope of the Order to do so.[2]

---

[1]  Despite the availability of the Court's inherent power, it is VAC's position that Gruber Hurst, as attorneys for T-Netix/Securus, can be found in contempt for violating the Protective Order, without having to resort to the Court's inherent power.  VAC's arguments with regard to the propriety of holding Gruber Hurst in contempt for violating the Protective Order are set forth in VAC's  Memorandum of Law in Support of its Objections to the United States Magistrate Judge's Findings ("VAC Objections")(ECF #312).

[2]  Moreover, civil contempt is itself a creature of the Court's inherent power.  *See In re Bradley*, 588 F3d 254, 265 (5th Cir 2009)(*citing Spallone v. United States,* 493 U.S. 265, 276, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990) (referring to "the axiom that courts have inherent power to enforce compliance with their lawful orders through civil contempt." (internal quotation marks omitted)); *NASCO, Inc. v. Calcasieu Television & Radio, Inc.,* 894 F.2d 696, 702 (5th Cir.1990) ("[F]ederal courts have inherent power to police themselves by civil contempt, imposition of fines, the awarding of costs and the shifting of fees.")).

2

Judge Toliver's consideration of the Court's inherent power, even if not squarely within the Order, was an appropriate exercise of authority for a magistrate judge under 28 USC §636(e)(6)(B).  The contempt authority conferred in that subsection of the statute applies to non-consent cases under §636(b) , and confers authority on magistrate judges to "certify facts" amounting to a civil contempt.  28 USC §636(e)(6)(B)(iii).   It would be an inappropriate restriction on the Court's ability to ensure the integrity of its own cases for the Magistrate Judge to be foreclosed from considering a contempt sanction (and "certifying facts" in relation thereto) simply because "the Court's inherent authority" was not explicitly identified in the Order.

Gruber Hurst's second argument is that "Magistrate Judge Sanderson's directions to Gruber Hurst did not rise to the level of an order; rather, he *merely stated* that he 'want[ed those documents returned to counsel" and his *belief* that the documents 'need[s] [sic] to go back." Gruber Hurst Objection at 2 (citing 4/16/08 Hrg. Tr. at 70:7-8; 69:15)(emphasis added).  Gruber Hurst's contention that Judge Sanderson's did nothing more than "merely state" or express a "belief" is astounding, coming not from a *pro se* litigant, but from officers of this Court.  The full directive from Judge Sanderson is as follows:

> the short answer is that needs to go back right now.  If you and your firm want to formally enter an appearance as the third counsel representing T-Netix in this case, then so be it.  But I think there are all kinds of confusions here when you are representing T-Netix or Securus in an Eastern District case.  So let's get that back right now.
>
> ***
>
> I do want those documents returned to counsel whose appearance has already been entered in the case.  Now, if you wish to enter an appearance formally ... you are then thereafter entitled to access under the terms of the confidentiality order.
>
> ***
>
> I am not going to go further in that issue after I have received the assurances that

everything has been clawed back and that any documents that are presently in the Gruber firm's possession are going to be returned to you [counsel for VAC] here sometime today or tomorrow.

*See* Hrg. Tr. at 69:14-20; 70:7-16; 71:20-24 (VAC-Appx. 492-94).

A few days later, Judge Sanderson issued his Report, which states:

[Gruber Hurst partner]Eric Tautfest agreed  – pursuant to the undersigned magistrate judge's oral directive at the hearing  – that copies of any documents which had been produced by VAC in this case under the agreed protective order and which the Gruber law firm had received from T-Netix's counsel of record in this case would be destroyed or returned by the Gruber law firm unless or until the Gruber law firm entered its formal appearance as counsel of record for T-Netix in this action.

Report at 6  (VAC-Appx. 504).  Gruber Hurst cannot seriously contend that Judge Sanderson did not issue an order.  The directive was a directive, not a suggestion.  The fact that Judge Sanderson issued the directive at the hearing does not make it any less of an order, the violation of which subjects Gruber Hurst to contempt.  *In re Bradley*, 588 F.3d 254, 265-66 (5th Cir. 2009)(civil contempt power reaches conduct in violation of oral injunction).

Gruber Hurst's further contention is that because Judge Sanderson allowed Gruber Hurst the option of returning the documents or entering an appearance in the case, the order does not require "certain conduct" and therefore, disobedience is not subject to contempt.  The "certain conduct" ordered by Judge Sander was clear: *either* enter an appearance or return the documents.  Once Gruber Hurst did not enter an appearance, obedience with Judge Sanderson's directive could only be accomplished by returning the confidential documents.  That is undisputably "certain conduct."

