IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC. | ) | |
| | ) | |
| *Plaintiff/Counter-Defendant* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALUE-ADDED COMMUNICATIONS, | ) | |
| INC. | ) | Case No. 3-05-654-D |
| | ) | |
| *Defendant/Counter-Plaintiff* | ) | |
| v. | ) | *TO BE FILED UNDER SEAL* |
| | ) | |
| SECURUS TECHNOLOGIES, INC. | ) | |
| | ) | |
| *Counter-Defendant* | ) | |
| | ) | |

**VALUE-ADDED COMMUNICATIONS, INC'S REPLY TO SECURUS RESPONDENTS'
RESPONSE TO VAC's OBJECTIONS TO THE UNITED STATES MAGISTRATE
JUDGE'S MARCH 28, 2013 FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

Dale A. Cooter
Donna S. Mangold
COOTER, MANGOLD, DECKELBAUM
& KARAS, LLP
5301 Wisconsin Avenue, NW, Suite 500
Washington, DC 20015
(202) 537-0700 (tel.)
(202) 364-3664 (fax)
efiling@cootermangold.com

Steven N. Williams (Bar No. 21577625)
Kenneth P. Kula (Bar No. 24004749)
MCDOLE & WILLIAMS, PC
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
Telephone: (214) 979-1122
Facsimile: (214) 979-1123
swilliams@mcdolewilliams.com
*Attorneys for Defendant/Counter-plaintiff*
*Value Added Communications, Inc.*

Pursuant to Fed. R. Civ. P. 72(b), Northern District of Texas Local Rules 72.2 and 7.2, and 28 U.S.C. §636(b)(1), Defendant/Counter-Plaintiff Value-Added Communications, Inc. ("VAC"), respectfully submits the following Reply to the Securus Respondents' Response to VAC's Objections to the Magistrate Judge's March 28, 2013 Findings, Conclusions, and Recommendations ("Findings") (ECF #309)(VAC-Appx. 001):

## I. EVEN IF GRUBER HURST IS A "SPECIAL AGENT" THAT DOES NOT PRECLUDE A CONTEMPT FINDING AGAINST THE SECURUS RESPONDENTS

Although Gruber Hurst has never been counsel of record for T-Netix/Securus in this action, it has, at all times relevant to this contempt proceeding, been counsel of record for T-Netix/Securus in other patent litigation, and its actions with regard to the confidential documents were in furtherance of its representation of T-Netix/Securus in the other litigation. That litigation included all three cases where Counsel Eyes Only material from this action was improperly disseminated: the 2006 GTL Action (in the Eastern District of Texas)[1], the Combined Action (in the Western District of Kentucky), and the Pinnacle Action (in the Eastern District of Texas). Following Judge Sanderson's April 2008 Report & Recommendation ("Report"), neither Gruber Hurst, nor T-Netix/Securus, either through Reinhold, Smith, Bell Nunnally, or anyone else – took the lead to make sure the document return and destruction was complete, effective, and in strict

---

[1] At the time of the 2008 contempt proceeding in this case, T-Netix/Securus was also involved in litigation with Global Tel*Link Corporation ("GTL"), in *T-Netix, Inc. et al., v. Global Tel-Link Corporation,* No. 2:06-CV-00426 - TJW, in the Eastern District of Texas, Marshall Division ("2006 GTL Action"). Although GTL is now VAC's parent, at the time this action and the 2006 GTL Action were ongoing, VAC and GTL were competitors. Respondent Gruber Hurst represented T-Netix/Securus in the 2006 GTL Action; VAC was not a party in that action.

compliance with the Protective Order and Judge Sanderson's directive at the hearing, and upon which his Report was based. This is despite the fact that at the April 2008 Hearing (and akin to Gruber Hurst now "falling on its sword"), Mr. Bower (Bell Nunnally) appealed to Judge Sanderson: "T -Netix humbly and apologetically represents to this court and to counsel its apologies for not following the technical procedural requirements of the agreed protective order." 4/18/08 Hrg. Tr. at 55:5-8 (VAC Appx. 478). There can be no doubt that Securus/T-Netix, by the conduct of its agent and attorney, Gruber Hurst, has once again violated the Protective Order by retaining and disseminating the McAlexander Rebuttal Report, and failing to alert VAC. As set forth in the VAC's Objections (at page 23), it is well-established that a client "is deemed bound by the acts of his lawyer-agent." *United States v. Villanueva-Diaz*, 634 F.3d 844, 852 n.4 (5th Cir. 2011) *cert. denied*, 132 S. Ct. 110, 181 L. Ed. 2d 36 (U.S. 2011); *Estel v. Bigelow Mgmt., Inc.*, 323 B.R. 918, 924 (E.D. Tex. 2005)("clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds").

