*TO BE FILED UNDER SEAL*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **T-NETIX, INC.,** | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | **Case No. 3:05-CV-0654-D (BK)** |
| | § | **Referred to the U.S. Magistrate** |
| **VALUE-ADDED** | § | **Judge** |
| **COMMUNICATIONS, INC.** | § | ECF |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **SECURUS TECHNOLOGIES, INC.** | § | |
| | § | |
| Counter-Defendant. | § | |

### SECURUS RESPONDENTS' RESPONSE TO
### VALUE-ADDED COMMUNICATIONS, INC.'S CLOSING ARGUMENT

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065
Alana K. Ackels
Texas Bar No. 24066760
**BELL NUNNALLY & MARTIN LLP**
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204
Telephone: (214) 740-1400
Telecopier: (214) 740-1499

Aubrey "Nick" Pittman
Texas Bar No. 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
Telephone: (214) 459-3454
Telecopier: (214) 853-5912

**ATTORNEYS FOR T-NETIX, INC.,
SECURUS TECHNOLOGIES, INC,
RICK A. SMITH, AND DENNIS J.
REINHOLD**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION .......................................................................................................................... 2

ARGUMENTS AND AUTHORITIES ........................................................................................... 3

    A.    VAC Has Not and Cannot Meet its Burden of Proof .............................................. 3

    B.    There Is No Evidence to Support a Finding of Civil Contempt Against the Securus Respondents ................................................................................................ 3

        1.    The Securus Respondents Had No Involvement with Gruber Hurst's Possession of and Inadvertent Production of the McAlexander Rebuttal Report In 2010 ........................................................ 3

            i.    The issue of "authority" was not new ............................................ 4

            ii.    VAC failed to conduct discovery or present any new evidence .......................................................................................... 5

        2.    Securus/T-NETIX Are Not Bound by the Actions of Gruber Hurst Related to the McAlexander Rebuttal Report ............................................. 7

        3.    There is No Evidence to Hold Smith or Reinhold Individually Liable ......................................................................................................... 9

        4.    VAC Cannot Claim the Securus Respondents Are Responsible for Gruber Hurst's Alleged Failure to Destroy the McAlexander Rebuttal Report ........................................................................................ 11

    C.    The Onerous Relief Sought By VAC is Contrary to the Purposes of Civil Contempt .............................................................................................................. 12

CONCLUSION ............................................................................................................................. 15

CERTIFICATE OF SERVICE ..................................................................................................... 17

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*Ex Parte Chambers*,
    898 S.W.2d 257 (Tex. 1995)..................................................................................................10

*Heine v. Schendel*,
    797 S.W.2d 278 (Tex. App.—Corpus Christi, 1990, writ denied) ......................................8

*Hotel Longview v. Pittman*,
    276 S.W.2d 915 (Tex. Civ. App.—Texarkana 1955, writ ref'd n.r.e) ................................8

*Smith v. Foodmaker, Inc.*,
    928 S.W.2d 683 (Tex. App.—Fort Worth 1996, no writ) ...................................................8

*TMX Funding v. Impero Tech., Inc.*,
    No. C10-00202JF(PVT), 2010 WL. 2077011 (N.D. Cal. May 21, 2010) ...........................8

*Texas A&M University v. Bishop*,
    156 S.W.3d 580 (Tex. 2005)................................................................................................8

*Travelhost, Inc. v. Blandford*,
    68 F.3d 958 (5th Cir. 1995) ...............................................................................................12

*United States v. Cornerstone Wealth Corp., No. Civ. A. 3:98CV0601-D*,
    2006 WL. 522124 (N.D. Tex. Mar. 3, 2006) ..................................................................3, 7

**FEDERAL STATUTES**

Fed. R. Civ. P. 5(b)(2)...............................................................................................................17

*TO BE FILED UNDER SEAL*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
|     Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D (BK) |
| | § | Referred to the U.S. Magistrate |
| VALUE-ADDED | § | Judge |
| COMMUNICATIONS, INC. | § | ECF |
| | § | |
|     Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
|     Counter-Defendant. | § | |

