*TO BE FILED UNDER SEAL*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

### SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED COMMUNICATIONS, INC.'S OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S NOVEMBER 5, 2013 AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS

Jeffrey S. Lowenstein
Texas Bar No. 24007574
Gwen I. Walraven
Texas Bar No. 24047065
Alana K. Ackels
Texas Bar No. 24066760
**BELL NUNNALLY & MARTIN LLP**
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204
Telephone: (214) 740-1400
Telecopier: (214) 740-1499

Aubrey "Nick" Pittman
Texas Bar No. 16049750
**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
Telephone: (214) 459-3454
Telecopier: (214) 853-5912

**ATTORNEYS FOR T-NETIX, INC., SECURUS TECHNOLOGIES, INC, RICK A. SMITH, AND DENNIS J. REINHOLD**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ................................................................................................................ 2

ARGUMENTS AND AUTHORITIES ................................................................................ 3

    A.    The Securus Respondents Never Possessed, Saw, or Directed Production of the McAlexander Report as VAC Alleged. ....................................................... 3

        1.    Magistrate Judge Toliver Correctly Recommended No Finding of Contempt as to the Securus Respondents ..................................................... 3

        2.    VAC Requested and Received a Second Bite at the Apple, Yet Presented No Evidence to Contradict the Original Findings of Magistrate Judge Toliver ............................................................................. 6

    B.    The Securus Respondents Are Not Bound By the Actions of Gruber Hurst Related to the Inadvertent Retention and Production of the McAlexander Report. ............................................................................................................... 6

        1.    Each of VAC's Theories of Vicarious Liability as to the Securus Respondents Fail ............................................................................................. 7

        2.    The Securus Respondents Are Not Responsible for Gruber Hurst's Alleged Failure to Destroy the McAlexander Rebuttal Report .................. 9

    C.    The Onerous Relief Sought By VAC is Contrary to the Purposes of Civil Contempt. ........................................................................................................ 11

CONCLUSION .................................................................................................................. 13

CERTIFICATE OF SERVICE ......................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**                                                               **PAGE**

*Smith v. Foodmaker, Inc.*,
    928 S.W.2d 683 (Tex. App. - Fort Worth 1996, no writ) ...................................................... 8

*TMX Funding v. Impero Tech., Inc.*,
    No. C10-00202JF(PVT), 2010 WL. 2077011 (N.D. Cal. May 21, 2010) .......................... 9

*Texas A&M University v. Bishop*,
    156 S.W.3d 580 (Tex. 2005) ................................................................................................. 8

*Travelhost, Inc. v. Blandford*,
    68 F.3d 958 (5th Cir. 1995) ................................................................................................. 11

*United States v. Cornerstone Wealth Corp., No. Civ. A. 3:98CV0601-D*,
    2006 WL. 522124 (N.D. Tex. Mar. 3, 2006) ....................................................................... 3

*TO BE FILED UNDER SEAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

**SECURUS RESPONDENTS' RESPONSE TO VALUE-ADDED COMMUNICATIONS, INC.'S OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S NOVEMBER 5, 2013 AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

Respondents T-NETIX, Inc. ("T-NETIX"), Securus Technologies, Inc. ("Securus"), Richard A. Smith ("Smith"), and Dennis J. Reinhold ("Reinhold") (collectively, the "Securus Respondents") file this Response to Value-Added Communications, Inc.'s Objections to the United States Magistrate Judge's November 5, 2013 Amended Findings, Conclusions and Recommendations[1] as follows:[2]

---

[1] Value-Added Communications, Inc.'s Objections to the United States Magistrate Judge's November 5, 2013 Amended Findings, Conclusions and Recommendations [Filed Under Seal] [Doc. #358] is hereinafter referred to as VAC's Objections.