Gruber Hurst's third objection is that Judge Toliver employed a substantial compliance analysis to determine whether a finding of contempt under the Court's inherent powers was appropriate.  As set forth in VAC's Objections (ECF #312), Gruber Hurst did not even

4

substantially comply, because it did not take *all reasonable steps* to comply immediately

following the April 2008 Hearing (*i.e.,* narrow and limited attempt at compliance, no follow-up,

no verification by information technology specialist). *See* VAC Objections at 17-21. Moreover,

there was **no compliance** once Gruber Hurst partner Anthony Magee discovered, in August

2010, that he had improperly disseminated the McAlexander Rebuttal Report ("McAlexander

Report"), which was subject to the Counsel Eyes Only designation under the Protective Order.

Magee failed to alert counsel for VAC, Stephanie Clouston, this Court, or any Court, that Gruber

Hurst possessed and had disseminated the McAlexander Report. Whatever Mr. Magee's state of

mind when Gruber Hurst disseminated the McAlexander Report in early August 2010, by late

August 2010 there can be no doubt that Magee knew that Gruber Hurst was in possession of a

document it was not allowed to possess under the terms of the Protective Order, as had been

explained to him by Gruber Hurst attorney Michael Lang. 2/25 Hrg. Tr. 272:5 - 273:6 (VAC-

Appx. 303-04)(Magee testimony regarding his discussion with Mr. Lang). VAC submits that his

knowledge – and failure to act – is evidence of bad faith. When asked (at the February 25th

Hearing) why he simply did not advise the CPC and Pinnacle Courts[3] that Gruber Hurst had the

McAlexander Report and needed to send it back or delete it, Mr. Magee responded: "I didn't

think I needed to tell the court at that point. This was an ongoing issue which I expected to be

resolved." 2/25 Hrg. Tr. 310:24 - 311:4. Yet, Mr. Magee and Gruber Hurst took no steps to

resolve it, and clearly, it was never resolved. Thus, with knowledge that it had a document it

---

[3] *T-Netix, Inc. v. Combined Public Communications, Inc.*, 3:09-cv-00743-CRS-DW, in
the United States District Court for the Western District of Kentucky (Bowling Green
Division)("the CPC Action"), and *T-Netix, Inc. v. Pinnacle Public Services LLC*,
2:09-cv-00333-JRG, in the United States District Court for the Eastern District of Texas
(Marshall Division)("Pinnacle Action").

was not entitled to possess, Gruber Hurst failed to take *any* steps in 2010, in 2011, or in 2012,[4] to rectify its improper continued possession, either by alerting VAC or any court, ***including this Court***.   By solely focusing on the circumstances following the 2008 contempt proceedings, and the snap-back effort following the 2010 dissemination in the CPC and Pinnacle Actions, the Findings completely ignore the bad faith inherent in the continued retention of the McAlexander Report following its production in 2010.

As VAC argued in its Objections, Gruber Hurst's bad faith is further demonstrated by Mr. Magee's communications with Ms. Clouston in August 2010.  VAC submits that the only fair interpretation of these communications (described in detail at pages 14-17 of VAC's Objections) is that Mr. Magee intentionally communicated to Ms. Clouston in such a way that she was not alerted to the fact that Gruber Hurst possessed, and had disseminated, the McAlexander Report, and affirmatively represented to Ms. Clouston that he had not seen the report (which contained invalidity contentions) and that is why he was trying to obtain VAC's consent to produce the report.  Even giving Gruber Hurst the benefit of Mr. Magee's version of what he "did not know" when he originally communicated with Ms. Clouston,[5] even on his testimony, he knew about the McAlexander Report on August 26th (2/25 Hrg. Tr.  301:12 - 302:7 (VAC Appx.332-33)), a day after his e-mail to Ms. Clouston where he represented to her that he

---

[4]  Only after this Court reopened the case did Gruber Hurst offer to purge the McAlexander Report from its database.  *See generally* Motion to Purge (ECF #263 at p. 3)(describing communications in November 2012).

[5]  Mr. Magee claims he did not know that the McAlexander Report contained the invalidity contentions or that it was subject to the Protective Order.  As set forth in its Objections, it is VAC's position that these claims of "not knowing" are belied by Mr. Magee's written communications at the time.  *See* VAC Objections at 14-17.

had "not seen these [invalidity] contentions because of the prohibitions contained in the protective order." VAC Hrg. Exh. 10 (August 25, 2010 e-mail from Magee to Clouston)(VAC-Appx. 527). VAC submits that Mr. Magee's failure to follow-up with Ms. Clouston and to alert her of Gruber Hurst's possession and dissemination of the McAlexander Report, particularly following his representation that he had not seen the invalidity contentions, is evidence of bad faith. Thus, even if the Findings considered the issue of substantial compliance in the context of the Court's inherent power, there is also sufficient evidence of bad faith, demonstrated by a lack of substantial compliance in 2008,[6] a failure to comply in early August 2010 by the wholesale production of documents without any substantive review, Mr. Magee's misleading communications (either by commission or omission) in late August 2010, and the failure to take any steps - in 2010 or thereafter - to deal with the fact that Gruber Hurst was in possession, and had disseminated a document it was not entitled to possess.