As the Securus Respondents state in their Response, VAC's theory of liability as to T-Netix/Securus is "grounded on a principal/agent theory" based on the attorney-client relationship between Gruber Hurst and T-Netix/Securus. *See* Securus Response at 9. But that does not mean that VAC concedes or should have anticipated the Securus Respondents' present argument, adopted by Judge Toliver, that Gruber Hurst was a "special agent" that exceeded its authority by obtaining, retaining and disseminating the McAlexander Report. As set forth in VAC's Objections, the Securus Respondents raised this argument for the first time in briefing following the February 25th Hearing, and VAC never had an opportunity to examine witnesses about, or otherwise respond to this new argument. *See* VAC Objections at 23 & n.23. The Securus

2

Respondents now contend that "VAC complains it was not aware that agency law would govern its claim against the Securus Respondents." Securus Response at 10. That is not VAC's objection. Although principles of agency necessarily govern this case, the Securus Respondents had never before, in any briefing prior to the post-hearing briefing, asserted that Gruber Hurst exceeded its authority.

In its Objections, VAC substantively addressed the "special agent" issue under Texas law. Although an attorney is a "special agent," the attorney's authority includes "those powers necessary to the proper fulfillment of the duties cast upon him by such employment." *See* VAC Objections at 23-24 & n.24 (citing numerous cases, including *Duval County Ranch Co. v. Alamo Lumber Co.,* 663 S.W.2d 627, 633 (Tex. App. 1983) (client bound by statements in telegram sent by attorney, because the telegram was sent "within the purview" of relationship, even if statements not authorized); *Glass v. Anderson,* 596 S.W.2d 507, 509 (Tex.1980)(client bound by letter written by attorney repudiating several of the client's contracts, even if not authorized, because where the attorney represented the client generally in a transaction, the client is "bound by the acts or omissions of the attorney ... in the accomplishment of the purpose for which he was retained"); *Arbuckle Broadcasters, Inc. v. Rockwell Int'l Corp.,* 513 F. Supp. 412, 419 (N.D. Tex. 1981)(relying on *Glass* to conclude that client bound by attorneys' pursuit of certain claims because they were within the scope of the attorneys' representation, even if they had not been explicitly authorized)).

In their Response, other than to simply acknowledge VAC's cited cases, the Securus Respondents wholly fail to respond to VAC's argument and supporting case law that the attorney's authority includes "those powers necessary to the proper fulfillment of the duties cast

3

upon him by such employment." VAC Objections at 23. The Securus Respondents do not attempt to distinguish, or in any other way to address the cases cited by VAC, other than to say that VAC has not cited any case involving a violation of a court order. Rather, they simply cite two cases for the general principle that an attorney is a special agent (*Heine v. Schendel*, 797 S.W.2d 278, 280 (Tex. App. — Corpus Christi, 1990), and *Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex. Civ. App. — Texarkana, 1955, writ ref'd n.r.e.)). Securus Response at 7. VAC submits that Gruber Hurst's conduct can, and should, be attributed to the Securus Respondents, because it was within the authority delegated as counsel for T-Netix/Securus in the other patent litigation to obtain "documents in connection with another case ... ." 2/25 Hrg. at 109:20-23 (VAC-Appx. 140)(testimony of Dennis Reinhold). That is what Gruber Hurst was doing when it originally acquired, and later disseminated, the Report in other patent litigation where T-Netix/Securus was a party.

## II.    A FINDING OF CONTEMPT AGAINST SMITH AND REINHOLD IS APPROPRIATE

As officers of the corporation, Smith and Reinhold are responsible for ensuring compliance with this Court's orders, and it is clear that they did absolutely nothing, following the earlier contempt hearing, to ensure that the Counsel Eyes Only material was effectively purged in 2008, or the issue properly addressed in 2010. Although T-Netix/Securus was a party to the Protective Order, it is the position of the Securus Respondents that Smith and Reinhold had absolutely no responsibility for the corporation's compliance with the order. Because a corporation can only act through its officers and employees, it is incumbent on them to take appropriate steps to ensure compliance with a court's orders. The Securus Respondents attempt

to distinguish *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 53 F. Supp. 2d 909 (N.D. Tex. 1999)

*aff'd*, 228 F.3d 574 (5th Cir. 2000), by focusing on the district court's finding that

communications by the union officials violated a TRO in that the communications "expressly

authorized and encouraged" union members to continue their sick-out in violation of a TRO.