### SECURUS RESPONDENTS' RESPONSE TO
### VALUE-ADDED COMMUNICATIONS, INC.'S CLOSING ARGUMENT

Respondents T-NETIX, Inc. ("T-NETIX"), Securus Technologies, Inc. ("Securus"), Richard A. Smith ("Smith"), and Dennis J. Reinhold ("Reinhold") (collectively, the "Securus Respondents") file this Response to Value-Added Communications, Inc.'s Closing Argument Following the October 9, 2013 Hearing[1] as follows:[2]

---

[1] Value-Added Communications, Inc.'s Closing Argument Following the October 9, 2013 Hearing [Filed Under Seal] [Doc. #342] is hereinafter referred to as VAC's Closing.

[2] The Securus Response is supplemental to the prior briefing submitted by Securus, T-NETIX, Smith, and Reinhold, which is incorporated herein by reference. Filed concurrently herewith, and incorporated herein by reference, is the Securus Respondents' Appendix in Support of the Securus Respondents' Response to VAC's Closing, which is cited herein as TN App. 001 - 154.

**RESPONSE TO VAC'S CLOSING ARGUMENT**            **PAGE 1**

## INTRODUCTION

"VAC must satisfy the *clear and convincing* standard for holding respondents in civil contempt."[3] After two evidentiary hearings, two rounds of briefing prior to the February 25, 2013 hearing, two rounds of briefing after the February 25, 2013 hearing, and now an additional thirty-one page "closing argument," there is still no evidence before this Court to support VAC's baseless allegations of contempt as to the Securus Respondents. VAC's failure to carry its weighty burden, the first or second time, unequivocally proves that this Court's March 28, 2013 Findings, Conclusions, and Recommendation [Doc. #309][4] were and remain correct, well reasoned, and a proper application of the law to the facts.

Not only has VAC failed to carry its weighty burden of clear and convincing proof against the Securus Respondents, VAC has failed to even demonstrate that it satisfied its obligations under Rule 11 of the Federal Rules of Civil Procedure by: (1) involving the Securus Respondents in these proceedings from the beginning and (2) continuing to drag the Securus Respondents through these proceedings when it became clear VAC's assertions in its application were wholly unsupported by fact. At all times subsequent to the dismissal with prejudice of the 2008 proceedings, the Securus Respondents have complied with and remain in compliance with the March 3, 2006 Protective Order.[5] Accordingly, VAC's requested relief should be denied.

---

[3] *See* Order of Re-Reference [Doc. #331] at 3 (internal citations omitted; emphasis supplied).

[4] The Court's March 28, 2013 Findings, Conclusions, and Recommendation [Doc.#309] is hereinafter referred to as the Recommendation.

[5] The March 3, 2006 Protective Order is hereinafter referred to as the Protective Order.

**RESPONSE TO VAC'S CLOSING ARGUMENT**                                                                 **PAGE 2**

## ARGUMENTS AND AUTHORITIES

### A.   VAC Has Not and Cannot Meet its Burden of Proof

Under Judge Fitzwater's directive, "VAC must satisfy the clear and convincing evidence standard for holding respondents in civil contempt." *See, e.g., United States v. Cornerstone Wealth Corp.,* No. Civ. A. 3:98CV0601-D, 2006 WL 522124, at *1 (N.D. Tex. Mar. 3, 2006) (Fitzwater, J.).[6]  VAC has not met this burden.

VAC's closing arguments regarding the Securus Respondents are basically an admission that VAC's pled allegations were never supported by facts.  In VAC's briefing in support of its August 24, 2012 Application for Order to Show Cause,[7] VAC alleged and/or insinuated that: (1) Securus and T-NETIX are in possession of the McAlexander Rebuttal Report, (2) Smith and Reinhold directed and/or were aware that Gruber Hurst[8] retained and produced the report, and (3) the report was disclosed to a competitor.

The factual record developed by VAC after two evidentiary hearings that lasted, in sum, in excess of nine hours, does not support any of the allegations against the Securus Respondents. To the contrary, the record establishes that all of VAC's August 24, 2012 allegations were false.