[2] The Securus Respondents' Response is supplemental to prior briefing submitted by Securus, T-NETIX, Smith, and Reinhold, which is incorporated herein by reference. Filed concurrently herewith, and incorporated herein by reference, is the Securus Respondents' Appendix in Support of the Securus Respondents' Response to VAC's Objections, which is cited herein as TN App. 001 - 154.

**RESPONSE TO VAC'S OBJECTIONS**          **PAGE 1**

## INTRODUCTION

VAC has never presented this Court with a shred of evidence to support a finding of contempt against any of the Securus Respondents. Indeed, after two evidentiary hearings and voluminous briefing, VAC has failed to present sufficient facts to establish it honored its obligations under Rule 11 of the Federal Rules of Civil Procedure by involving the Securus Respondents in these proceedings from the beginning, and continuing to drag the Securus Respondents through these proceedings, based on allegations wholly unsupported by fact.[3] At any time, VAC could have withdrawn its allegations against the Securus Respondents, but instead chose to waste judicial resources and force the Securus Respondents to incur substantial attorneys' fees to defend baseless allegations.

VAC initiated these proceedings against the Securus Respondents, alleging they were directly responsible for the disclosure of an expert rebuttal report. However, all of the evidence elicited during these proceedings demonstrates that the Securus Respondents never saw the report, possessed the report, disclosed the report, or directed disclosure of the report. VAC then switched focus in pursuit of its baseless allegations against the Securus Respondents by relying instead on vicarious liability in the form of a strained theory of agency. After Magistrate Judge Toliver correctly determined that the Securus Respondents should not be deemed bound by the acts of Gruber Hurst merely because of their attorney/client relationship, VAC changed course again and, for the first time, attempted to hold the Securus Respondents liable under an inapplicable right to control theory. Despite its persistence and evolving theories of liability, VAC has failed to present any evidence to support a finding of contempt against the Securus

---

[3] VAC not only violated its obligations to the Court under the Federal Rules of Civil Procedure, it also violated its obligations under the settlement agreement entered between, *inter alia*, VAC, T-NETIX, and Securus in 2008.

**RESPONSE TO VAC'S OBJECTIONS**                                                     **PAGE 2**

Respondents, whether directly or indirectly. Certainly, VAC has strayed far from the allegations actually referred to Magistrate Judge Toliver. There is simply no evidence in the record to suggest that any of the Securus Respondents had any involvement in the inadvertent disclosure and retention of the expert rebuttal report by Gruber Hurst.[4] Therefore, the Securus Respondents respectfully request that this Court overrule VAC's Objections and adopt the Amended Recommendation.[5]

## ARGUMENTS AND AUTHORITIES

A.  **The Securus Respondents Never Possessed, Saw, or Directed Production of the McAlexander Report as VAC Alleged.**

    1.    <u>Magistrate Judge Toliver Correctly Recommended No Finding of Contempt as to the Securus Respondents</u>

"VAC must satisfy the clear and convincing evidence standard for holding respondents in civil contempt." *See, e.g., United States v. Cornerstone Wealth Corp.,* No. Civ. A. 3:98CV0601-D, 2006 WL 522124, at *1 (N.D. Tex. Mar. 3, 2006) (Fitzwater, J.).[6] VAC has not met this burden. In VAC's briefing in support of its August 24, 2012 Application for Order to Show Cause,[7] VAC alleged and/or insinuated that: (1) Securus and T-NETIX were in possession of the McAlexander Rebuttal Report (the "McAlexander Report"); (2) Smith and Reinhold directed and/or were aware that Gruber Hurst retained and produced the report; and (3) the report was disclosed to a competitor. VAC has failed to meet its clear and convincing burden to support any

---

[4] Gruber Hurst Johansen Hail Shank LLP is referred to herein as Gruber Hurst.

[5] Magistrate Judge Renee Harris Toliver's November 5, 2013 Amended Findings, Conclusions, and Recommendations [Doc. #356] is referred to herein as the Amended Recommendation. Magistrate Judge Renee Harris Toliver's March 28, 2013 Findings, Conclusions, and Recommendation [Doc. #309] is referred to herein at the Recommendation.