In addition, VAC argued, in a submission after the February 25th hearing, the totality of the circumstances supports a finding of bad faith. VAC Response to Gruber Hurst's Post-Hearing Brief (ECF #281). These circumstances include Gruber Hurst's representations to Judge Sanderson (or silence, in the face of T-Netix/Securus' counsel of record's representations

---

[6] As set forth in VAC's Objections, Gruber Hurst's singular efforts on the afternoon of April 16, 2008 do not establish "substantial compliance," as there was no follow-up, or confirmation with a information technology specialist (either within the firm or the firm's outside vendor that transferred the Summation database – and the McAlexander Report) two weeks after the April 2008 Hearing before Judge Sanderson. *See Mendoza v. Regis Corp.*, SA-01-CA-0937- FB, 2005 WL 1950118 (W.D. Texas Aug. 11, 2005)(lack of substantial compliance where the record did not present any evidence that the defendant "took any action beyond normal procedures to ensure the deletion" of violating telephone listings, or that it " it ever took the initiative to follow up" with telephone directory personnel to make sure that directories were in compliance with an injunction.

that the documents would be returned); its failure to effectively purge the document when it was directed to do so in 2008 (and upon which Judge Sanderson's Report was predicated); its failure (as described above) to advise Ms. Clouston that it possessed, and had already disseminated the McAlexander Report, at the same time Mr. Magee represented to her that he had not "seen [the invalidity contentions]" (VAC Hrg. Exh. 10); its failure, in 2010, 2011 or 2012, to take steps to alert VAC, or any court, about its continued possession and dissemination of the Report; and its failure to ever try to determine whether the McAlexander Report resided on any other type of storage media, so it could be completely and effectively purged.

Gruber Hurst's unsubstantiated persistence that it is counsel "in this action" should also be considered in determining whether it is in bad faith. In an effort to demonstrate the appropriateness of its continued possession of the McAlexander Report, Gruber Hurst, at the February 25th Hearing (and in Post-Hearing Briefing), returned to its argument that the firm is "counsel in the action." Of course, this argument was rejected as "wholly unworthy of belief" by Judge Sanderson after he considered the argument and reviewed the evidence presented to him at the 2008 hearing. VAC Hrg. Exh. 3 (Report at 7)(VAC Appx. 505) . The resurrected argument is refuted by the fact that Gruber Hurst failed to enter its appearance as counsel in this action when invited to do so by Judge Sanderson in 2008. Yet, Gruber Hurst persisted in this position at the February 25th Hearing when Mr. Tautfest again tried to support the contention that Gruber Hurst was counsel "in this action" when it obtained the Counsel Eyes Only documents in 2007. 2/25 Hrg. Tr. at 190:6-10, 191:23 - 192:7 (VAC Appx. 221-23).[7] The position that the firm was

---

[7] Incredibly, in an apparently totally new argument, and further distortion of the plain meaning of the Protective Order, Gruber Hurst elicited testimony from Mr. Tautfest (at the February 25 hearing) that Gruber Hurst was entitled to the Counsel Eyes Only documents as "a

8

"counsel" entitled to possess the McAlexander Report was repeated in Gruber Hurst's Post-Hearing Briefing.  *See, e.g.*,  Post Hearing Brief at 21  (ECF #271)("While VAC might argue that Gruber Hurst was required to destroy the Report [after this litigation concluded], the Protective Order did not require Gruber Hurst to destroy the document.  Section 26 provides that *counsel* shall be entitled to maintain copies of all written discovery requests and responses.")(Emphasis added).  Of course, "counsel" is defined in Paragraph 9 of the Protective Order as "outside attorneys retained by the parties *to work on this litigation.*"  (VAC Hrg. Exh. 1)(emphasis added).  All of these circumstances, especially when considered in their totality, support a finding of bad faith, and exercise of the Court's inherent power to issue a contempt sanction against Gruber Hurst.

## CONCLUSION

For the foregoing reasons, VAC respectfully requests that the Court reject  Gruber Hurst's Limited Objections to the Magistrate's Report and Recommendation.

---

technical adviser."  2/25 Hrg. Tr. at 188:18-191:9.

Respectfully submitted,

/s/ Steven N. Williams
Steven N. Williams
Bar No. 21577625
Kenneth P. Kula
Bar No. 24004749
MCDOLE & WILLIAMS, PC
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
Telephone: (214) 979-1122
Facsimile: (214) 979-1123
Email: swilliams@mcdolewilliams.com

/s/ Dale A. Cooter
Dale A. Cooter
Donna S. Mangold
COOTER, MANGOLD, DECKELBAUM
& KARAS, LLP
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
(202) 537-0700 (tel.)
(202) 364-3664 (fax)
efiling@cootermangold.com

April 25, 2013                    *Attorneys for Defendant/Counter-plaintiff
                                 Value Added Communications, Inc.*

## CERTIFICATE OF SERVICE

On this 25th day of April 2013, I electronically submitted the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or  by another manner authorized by F.R.Civ.P. 5(b)(2).


/s/ Dale A. Cooter
Dale A. Cooter