Response at 6.   The Securus Respondents draw a distinction here, arguing that VAC has not

produced evidence of Reinhold's and Smith's active involvement.   But the holding of *Am.*

*Airlines* is broader; as the district court stated:

> A business entity's officers can be held in contempt for their failure to cause their
> corporation (or an unincorporated association in this case181) to comply with a court's
> order. *Wilson v. United States*, 221 U.S. 361, 376–77, 31 S.Ct. 538, 55 L.Ed. 771 (1911);
> *Connolly v. J.T. Ventures*, 851 F.2d 930, 935 (7th Cir.1988) ("a command to the
> corporation is in effect a command to those who are officially responsible for the conduct
> of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance
> or fail to take appropriate action within their power for the performance of the corporate
> duty, they, no less than the corporation itself, are guilty of disobedience, and may be
> punished for contempt"); See also *N.L.R.B. v. Maine Caterers, Inc.*, 732 F.2d 689, 691
> (1st Cir.1984) ("[A]n officer, responsible for the corporation's affairs and for its
> disobedience, may be held liable for contempt.")

53 F. Supp. 2d at 941.   In affirming the district court, the Fifth Circuit made it clear that the

officials were properly found in contempt "for their *failure to use their best efforts to effectuate*

*the [union's] compliance with the TRO."   Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574,

581 n. 14 (emphasis added).

Here, perhaps because Securus/T-Netix viewed the original violation of the Protective

Order as "technical," it took absolutely no steps to ensure that Gruber Hurst complied with Judge

Sanderson's directive and the Protective Order.   Although acknowledging his role as manager of

outside counsel and litigation, his supervision over outside counsel, and Mr. Smith's supervision

over him (2/25 Hrg. Tr. 105:13 - 106:6),   Mr. Reinhold apparently perceives that he has "no

duty" to ensure compliance with the Protective Order.   With regard to the improper release of

the confidential documents, he testified:

> I didn't have a duty to do anything about it.  I never had the document in my possession,
> nor was it ever in Securus' possession.  Our outside counsel did a callback and told me
> about it, and so I had no further duty.

2/25 Hrg. Tr. 114:2-5 (VAC Appx. 145).   In their Response, the Securus Respondents ignore

this testimony.  Moreover, they have never offered any explanation why, following notification

about the 2010 improper dissemination and clawback, the Securus Respondents took no steps to

ensure compliance with the Protective Order by directing their counsel to contact VAC, VAC's

counsel, this Court, or the courts in the Pinnacle or Combined Actions about Gruber Hurst's

continued retention (and improper dissemination) of the McAlexander Report.  Rather, Gruber

Hurst simply held on to the Report, and alerted no one, depriving VAC of the opportunity to

protect its interests.

        The evolution of the facts in this case provide no assurances to VAC of the Securus

Respondents' protestations of innocence.  As set forth in the Objections, until the February 25th

Hearing, neither Gruber Hurst nor the Securus Parties ever provided any explanation for how

Gruber Hurst was able to access the McAlexander Report in August 2010.  Prior to that time, the

limited evidence on the issue was set forth in the Declarations submitted by Mr. Magee and Mr.

Tautfest as exhibits to the Respondents' Oppositions to the Motions to Reopen. *See* ECF # 220-

1 (Exhibits A (Magee Declaration) and B (Tautfest Declaration)).  Mr. Tautfest's Declaration

described his directions to the firm paralegal to delete the McAlexander Report on the afternoon

of April 16, 2008. Mr. Magee's Declaration describes his efforts (in 2010) to retrieve the

discovery documents in the 2006 GTL Action, an outside vendor's success in locating the

documents on the firm's Summation database, his dissemination of the Report in the Combined and Pinnacle Actions, and his claw-back efforts after discovering the Report was subject to the Counsel Eyes Only provisions in the Protective Order.   There was no explanation, until the day of the February 25th Hearing, as to how the Report was located on the Gruber Hurst server in 2010.  That explanation came from Mr. Cowen, who did his examination only two weeks before the February 25th Hearing.  Up through today, however, none of the Respondents have offered any explanation for why the effort to delete the Report was not successful on the afternoon of April 16, 2008.