### B.   There Is No Evidence to Support a Finding of Civil Contempt Against the Securus Respondents

  1.   <u>The Securus Respondents Had No Involvement with Gruber Hurst's Possession of and Inadvertent Production of the McAlexander Rebuttal Report In 2010</u>

VAC elicited no evidence during the February 2013 and the October 2013 hearings (much less clear and convincing evidence) in support of its allegations that the Securus

---

[6] *See* Order of Re-Reference [Doc. #331] at 3.

[7] VAC's Brief in Support of its Application for Order to Show Cause [Doc. #202] filed on August 24, 2012 is hereinafter referred to as VAC's Application.

[8] Gruber Hurst Johansen Hail Shank LLP is referred to herein as Gruber Hurst.

Respondents had any involvement in Gruber Hurst's retention, recovery, and ultimate inadvertent production of the McAlexander Rebuttal Report[9] in 2010.[10]  In VAC's Objections to the Recommendation,[11] VAC: (1) argued that, based on its misunderstanding of its burden of proof, it did not put on its full case; (2) stated that it was "entitled, through discovery, to investigate the Securus Parties' declarations of innocence;" and (3) alleged that the Securus Respondents "never raised Gruber Hurst's lack of authority until the post-hearing briefing, depriving VAC of any effective means of cross-examination on this issue . . . ."[12]  In direct response to VAC's objections, Judge Fitzwater gave VAC a second bite at the apple, which VAC squandered.

### i. The issue of "authority" was not new

Contrary to VAC's representations, "authority" was injected into this case *by* VAC from the outset in VAC's Application filed on August 24, 2012.  In VAC's Application, recognizing the limited nature of outside counsel's authority, VAC requested the Court grant it a "full evidentiary hearing to determine: . . . (4) Whether Smith or Reinhold directed, participated in, or acquiesced in Gruber Hurst's acquisition, retention and/or dissemination of documents subject to the Protective Order."[13]

The Securus Respondents, in direct response to the authority issue raised by VAC, on November 30, 2012, filed the Declaration of Dennis J. Reinhold and the Declaration of Rick A.

---

[9] The rebuttal expert report prepared in this cause by T-NETIX's then retained expert Joseph C. McAlexander is referred to herein as the McAlexander Rebuttal Report.

[10] *See* Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 2-16; *see also* Recommendation at 24-26.

[11] VAC's Objections to the U.S. Magistrate's March 28, 2013 Findings, Conclusions, and Recommendations [Doc. #312] is hereinafter referred to as VAC's Objections.

[12] *See* VAC's Objections at 4, 22, & 24.

[13] *See* VAC's Application at 16-17.

Smith in which both Smith and Reinhold testified: "I did not direct, participate in, or acquiesce to Gruber Hurst's re-acquisition, retention, or dissemination of documents subject to the protective order in the Lawsuit. Gruber Hurst did not consult with me prior to producing documents subject to the protective order in the Lawsuit in other litigation."[14] Reinhold, as the corporate representative of Securus/T-NETIX, further testified that, "In fact, no one at Securus or T-NETIX participated, directed, authorized, or acquiesced to Gruber Hurst's re-acquisition, retention, dissemination, or production of documents subject to the protective order in the Lawsuit."[15] VAC called Reinhold in its case in chief during the February 25, 2013 hearing, had the opportunity to cross examine Reinhold on the authority issue, but chose not to question Reinhold in depth regarding Gruber Hurst's authority as counsel for Securus/T-NETIX or the statements concerning authority contained in Reinhold's declaration.[16] Additionally, VAC chose not to call Smith, who was present at all times during the February 25, 2013 hearing. Authority/agency principles have been at the center of VAC's case from the outset. VAC's feigned surprise is simply recognition that it never had the facts to prove Gruber Hurst's authority.

        *ii.     VAC failed to conduct discovery or present any new evidence*

Despite its second chance, VAC: (1) failed to request or conduct any discovery in the three months between Judge Fitzwater's Order of Re-Reference and the latest hearing;[17] and (2) failed to present any new evidence supporting a finding of contempt against the Securus

---

[14] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] and Appendix in support of same [Doc. #233]; *see also* TN App. 045 at ¶ 15; TN App. 047 at ¶ 8.

[15] *See* TN App. 045 at ¶ 16.