[6] *See* Order of Re-Reference [Doc. #331] at 3.

[7] VAC's Brief in Support of its Application for Order to Show Cause [Doc. #202] filed on August 24, 2012 is hereinafter referred to as VAC's Application.

of these allegations against the Securus Respondents. More troubling, however, is VAC's failure to demonstrate the allegations against the Securus Respondents were even the product of a reasonable inquiry.

VAC elicited no evidence during the February 2013 or the October 2013 hearings in support of its allegations that the Securus Respondents had any involvement in Gruber Hurst's retention, recovery, and ultimate inadvertent production of the McAlexander Report in 2010.[8] The factual record developed by VAC establishes that all of VAC's August 24, 2012 allegations were false. To wit, the evidence in the record establishes that: (1) none of the Securus Respondents have ever even seen, much less possessed, the McAlexander Report; (2) neither Smith nor Reinhold directed Gruber Hurst in its actions involving the McAlexander Report; indeed they were not even aware that Gruber Hurst retained and produced the McAlexander Report until after the Report had been snapped back; and (3) the McAlexander Report was never disclosed to a competitor as VAC alleged.[9] VAC has similarly failed to present any evidence supporting a finding against Smith or Reinhold, individually.[10]

In the Amended Recommendation, Magistrate Judge Toliver correctly found that "VAC has not provided any evidence that any of the T-Netix parties ever even saw the McAlexander Report, much less that they were somehow involved with Gruber Hurst's production of the Report in the Combined and Pinnacle Actions. Under these circumstances, VAC cannot point to

---

[8] *See* Securus Respondents' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 2-16; Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 3-7; Recommendation at 24-26; Amended Recommendation at 30-32.

[9] *See* Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 5-7; *see also* Recommendation at 24-26; Amended Recommendation at 30-32.

[10] Indeed, the only evidence in the record demonstrates that neither Smith nor Reinhold have had any involvement with the McAlexander Report at all. *See, e.g.,* Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 9-10.

the 'clear, direct and weighty' evidence required to allow the undersigned 'to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'"[11]

Further, as was aptly noted by Magistrate Judge Toliver during the February 25, 2013 hearing, Gruber Hurst explained the circumstances surrounding the McAlexander Report, its inadvertent production in 2010, and took full responsibility for the situation.[12] Anthony Magee, testifying on behalf of Gruber Hurst, unequivocally stated that Gruber Hurst did not receive the McAlexander Report from the Securus Respondents and further testified that the Securus Respondents did not direct Gruber Hurst to produce the McAlexander Report.[13]

Stephanie Clouston admitted she had no knowledge that the Securus Respondents ever had the McAlexander Report, provided that document to Gruber Hurst, or asked Gruber Hurst to produce that document to anyone else.[14] Reinhold testified that the Securus Respondents have never possessed the McAlexander Report, did not give the McAlexander Report to Gruber Hurst, and did not direct, or even know about, production of the McAlexander Report in 2010.[15] Additionally, the Declaration of Richard A. Smith establishes that Smith had no involvement with or knowledge of any of the actions related to the McAlexander Report.[16] All of the testimony before the Court establishes that none of the Securus Respondents ever possessed the McAlexander Report or had any involvement with its inadvertent production by Gruber Hurst.

---

[11] Amended Recommendation at 31 (internal citation omitted).

[12] TN App. 019-020 at 123:25-124:14.

[13] TN App. 032-033 at 292:14-293:1.

[14] TN App. 014-016 at 99:25-101:4.

[15] TN App. 017-018 at 115:4-10, 116:11-15; *see also* TN App. 043-045 at ¶¶ 7, 10-16.

[16] TN App. 047-048 at ¶¶ 6-11.