Despite testifying that he learned about the improper dissemination of the McAlexander Report "sometime in 2011" (2/25 Hrg. Tr. 113:5-19)(VAC Appx. 144), Mr. Reinhold did not have an electronic search done of the T-Netix/Securus computer system until the week before the February 25th hearing.  2/25 Hrg. Tr. 114:6 - 115:10 (VAC Appx. 145-46).  Once it was designated as "Counsel Eyes Only," if the McAlexander Rebuttal Report was *ever* in the possession of Securus/T-Netix, it would be a further and additional violation of the Protective Order.  To test Mr. Reinhold's testimony that Securus/T-Netix "never" had the document, counsel for VAC asked Mr. Reinhold if he would object to an independent review of the Securus/T-Netix computers to verify his assertion.[2]  In response, Mr. Reinhold testified that he would have a "huge objection" to such a review  – even to an *in camera* review by the Court. 2/25 Hrg. Tr. 115:11 -23 (VAC Appx. 146).   In this one brief exchange, Mr. Reinhold revealed volumes about Securus/T-Netix respect for ensuring its obligations under the Protective Order.

---

[2] An independent forensic examination of the Gruber Hurst and Securus/T-Netix computers is part of the relief sought by VAC in this contempt proceeding.

7

The simple fact is that the Securus Respondents, including Messrs. Smith and Reinhold, have taken no steps to ensure compliance with this Court's Protective Order. Even if their failure to take steps in 2008 could be justified in reliance on Gruber Hurst's representations that it had returned or destroyed the Report, there is no explanation, or justification, for the Securus Respondents' failure to use their best efforts, let alone any efforts, to effectuate compliance with the Protective Order following the improper dissemination in 2010. As set forth above, Mr. Reinhold testified that Gruber Hurst told him about the "call back" of the document. Yet, in utter disregard of T-Netix/Securus' obligations under the Protective Order, Mr. Reinhold testified that he "had no further duty." 2/25 Hrg. Tr. 114:2-5 (VAC Appx. 145). Thus, Gruber Hurst continued to retain a document in its computer system it was not allowed to have, and the Securus Respondents took no steps to remedy that violation. In late 2011 – as in 2008– VAC learned that Gruber Hurst had possession of (and had disseminated) the McAlexander Rebuttal Report by pure happenstance: the violation of the Protective Order was discovered only because Ms. Clouston found the Report and related correspondence in materials that had been transferred to her as successor counsel for Combined. *See* VAC Hrg. Exh. 13 (VAC Appx.538); 2/25 Hrg. Tr. 55:9 (Clouston) (VAC Appx. 086). The Court's contempt powers should not be so circumscribed that a party to a Protective Order can cavalierly ignore its obligations under that order and claim innocence, despite the fact that the order is violated by its own counsel.

## III. CONCLUSION

For the foregoing reasons, and as set forth in VAC's Objections, VAC respectfully requests that Judge Toliver's Findings, Conclusions, and Recommendation be rejected.

Respectfully submitted,

/s/ Steven N. Williams
Steven N. Williams, Bar No. 21577625
Kenneth P. Kula, Bar No. 24004749
MCDOLE & WILLIAMS, PC
1700 Pacific Avenue, Suite 1280
Dallas, Texas 75201
Telephone: (214) 979-1122
Facsimile: (214) 979-1123
Email: swilliams@mcdolewilliams.com

/s/ Dale A. Cooter
Dale A. Cooter   (Admitted pro hac vice)
Donna S. Mangold (Admitted pro hac vice)
COOTER, MANGOLD, DECKELBAUM
& KARAS, LLP
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
(202) 537-0700 (tel.)
(202) 364-3664 (fax)
efiling@cootermangold.com

May 9, 2013                              *Attorneys for Defendant/Counter-plaintiff*
                                         *Value Added Communications, Inc.*

## CERTIFICATE OF SERVICE

On this 9th day of May 2013, I electronically submitted the foregoing document with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner authorized by F.R.Civ.P. 5(b)(2).

/s/ Dale A. Cooter
Dale A. Cooter

10