[16] *See, e.g.,* TN App. 001-036.

[17] Notably, VAC represented in its original August 24, 2013 Application that, "VAC will promptly file a motion to take discovery on these issues . . ." yet failed to ever do so. *See* VAC's Application at 16, n 13.

**RESPONSE TO VAC'S CLOSING ARGUMENT**           **PAGE 5**

Respondents during the October 9, 2013 hearing.[18] As was aptly noted by the Court during the February 25, 2013 hearing, Gruber Hurst explained the circumstances surrounding the McAlexander Rebuttal Report, its inadvertent production in 2010, and took full responsibility for the situation.[19] Anthony Magee, testifying on behalf of Gruber Hurst, unequivocally stated that Gruber Hurst did not receive the McAlexander Rebuttal Report from the Securus Respondents and further testified that the Securus Respondents did not direct Gruber Hurst to produce the McAlexander Rebuttal Report.[20]

Stephanie Clouston admitted she had no knowledge that the Securus Respondents ever had the McAlexander Rebuttal Report, provided that document to Gruber Hurst, or asked Gruber Hurst to produce that document to anyone else.[21] Reinhold testified that the Securus Respondents have never had the McAlexander Rebuttal Report, did not give the McAlexander Rebuttal Report to Gruber Hurst, and did not direct, or even know about, production of the McAlexander Rebuttal Report in 2010.[22] Additionally, the Declaration of Richard A. Smith establishes that Smith had no involvement with or knowledge of any of the actions related to the McAlexander Rebuttal Report.[23] The Securus Respondents have never possessed the report or had any involvement in its inadvertent production by Gruber Hurst. This Court previously, and correctly, concluded that:

---

[18] The only testimony elicited by VAC even remotely related to the issue of authority was general testimony from Anthony Magee regarding whether he made "representations" as counsel for Securus/ T-Netix. TN App. 099 – 154 at 7:10-14:8.

[19] TN App. 019-020 at 123:25-124:14.

[20] TN App. 032-033 at 292:14-293:1.

[21] TN App. 014-016 at 99:25-101:4.

[22] TN App. 017-018 at 115:4-10, 116:11-15; *see also* TN App. 043-045 at ¶¶ 7, 10-16.

[23] TN App. 047-048 at ¶¶ 6-11.

**RESPONSE TO VAC'S CLOSING ARGUMENT** **PAGE 6**

> "Indeed VAC has not provided any evidence that any of the T-Netix parties ever saw the McAlexander Report, much less that they were somehow involved with Gruber Hurst's production of the Report in the Combined and Pinnacle Actions."[24]

> "There is simply no evidence to suggest that the T-Netix parties ever had the McAlexander Report; indeed T-Netix's counsel strongly denied it and VAC presented no such evidence, but merely speculated to the contrary."[25]

VAC failed to present any evidence at the October 9, 2013 hearing to contradict any of the prior testimony or to support a contempt finding against the Securus Respondents. As such, VAC's Application should be denied.

### 2. Securus/T-NETIX Are Not Bound by the Actions of Gruber Hurst Related to the McAlexander Rebuttal Report

As was correctly determined by this Court, "the T-Netix parties should not be deemed bound by the acts of the Gruber Hurst firm in disseminating the McAlexander Report merely because of their attorney-client relationship."[26] From the outset, VAC has always lumped Securus/T-NETIX and Gruber Hurst together based on Gruber Hurst's conduct. However, VAC has not come forth with any evidence even tending to suggest that anyone from Securus/T-NETIX actually possessed, maintained, or delivered a copy of the McAlexander Rebuttal Report to Gruber Hurst. Instead, VAC's theory of liability as to Securus/T-NETIX was necessarily always grounded on a principal/agent theory, which has weakened with time.[27]

Attorneys are special agents for their clients and their powers and authority are "confined to those necessary to the proper fulfillment of the duties cast upon [the special agent] by [the special agent's] employment, if [the special agent] exceeds his authority, absent ratification, the

---

[24] Recommendation at 25.

[25] *Id*. at 28.

[26] *Id*. at 25.