2. <u>VAC Requested and Received a Second Bite at the Apple, Yet Presented No Evidence to Contradict the Original Findings of Magistrate Judge Toliver</u>

In VAC's Objections to Magistrate Judge Toliver's March 28, 2013 Recommendation,[17] VAC argued that it was not given the opportunity to present its full case at the February 25, 2013 hearing and persuaded this Court to allow it a second opportunity to present evidence to prove its case.[18] VAC specifically stated that it was "entitled, through discovery, to investigate the Securus Parties' declarations of innocence."[19] Despite VAC's representations and feigned desperate plea for a second chance, VAC: (1) failed to serve any discovery in the months after being granted its second bite at the apple; (2) voluntarily forfeited its opportunity to further question Reinhold by agreeing to excuse him from the October 9, 2013 hearing; and (3) voluntarily forfeited its opportunity to question Smith altogether by failing to call and question him, even though Smith was present for the entirety of both evidentiary hearings. Indeed, VAC failed to present any new evidence supporting a finding of contempt against the Securus Respondents following the initial Recommendation issued over eight months ago.[20] Therefore, the relief VAC seeks should be denied.

**B. The Securus Respondents Are Not Bound By the Actions of Gruber Hurst Related to the Inadvertent Retention and Production of the McAlexander Report.**

Tacitly conceding its failure to demonstrate any actual involvement by the Securus Respondents in Gruber Hurst's inadvertent retention and production of the McAlexander Report,

---

[17] VAC's Objections to the U.S. Magistrate's March 28, 2013 Findings, Conclusions, and Recommendations [Doc. #312] is hereinafter referred to as VAC's Original Objections.

[18] *See* VAC's Original Objections at 3-4.

[19] *See* VAC's Objections at 22 (internal citations omitted).

[20] The only testimony elicited by VAC at the October 9, 2013 hearing even remotely related to the issue of authority was general testimony from Anthony Magee regarding whether he made "representations" as counsel for Securus/T-NETIX. *See* TN App. 105-112 at 7:10-14:8.

VAC changed its focus to vicarious liability. As has been thoroughly briefed by the Securus Respondents previously,[21] and as Magistrate Judge Toliver correctly concluded, "the T-Netix parties should not be deemed bound by the acts of the Gruber Hurst firm in disseminating the McAlexander Report merely because of their attorney-client relationship."[22] As has been discussed herein, in the Recommendation, the Amended Recommendation, and in the myriad prior briefs, it is clear that "Gruber Hurst's dissemination of a document that was the subject of a protective order and which Reinhold testified the T-Netix parties had never seen should not be binding on the T-Netix parties."[23]

1. Each of VAC's Theories of Vicarious Liability as to the Securus Respondents Fail

When VAC first filed its Application in August 2012, VAC sought to hold Securus/T-NETIX in contempt based on the suggestion that: (1) Securus/T-NETIX were in possession of and/or produced the McAlexander Report and (2) Gruber Hurst might have reacquired the McAlexander Report from Securus/T-NETIX subsequent to it returning/deleting the report in 2008.[24] VAC sought to hold Smith and Reinhold individually in contempt to the extent Smith and/or Reinhold "either directed, or were aware of T-Netix/Securus' and Gruber Hurst's retention and dissemination of the protected document in violation of the Protective Order."[25] As discussed *supra*, over one year later, all of the evidence in the record confirms the Securus

---

[21] *See* Securus Respondents' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 11-13; Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 7-9.

[22] Amended Recommendation at 31.

[23] *Id*.

[24] VAC's Application at 11-12.

[25] VAC's Application at 12; the March 3, 2006 Protective Order is hereinafter referred to as the Protective Order.

Respondents were not involved with Gruber Hurst's inadvertent retention and subsequent inadvertent production of the McAlexander Report.