[27] *See* Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 11-13.

principal is not bound." *Heine v. Schendel*, 797 S.W.2d 278, 280 (Tex. App.—Corpus Christi, 1990, writ denied); s*ee also Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex. Civ. App.—Texarkana 1955, writ ref'd n.r.e).[28]

VAC bears the burden of proof on each of the elements of civil contempt, yet, VAC has presented no evidence to establish that Gruber Hurst was somehow acting within the scope of its authority as a special agent of Securus/T-NETIX in producing the McAlexander Rebuttal Report.[29] VAC adduced no evidence that anyone at Securus or T-NETIX authorized or ratified any of the acts committed by Gruber Hurst related to Gruber Hurst's inadvertent retention and dissemination of the McAlexander Rebuttal Report.[30] Failing same, VAC incorrectly argues that such authorization exists as a matter of law.

This Court found, "[h]ere, Gruber Hurst's dissemination of a document that it should not have had and which Reinhold testified the T-Netix parties had never seen should not be binding

---

[28] None of the case law cited by VAC alters this well-settled attorney-client agency standard. *See* Securus Respondents' Response to VAC's Brief on Certain Issue Raised at the February 25, 2013 Hearing [Doc. #278] at 10-13; *see also* Securus Respondents' Response to VAC's Objections to Magistrate Judge Toliver's Recommendations [Doc. #316] at 5-10.

Further, for the first time in VAC's Closing Argument, VAC asserts a "right to control" theory. This new theory and the accompanying case law relied upon by VAC is inapplicable in the context of an attorney client relationship and does not alter the law regarding the specific special agency relationship between attorney and client. Both *Smith v. Foodmaker, Inc.*, 928 S.W.2d 683 (Tex. App.—Fort Worth 1996, no writ) and *Texas A&M Univ. v. Bishop*, 156 S.W.3d 580 (Tex. 2005) deal with instances wherein the courts held there was no agency relationship at all, but rather an independent contractor relationship—in *Smith*, it was in the context of a franchisor/ franchisee and in *Bishop* it was in the context of a university/ employee. VAC's reliance on *TMX Funding v. Impero Tech., Inc.*, No. C10-00202JF(PVT), 2010 WL 2077011 (N.D. Cal. May 21, 2010) is likewise misplaced, as this case does not stand for the proposition VAC cites.

[29] *See* Response to VAC's Brief on Certain Issue Raised at the February 25, 2013 Hearing [Doc. #278] at 10-13.

[30] Notably, VAC voluntarily excused Reinhold from the October 9, 2013 hearing, did not call Smith at the October 9, 2013 hearing, and elicited no new testimony to support its position that Gruber Hurst was acting within its authority as counsel for Securus/T-NETIX when it inadvertently produced the McAlexander Rebuttal Report. In fact, the only questions asked by VAC at the October 9, 2013 hearing even remotely related to the authority issue were broad, vague, and confusing inquiries regarding "representations" made by Anthony Magee on behalf of Securus/T-NETIX.

on the T-Netix parties."[31] The Court's analysis and conclusion are correct. As counsel for Securus/T-NETIX in the Combined litigation and Pinnacle litigation, Gruber Hurst has limited authority as a special agent of Securus/T-NETIX. Gruber Hurst's authority in representing Securus and T-NETIX in the Pinnacle and Combined lawsuits necessarily included a requirement that Gruber Hurst conduct itself in accord with the law, the rules, and the orders of the Court.[32] Regardless, the authority argument VAC now espouses is an impossibility. The Securus Respondents could not and did not authorize Gruber Hurst to produce a document in 2010, which Gruber Hurst had represented to the Securus Respondents and VAC in 2008 had been returned and removed from its servers. VAC suggests the Securus Respondents had a duty to personally investigate and ensure that Gruber Hurst had, as Gruber Hurst had represented, deleted the McAlexander Rebuttal Report in 2008 or effectively snapped it back from counsel for third parties. No such obligation exists within the law or the Protective Order, especially where Gruber Hurst was not a party to the Protective Order.

Gruber Hurst's actions with respect to the McAlexander Rebuttal Report after April 16, 2008, were necessarily outside the authority granted it as counsel for Securus/T-NETIX. Therefore, VAC's Application should be denied.