Recognizing the falsity of its allegations against the Securus Respondents, VAC urged a principal/agent theory of liability. VAC's theory fails because Gruber Hurst was a special agent of T-NETIX/Securus, and its authority was limited and necessarily included the requirement that Gruber Hurst conduct itself in accord with the law, the rules, and the orders of the Court.[26] VAC has failed to present any evidence, much less clear and convincing evidence, that Gruber Hurst was somehow acting within the scope of its authority as a special agent of Securus/T-NETIX in inadvertently producing the McAlexander Report.[27]

Rather than withdraw its baseless claims against the Securus Respondents, VAC now takes the untenable position that the Securus Respondents are liable for Gruber Hurst's actions under a "right to control" theory. This new theory, again not raised in VAC's Application, is wholly inapplicable in the context of an attorney/client relationship. VAC misplaces reliance on *Smith v. Foodmaker, Inc.*, 928 S.W.2d 683 (Tex. App. – Fort Worth 1996, no writ) and *Texas A&M Univ. v. Bishop*, 156 S.W.3d 580 (Tex. 2005) in support of its theory. In *Smith* and *Bishop*, the courts looked to an employer's right to control the work of its employee in determining *whether* an agency relationship existed.[28] The question here is not the existence of an agency relationship, but the scope of the special agency relationship between the attorneys

---

[26] *See* Amended Recommendation at 31; TN App. 110 at 12:15-25; *see also* Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 10-13; Securus Respondents' Response to VAC's Objections to Magistrate Judge Toliver's Recommendations [Doc. #316] at 5-10; Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 7-12.

[27] *See* Securus Respondent's Response to VAC's Brief on Certain Issue Raised at the February 25, 2013 Hearing [Doc. #278] at 10-13; *see also* Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 7-12.

[28] Both *Smith* and *Bishop* are instances wherein the courts held there was no agency relationship at all, but rather an independent contractor relationship – in *Smith*, it was in the context of a franchisor/franchisee relationship and in *Bishop* it was in the context of a university employer/employee relationship.

and their clients.  Therefore, the cases cited by VAC cannot apply in this case.  Nevertheless, the "right to control" theory espoused by VAC, even if it were applicable, does not support a contempt finding against Smith and Reinhold.[29]

VAC has simply presented no evidence to hold the Securus Respondents directly liable under agency principles or liable under a control theory.  VAC adduced no evidence that anyone at Securus or T-NETIX, including Smith or Reinhold, authorized, ratified, or controlled any of the acts committed by Gruber Hurst related to Gruber Hurst's inadvertent retention and dissemination of the McAlexander Report.[30]  Therefore, VAC's Objections should be overruled.

> 2. The Securus Respondents Are Not Responsible for Gruber Hurst's Alleged Failure to Destroy the McAlexander Report

There is, similarly, no evidence (or legal authority) to support VAC's position that the Securus Respondents are somehow responsible for Gruber Hurst's failure to destroy the McAlexander Report.[31]  In response to discussions at the April 16, 2008 hearing before Judge Sanderson, Gruber Hurst returned the McAlexander Report to counsel for Securus/T-NETIX, believed it had deleted all electronic and hard copies in its possession, and represented that it had done just that.[32]  Securus/T-NETIX were informed of Gruber Hurst's decision and subsequent

---

[29] *TMX Funding v. Impero Tech., Inc.*, No. C10-00202JF(PVT), 2010 WL 2077011 (N.D. Cal. May 21, 2010) does not stand for the proposition VAC cites.  To the contrary, in *TMX Funding*, the court held that the respondents were *not* in contempt despite their violation of a protective order because the violation was inadvertent and did not "impinge upon the purpose behind the protective order." *Id*. at *5.  Indeed, the holding of *TMX Funding* actually supports Magistrate Judge Toliver's no contempt recommendation in this case.

[30] *See* Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 7-12.

[31] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. # 232] at 16-17; Securus Parties' Response to VAC's Brief on Certain Issues Raised at the February 25, 2013 Hearing [Doc. #278] at 13-16; Securus Parties' Response to VAC's Objection to Magistrate Judge Toliver's Recommendations [Doc. # 316] at 7-10; Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 11-12.