    3.    <u>There is No Evidence to Hold Smith or Reinhold Individually Liable</u>

VAC has not and cannot present clear and convincing evidence to support a finding of civil contempt against Smith and Reinhold - the corporate officers of T-NETIX/Securus.[33] Reinhold and Smith fully complied (and are complying) with the Protective Order and have

---

[31] Recommendation at 25-26.

[32] TN App. 110 at 12:15-25.

[33] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 22-25; Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 6-10; Securus Parties' Response to VAC's Objection to Magistrate Judge Toliver's Recommendations [Doc. #316] at 5-6.

never accessed or possessed the McAlexander Rebuttal Report.[34] For Reinhold and Smith to be held in contempt in their individual capacities, VAC must establish by clear and convincing evidence that Reinhold and Smith were *personally and directly* involved in a violation of the Protective Order. *See, e.g., Ex Parte Chambers,* 898 S.W.2d 257, 261 (Tex. 1995). VAC acknowledged this principle when it requested in its original briefing that Reinhold and Smith be held in contempt only "*to the extent* that the Court finds that Respondents Smith and Reinhold have directed, participated in, or condoned the violations of the Protective Order . . . ."[35] Despite having been given the opportunity to do so - twice, VAC has failed to present a shred of evidence supporting a finding against Smith or Reinhold, individually. Indeed, the only evidence before the Court is that neither Smith[36] nor Reinhold has had any involvement with the McAlexander Rebuttal Report.[37] In fact, neither Smith nor Reinhold have ever seen the McAlexander Rebuttal Report.[38] Again, although Smith sat through both hearings for more than nine hours, VAC chose not to call and question him at all.

In short, VAC had no evidence after the February 25, 2013 hearing, and has no evidence after the October 9, 2013 hearing, that Smith and Reinhold were personally involved in, authorized, directed, condoned, or were even aware of Gruber Hurst's recovery and production of the McAlexander Rebuttal Report in the litigation in 2010.

---

[34] TN App. 014-018 at 99:25-101:4, 115:4-10, 116:11-15; TN App. 032-033 at 292:14-293:1; TN App. 043-045 at ¶¶ 7, 10-16; TN App. 047-048 at ¶¶ 6-11.

[35] VAC's Application at 14 (emphasis supplied).

[36] Smith did not begin his employment with Securus until June 23, 2008 and accordingly, was wholly unaware of the April 2008 proceedings and the immediately subsequent events, until after June 23, 2008.

[37] *See, e.g.*, TN App. 014-018 at 99:25-101:4, 115:4-10, 116:11-15; TN App. 023-031 at 199:4-200:5; 203:16-20; 220:14-221:4; 225:20-226:11; 230:6-231:17; TN App. 032-033 at 292:14-293:1; TN App. 043-045 at ¶¶ 7, 10-16; TN App. 047-048 at ¶¶ 6-11.; *see also* Securus Respondents' Response to VAC's Brief on Certain Issue Raised at the February 25, 2013 Hearing [Doc #278] at 6-9.

[38] TN App. 017-018 at 115:4-10; 116:11-15; *see* TN App. 043-45 at ¶¶ 7, 10, 12, & 15; TN App. 047-048 at ¶¶ 6-11.

**RESPONSE TO VAC'S CLOSING ARGUMENT**                                                      **PAGE 10**

4. <u>VAC Cannot Claim the Securus Respondents Are Responsible for Gruber Hurst's Alleged Failure to Destroy the McAlexander Rebuttal Report</u>

There is no evidence that the Securus Respondents are somehow responsible for Gruber Hurst's failure to destroy the McAlexander Rebuttal Report.[39] In response to discussions at the April 16, 2008 hearing before Judge Sanderson, Gruber Hurst returned the McAlexander Rebuttal Report to counsel for Securus/T-NETIX, believed it had deleted all electronic and hard copies in its possession, and represented that it had done just that.[40] Securus/T-NETIX were informed of Gruber Hurst's decision and subsequent actions regarding the return and destruction of the offending documents. At that point, Gruber Hurst's involvement with the Securus/T-NETIX/VAC litigation ceased.