[32] *See, e.g.*, TN App. 021-022 at 196:19-197:1; TN App. 023-031 at 199:4-200:5, 203:16-20, 220:14-221:4, 225:20-226:11, 230:6-231:17; TN App. 049-050; *see also* TN App. 043 at ¶ 7.

**RESPONSE TO VAC'S OBJECTIONS**                                                                                           **PAGE 9**

actions regarding the return and destruction of the offending documents. At that point, Gruber Hurst's involvement with the Securus/T-NETIX/VAC litigation ceased.

The case settled just months later in August 2008.[33] At the time of the settlement, VAC and the Securus Respondents remained under the impression that the McAlexander Report had been deleted from Gruber Hurst's computers.[34] There is no evidence that VAC took any further action before the settlement was consummated to obtain proof from Gruber Hurst that the document had been deleted. The Court dismissed the underlying lawsuit with prejudice, including the contempt proceedings.[35] Because VAC released the Securus Respondents from the underlying suit, VAC cannot continue to attack the Securus Respondents on pre-August 2008 conduct after the Court dismissed those issues with prejudice on joint motion from the parties.

Furthermore, VAC failed to establish that the Securus Respondents had any ability, much less a duty, to "make sure the document return and destruction was complete,"[36] as the Securus Respondents were prohibited from looking at the protected documents and the Securus Respondents were entitled to rely on the representations of their counsel that the documents were deleted from Gruber Hurst's servers. It is absurd to suggest that Reinhold or Smith (who was not employed with Securus/T-NETIX until June 23, 2008), both of whom were prohibited from seeing the McAlexander Report, should have shown up at Gruber Hurst's offices and personally conducted a forensic sweep of Gruber Hurst's computers.[37]

---

[33] TN App. 07-09 at 92:13-94:24; TN App. 011-014 at 96:17-97:12, 98:7-99:18; TN App. 065-098.

[34] TN App. 043 at ¶ 7.

[35] TN App. 064.

[36] *See* VAC's Objections at 23.

[37] Furthermore, there is no evidence to suggest that, had Securus Respondents made any such additional efforts, the end result would have been different.

**RESPONSE TO VAC'S OBJECTIONS**                                                                 **PAGE 10**

C.     **The Onerous Relief Sought By VAC is Contrary to the Purposes of Civil Contempt.**

The relief sought by VAC under the cloak of a request for civil contempt is both improper and unnecessary.[38] It is well-settled that a civil contempt proceeding must serve at least one of two purposes: (i) "to enforce compliance with a court's order through coercion" and/or (ii) to "compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961-62 (5th Cir. 1995). First, the Securus Respondents are not refusing to comply with the Protective Order and, in fact, are in compliance with it, thus coercing compliance is not necessary.[39] Second, VAC has not identified any compensable loss or injury it has suffered as a result of the accidental production of the McAlexander Report in the Combined litigation and Pinnacle litigation.[40] VAC alleged that the harm it suffered was the inability to remedy the potential harm of its competitors having confidential information.[41] Yet, Stephanie Clouston confirmed that the McAlexander Report stayed with outside counsel and was never actually provided to VAC's competitors.[42]

VAC provided no evidence of an actual loss at either the February 25, 2013 or October 9, 2013 hearing. At the October 9, 2013, hearing Steven Hodge, the former vice president of VAC, testified regarding the importance of certain confidential information he provided in discovery in the underlying dispute between Securus/T-NETIX and VAC. It is clear from Mr. Hodge's testimony, however, that even he does not know what information was included in the McAlexander Report:

---

[38] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 8-18.

[39] *Id.* at 19-22.

[40] *Id.* at 12-13.

[41] *See* VAC's Application at 12-13.

[42] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 9-18.