The case settled just months later in August 2008.[41] At the time of the settlement, VAC and the Securus Respondents remained under the impression that the McAlexander Rebuttal Report had been deleted from Gruber Hurst's computers.[42] There is no evidence that VAC took any further action before the settlement was consummated to obtain proof from Gruber Hurst that the document had been deleted. The Court dismissed the underlying lawsuit with prejudice including the contempt proceedings.[43] Because VAC released the Securus Respondents from the underlying suit, VAC cannot continue to attack the Securus Respondents on pre-August 2008 conduct after the Court dismissed those issues with prejudice.

---

[39] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. # 232] at 16-17; Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 13-16; Securus Parties' Response to VAC's Objection to Magistrate Judge Toliver's Recommendations [Doc. # 316] at 7-10.

[40] *See, e.g.*, TN App. 021-022 at 196:19-197:1; TN App. 023-031 at 199:4-200:5, 203:16-20, 220:14-221:4, 225:20-226:11, 230:6-231:17; TN App. 049-050; TN App. 049-050; *see also* TN App. 043 at ¶ 7.

[41] TN App. 07-09 at 92:13-94:24; TN App. 011-014 at 96:17-97:12, 98:7-99:18; TN App. 065-098.

[42] TN App. 043 at ¶ 7.

[43] TN App. 064.

**RESPONSE TO VAC'S CLOSING ARGUMENT**                                                                                          **PAGE 11**

Furthermore, VAC failed to establish that the Securus Respondents had any ability to "make sure the document return and destruction was complete,"[44] as the Securus Respondents were prohibited from looking at the protected documents. It is absurd to suggest that Reinhold or Smith (who was not employed with Securus/T-NETIX until June 23, 2008), both of whom were prohibited from seeing the McAlexander Rebuttal Report, should have shown up at Gruber Hurst's offices and personally conducted a forensic sweep of Gruber Hurst's computers. VAC's ongoing attempts to pin phantom obligations on the Securus Respondents, which appear nowhere in the Protective Order itself, as a means to impute liability for the acts of Gruber Hurst are not only untenable, but violate the Settlement Agreement and the fundamental tenants of logic.

## C. The Onerous Relief Sought By VAC is Contrary to the Purposes of Civil Contempt

The relief sought by VAC under the cloak of a request for civil contempt is both improper and unnecessary.[45] It is well-settled that a civil contempt proceeding must serve at least one of two purposes: (i) "to enforce compliance with a court's order through coercion" and/or (ii) to "compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961-62 (5th Cir. 1995). The Securus Respondents are not refusing to comply with the Protective Order and, in fact, are in compliance with it, thus coercing compliance is not necessary.[46]

VAC has not identified any compensable loss or injury it has suffered as a result of the accidental production of the McAlexander Rebuttal Report in the Combined litigation and Pinnacle litigation.[47] Gruber Hurst inadvertently produced a document marked "Attorneys Eyes

---

[44] *See* VAC's Closing at 23.

[45] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 8-18.

[46] *Id.* at 19-22.

[47] *Id.* at 12-13.

Only" to other attorneys who were not authorized to see the document under the Protective Order and then immediately clawed back the document.[48] VAC alleges that the harm it suffered is the inability to remedy the potential harm of its competitors having confidential information.[49] Yet, Stephanie Clouston confirmed that the Rebuttal Report stayed with outside counsel and was never actually provided to VAC's competitors.[50]

VAC provided no evidence of an actual loss at the February 25, 2013 hearing. During its second attempt to meet its burden, VAC called Stephen Hodge, the former vice president of VAC. Mr. Hodge testified regarding VAC's concern that disclosure of information about which he testified in 2007/2008 would provide an advantage to VAC's competitors, yet admitted that he had no knowledge that the McAlexander Rebuttal Report was ever actually received by anyone within Combined or Pinnacle.[51]

VAC attempted to demonstrate harm at the October 9, 2013, hearing by eliciting testimony from Mr. Hodge regarding the importance of certain confidential information he provided in discovery in the underlying dispute between Securus/T-NETIX and VAC, however, it is clear from Mr. Hodge's testimony that even he does not know what information was included in the McAlexander Rebuttal Report:

> Q. . . . The report that we're talking about, the McAlexander rebuttal report, you testified you never saw it?
> A. That's correct.
> Q. You don't know what testimony or documents were incorporated that belonged to VAC into that report?
> A. I do not.