**RESPONSE TO VAC'S OBJECTIONS**                                                                 **PAGE 11**

> Q. . . . The report that we're talking about, the McAlexander rebuttal report, you testified you never saw it?
> A. That's correct.
> Q. You don't know what testimony or documents were incorporated that belonged to VAC into that report?
> A. I do not.
> Q. So you have no basis to know what you've defined as competitive information could have worked into that report?
> A. I have not seen the report.[43]

It is further clear from Mr. Hodge's testimony that the information likely included in the McAlexander Report was merely historical information:

> Q. Okay. And my sole question, Mr. Hodge, was: was there discussion in your testimony about the historical systems VAC had in the marketplace?
> A. Absolutely.
> Q. . . . and some of those systems were no longer in use by VAC, correct?
> A. Yes, sir. That's correct.
> Q. . . . So, and you don't know whether it was system - - that the systems discussed in the report, the McAlexander rebuttal report, you don't know if those were historical systems that were no longer on the market or systems that existed today or potential patents in the future?
> A. I do not.
> Q. So you don't know whether there was any reference in the McAlexander rebuttal report to any technology that VAC currently had in the market or was developing in the market, do you.
> A. No, sir.[44]

By definition, prior art in the context of the defense of invalidity necessarily involves historical technology that existed as of the time of the underlying patent application, not new technology (*i.e.* technology that was already available and known in the marketplace). The testimony elicited from Mr. Hodge provides no support of an actual loss suffered by VAC. As has been demonstrated by the evidence before the Court, VAC's "concerns" are not supported by the facts and do not support a contempt finding or any of the draconian relief sought by VAC.[45]

---

[43] TN App. 144-145 at 46:22-47:5.

[44] TN App. 146-147 at 48:14-49:6.

[45] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 9-18.

Furthermore, VAC cannot manufacture its own compensatory damages by initiating a baseless civil contempt proceeding and creating "damages" by incurring thousands of dollars in attorneys' fees.[46] Absent evidence that VAC has suffered actual harm, compensatory damages are unavailable and VAC's Application should be denied.

## CONCLUSION

Despite its persistence, VAC simply cannot carry its burden of proof regarding the Securus Respondents. The Securus Respondents were wholly uninvolved and unaware of the events surrounding the 2010 inadvertent disclosure of the McAlexander Report, learned of the disclosure after it had been remedied, and believed the matter had been put to rest.

The McAlexander Report was not disclosed to any VAC competitor and in fact was clawed back from counsel in the Combined litigation and Pinnacle litigation *post haste* in compliance with the Protective Order and Judge Sanderson's directive.[47] All doubts have been resolved regarding any alleged involvement by the Securus Respondents with the inadvertent production and claw back of the McAlexander Report – as has been verified by Gruber Hurst, who has assumed total responsibility for the actions complained of by VAC in this proceeding.

The Securus Respondents have always complied, and continue to comply with, the Protective Order. Accordingly, VAC's objections to the Amended Recommendation should be overruled and the relief requested by VAC should be summarily denied.

---

[46] *See* Securus Parties' Response to VAC's Application for Order to Show Cause [Doc. #232] at 15-16.

[47] Securus Respondents' Response to VAC's Closing Argument [Doc. #352] at 12-15.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:   /s/ Jeffrey S. Lowenstein
     Jeffrey S. Lowenstein
     Texas Bar No. 24007574
     Gwen I. Walraven
     Texas Bar No. 24047065
     Alana K. Ackels
     Texas Bar No. 24066760

3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**THE PITTMAN LAW FIRM, P.C.**

     Aubrey "Nick" Pittman
     Texas Bar No. 16049750

100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
(214) 459-3454 – Telephone
(214) 853-5912 – Facsimile

**ATTORNEYS FOR T-NETIX, INC., SECURUS TECHNOLOGIES, INC., RICK A. SMITH, AND DENNIS J. REINHOLD**

## CERTIFICATE OF SERVICE

On this 3rd day of December, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

/s/ Alana K. Ackels<br>
Alana K. Ackels

1525255_1.DOCX