---

[48] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 8-18; Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 4-10; Securus Parties' Response to VAC's Objection to Magistrate Judge Toliver's Recommendations [Doc. # 316] at 3-8.

[49] *See* VAC's Application at 12-13.

[50] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 9-18.

[51] TN App. 143-147 at 45:1-16, 49:2-10.

**RESPONSE TO VAC'S CLOSING ARGUMENT** **PAGE 13**

> Q. So you have no basis to know what you've defined as competitive information could have worked into that report?
> A. I have not seen the report.[52]

It is further clear from Mr. Hodge's testimony that the information likely included in the McAlexander Rebuttal Report was historical information:

> Q. Okay. And my sole question, Mr. Hodge, was: was there discussion in your testimony about the historical systems VAC had in the marketplace?
> A. Absolutely.
> Q. . . . and some of those systems were no longer in use by VAC, correct?
> A. Yes, sir. That's correct.
> Q. . . . So, and you don't know whether it was system - - that the systems discussed in the report, the McAlexander rebuttal report, you don't know if those were historical systems that were no longer on the market or systems that existed today or potential patents in the future?
> A. I do not.
> Q. So you don't know whether there was any reference in the McAlexander rebuttal report to any technology that VAC currently had in the market or was developing in the market, do you.
> A. No, sir.[53]

By definition, prior art in the context of the defense of invalidity necessarily involves historical technology that existed as of the time of the underlying patent application, not new technology (*i.e.* technology that was already available and known in the marketplace). The testimony elicited from Mr. Hodge provides no support of an actual loss suffered by VAC. As has been demonstrated by the evidence before the Court, VAC's "concerns" are not supported by the facts.[54] Amid this complete absence of any injury or harm, VAC cannot sustain an award of compensatory damages in a civil contempt proceeding.

Likewise, VAC cannot manufacture its own compensatory damages by initiating a baseless civil contempt proceeding and creating "damages" by incurring thousands of dollars in

---

[52] TN App. 144-145 at 46:22-47:5.

[53] TN App. 146-147 at 48:14-49:6.

[54] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 9-18.

**RESPONSE TO VAC'S CLOSING ARGUMENT**        **PAGE 14**

attorneys' fees.[55] Absent evidence that VAC has suffered actual harm, compensatory damages are unavailable and VAC's Application should be denied.

## CONCLUSION

Despite its persistence, VAC simply cannot carry its burden of proof regarding the Securus Respondents. The Securus Respondents were wholly uninvolved and unaware of the events surrounding the 2010 inadvertent disclosure of the McAlexander Rebuttal Report, learned of the disclosure after it had been remedied, and believed the matter had been put to rest.

The McAlexander Rebuttal Report was not disclosed to any VAC competitor and in fact was clawed back from counsel in the Combined litigation and Pinnacle litigation *post haste*. All doubts have been put to rest regarding any alleged involvement by the Securus Respondents with the inadvertent production and claw back of the McAlexander Rebuttal Report – as has been verified by Gruber Hurst who has assumed total responsibility for the actions complained of by VAC in this proceeding. Accordingly, the relief requested by VAC should be summarily denied.

---

[55] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 15-16.

      Respectfully submitted,

      **BELL NUNNALLY & MARTIN LLP**

      By:  /s/ Jeffrey S. Lowenstein
           Jeffrey S. Lowenstein
           Texas Bar No. 24007574
           Gwen I. Walraven
           Texas Bar No. 24047065
           Alana K. Ackels
           Texas Bar No. 24066760

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

      Aubrey "Nick" Pittman
      Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC., SECURUS TECHNOLOGIES, INC., RICK A. SMITH, AND DENNIS J. REINHOLD**

# CERTIFICATE OF SERVICE

On this 24th day of October 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by Fed. R. Civ. P. 5(b)(2).

/s/ Alana K. Ackels
Alana K. Ackels

1476486