*TO BE FILED UNDER SEAL*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| T-NETIX, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Case No. 3:05-CV-0654-D |
| | § | ECF |
| VALUE-ADDED | § | |
| COMMUNICATIONS, INC. | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SECURUS TECHNOLOGIES, INC. | § | |
| | § | |
| Counter-Defendant. | § | |

**GRUBER HURST'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO VALUE-ADDED COMMUNICATIONS, INC.'S OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S NOVEMBER 5, 2013 AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS**

Gruber Hurst Johansen Hail Shank, LLP ("Gruber Hurst") files this Response and Memorandum of Law in Opposition to Value-Added Communications, Inc.'s Objections to the United States Magistrate Judge's November 5, 2013 Amended Findings, Conclusions and Recommendations [Doc. #358].

## I.
## SUMMARY OF GRUBER HURST'S POSITION

In her Amended Findings, Conclusions and Recommendations [Doc. #356] ("Amended Findings"), United States Magistrate Judge Toliver correctly made three critical determinations that defeat Defendant's Application for Order to Show Cause [Doc. #202] ("Contempt Motion"):

(1) that Value-Added Communications, Inc. ("VAC") is judicially estopped from arguing that Gruber Hurst is bound by the March 3, 2006 Protective Order ("Protective Order);

#154561

(2) that Gruber Hurst substantially complied in good faith with United States Magistrate Judge Sanderson's April 16, 2008 directive to return documents, including the McAlexander Report, to Bell, Nunnally and Martin, LLP ("Bell Nunnally"); and

(3) that Gruber Hurst acted in good faith at all times in this matter, with the result that no basis exists for holding Gruber Hurst in contempt under the Court's inherent power.

In summary, Judge Toliver correctly found that Gruber Hurst's unknowing retention in 2008 and inadvertent production in 2010 of the McAlexander Report[1] were honest mistakes that fall far short of contempt of court. Accordingly, this Court should adopt the Amended Findings, deny Defendant's Contempt Motion, and grant Gruber Hurst's Motion Seeking Leave to Purge McAlexander Rebuttal Report [Doc. #263] ("Motion for Leave").

## II.
## ARGUMENT AND AUTHORITIES

### A. Magistrate Judge Toliver Correctly Found Judicial Estoppel

Judge Toliver correctly found that VAC is judicially estopped from arguing that Gruber Hurst is subject to the Protective Order or should be held in contempt for violating it. VAC intentionally argued in 2008 that Gruber Hurst is not a party to the Protective Order and that, therefore, Gruber Hurst should not have the McAlexander Report. Judge Toliver correctly found that "VAC's current position is plainly inconsistent with its earlier position that Gruber Hurst was not T-Netix/Securus's counsel and not entitled to receive confidential documents under the Agreed Protective Order." Am. Findings at 15-16 (VAC-App. 645-46). Judge Toliver also correctly found that Judge Sanderson accepted VAC's earlier position and that VAC did not take that earlier position inadvertently. *Id.* Consequently, the three necessary elements of judicial estoppel are met. See, *In re Oparaji*, 698 F.3d 231, 235-36 (5th Cir. 2012).

---

[1] In this Response, Gruber Hurst adopts the definitions of capitalized terms contained in VAC's Memorandum (Doc. #358).

2

#154561

VAC's tortured explanation of why its current position is not inconsistent with its prior position is untenable. VAC's prior argument rested squarely on the assumption that Gruber Hurst was not entitled to retain a copy of the McAlexander Report because Gruber Hurst "was not within the scope of the Agreed Protective Order." Am. Findings at 15 (VAC-App. 645). As Judge Toliver rightly held, if Gruber Hurst is not within the scope of the Protective Order, it cannot be subject to contempt for violating it. Am. Findings at 16 (VAC-App. 646).[2]

B. **Judge Toliver's Recommendation that Gruber Hurst Not Be Held in Contempt Should be Accepted**

1. <u>Gruber Hurst Should Not Be Held In Contempt as a Non-Party</u>

A non-party to the Protective Order, such as Gruber Hurst, cannot be held liable for its violation absent a finding that the non-party "knowingly aids, abets, or conspires with another to evade an injunction or order of a court . . . ." *Waffenschmidt v. MacKay*, 763 F.2d 711, 726 (5th Cir.1985).

VAC has presented no any evidence that establishes aiding and abetting or conspiracy following the hearing before Judge Sanderson. For example, VAC presented no evidence that: (1) the Securus Parties knew Gruber Hurst had retained the McAlexander Report after the April 2008 hearing; (2) the Securus Parties knew that Gruber Hurst intended to and did produce the McAlexander Report in the Combined/Pinnacle litigation; and (3) there was any collaboration between Gruber Hurst and the Securus Parties after April 2008 regarding the retention or production of the McAlexander Report. Indeed, Judge Toliver correctly found that:

> VAC did not present any evidence that Gruber Hurst "acted with" or "actively aided or abetted" T-Netix/Securus, Reinhold, Smith, or anyone at the Pittman or Bell Nunnally law firms to violate the Agreed Protective Order by disseminating

---

[2] Judge Toliver also correctly found that VAC is judicially estopped from contending that Gruber Hurst is bound by the Protective Order by reason of Mr. Tautfest's execution of Exhibit A. Am. Findings at 16 (VAC-App. 646); *see also*, Gruber Hurst's Response to VAC's Closing Argument [Doc. #349] at 2-3.

>the McAlexander Report to opposing counsel in the Combined and Pinnacle Action or in continuing to retain the Report in electronic form thereafter.

Am. Findings at 19 (VAC-App. 649). On this critical issue, Judge Toliver found the testimony of Gruber Hurst partner, Tony Magee, "credible in all material respects." *Id*.

 2. <u>Gruber Hurst Is Not Subject to Contempt By Reason of Being "Legally Identified" With the Securus Respondents</u>

Judge Toliver correctly rejected VAC's "legally identified" argument for two reasons. First, *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 154 F.3d 1345 (Fed. Cir. 1998), does not stand for the principle that a "non-party can be found in contempt without a finding that he actively participated with the party to violate the order." VAC Mem. at 9 (*citing* 154 F.3d 1345, 1353 (Fed Cir. 1998). Rather, the opinion states that "in the Fifth Circuit" finding a non-party in contempt requires "active concert and participation [with an enjoined party]." 154 F.3d at 1353. *Additive Controls* also noted that good faith is a defense in the Fifth Circuit and ultimately found no contempt because the facts did "not suggest knowing complicity with [an enjoined party]." *Id*. at 1353-54.

Second, the *Quinter* decision relied on by VAC is not binding on this Court and is distinguishable from the present case. That decision applied a protective order against an expert witness in the case because the witness was "legally identified" with the enjoined party. *Quinter v. Volkswagen of Am.,* 676 F.2d 969, 972 (3rd Cir. 1982). However, a party is "legally identified" with another party expressly named in a court decree and, therefore, bound by the decree only if that party is "so identified in interest with those named in the decree that it would be reasonable to conclude that [his] rights and interests have been represented and adjudicated in the original injunction proceedings." *Additive Controls*, 154 F.3d at 1532. VAC has not proved that Gruber Hurst was "legally identified" with the Securus Respondents, in this sense, when it inadvertently

4

retained and disseminated the McAlexander Report. In fact, Judge Toliver found that the relevant actions of Gruber Hurst and the Securus Respondents were not concerted at all. *See*, Am. Findings at 19-20 (VAC-App. 649-50).

Putting aside the fact that VAC offers no reason why its "legally identified" theory should supplant controlling Fifth Circuit case law, VAC's argument is another instance of VAC attempting to take inconsistent positions. As Judge Toliver noted, VAC has consistently argued that Gruber Hurst should not be considered counsel for Securus/T-Netix for purposes of the Protective Order and is not entitled to have access to confidential documents. Am. Findings at 16 (VAC-App. 646). So, VAC is judicially estopped from now arguing that Gruber Hurst is, as counsel, "legally identified" with Securus/T-Netix for purposes of the Protective Order. Gruber Hurst either is or is not "counsel" for purposes of the Protective Order. If Gruber Hurst is "counsel," then it is entitled to possess the McAlexander Report under the Protective Order.

3. The Protective Order Allows Gruber Hurst to Retain the McAlexander Report

Even if Gruber Hurst is subject to the Protective Order, Gruber Hurst was always permitted to retain the McAlexander Report. In fact, Gruber Hurst has always asserted that it is a party to the Protective Order and, as such, is entitled to the McAlexander Report and other documents under Section 26 of the Protective Order (providing that counsel shall be entitled to maintain copies of all written discovery requests and responses).[3]

C. **Gruber Hurst Substantially Complied With Judge Sanderson's Directive**

Judge Toliver correctly found that "Gruber Hurst made 'in good faith' all reasonable efforts to comply' with Judge Sanderson's directive to return the outstanding confidential documents." Am. Findings at 26 (VAC-App. 656). Judge Toliver considered the live testimony

---

[3] Gruber Hurst respectfully adopts and incorporates into this Response the arguments made on this point at pages 4-6 of Gruber Hurst's Response to VAC's Closing Argument [Doc. 349].

5

#154561

of Eric Tautfest and Lisa Miller regarding their efforts to locate and delete the documents and stated: "[t]he Court believes these efforts to be reasonable." Am. Findings at 27 (VAC-App. 657). Judge Toliver concluded: "Gruber Hurst was in substantial compliance with Judge Sanderson's directive and should not be subject to sanctions in that regard." *Id*. VAC has offered no sound reason why this Court should not adopt Judge Toliver's finding in this regard.

### D. A Contempt Sanction Under the Court's Inherent Authority Is Not Appropriate

Judge Toliver correctly found that Gruber Hurst acted in good faith throughout. Therefore, a contempt sanction under the Court's inherent authority is not appropriate. VAC diverts attention away from Gruber Hurst's substantial compliance with Judge Sanderson's directive in 2008 to the events in 2010 when the McAlexander Report was inadvertently produced and clawed back in the Combined and Pinnacle lawsuits.[4] Those events in 2010 do not constitute violation of Judge Sanderson's directive, which was simply to return the documents to Bell Nunnally in 2008. In any event, Judge Toliver thoroughly analyzed the testimony of Mr. Magee and Ms. Clouston concerning those events, found Mr. Magee's testimony to be credible, and concluded correctly that those events did not permit the Court to exercise its inherent power to impose sanctions because Gruber Hurst did not act "in bad faith, vexatiously, wantonly, or for oppressive reasons." *See,* Am. Findings at 28-30 (VAC-App. 658-60) and the cases cited at 28.

Specifically, Judge Toliver determined, after hearing live testimony from the people involved, that Gruber Hurst did not make any misrepresentation to Judge Sanderson about its intent to return the documents and made reasonable efforts to do so. Am. Findings at 29 (VAC-App. 659). Judge Toliver also found that Mr. Magee acted inadvertently in producing the McAlexander Report and acted in good faith in immediately snapping it back. *Id*. Furthermore,

---

[4] Judge Toliver correctly determined that VAC's request for sanctions based on the Court's inherent power based on Gruber Hurst's alleged bad acts in 2010 is untimely. *See*, Am. Findings at 28 (VAC-App. at 658).

Judge Toliver doubted whether Mr. Magee had a clear-cut obligation to inform VAC of the inadvertent production and found that his inaction did not constitute bad faith. *Id*. Judge Toliver also accepted as credible Mr. Magee's explanation for holding on to the McAlexander Report after having snapped it back – *id*. at 30 (VAC-App. at 660) – and noted that "Gruber Hurst and Magee arguably would have been unwise to delete the McAlexander report during the pendency of the Combined and Pinnacle cases." *Id*.

Most significantly, after hearing live testimony from both Mr. Magee and Ms. Clouston on two occasions, Judge Toliver concluded that "the undersigned does not find that Magee affirmatively misled Clouston regarding the McAlexander Report." *Id*. Thus, VAC's persistent efforts to discredit Mr. Magee have been twice rejected by Judge Toliver. As Judge Toliver found, "VAC does not carry the high burden of proof necessary to sustain its request for sanction under the Court's inherent authority." *Id*. VAC has shown no sound reason why this Court should disturb this finding.

Thus, for the reasons stated above, VAC has failed to prove by clear and convincing evidence that Gruber Hurst should be held in contempt for violating the Protective Order, whether as an allegedly aiding and abetting or conspiring non-party to the Protective Order or under the inherent authority of the Court.

### E. VAC Has Failed To Meet the Requirements For A Civil Contempt Order

VAC has consistently failed, throughout these proceedings, to establish two fundamental requirements of a civil contempt order. A civil contempt order is inappropriate in this case because VAC has failed to establish that such an order is required either (a) to enforce Gruber Hurst's compliance with the Protective Order through coercion, or (b) to compensate VAC for

7

unnecessary injuries or costs suffered because of contemptuous conduct. *See*, *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961-62 (5th Cir. 1995).

First, VAC does not seek to enforce compliance through coercion because there is no need for coercion. The McAlexander Report was clawed back and Gruber Hurst has been more than willing to hire an outside computer expert to permanently remove the McAlexander Report from its computer server. However, VAC has steadfastly opposed Gruber Hurst in this regard.[5]

Second, VAC may not recover compensation because it has offered no evidence at either of the contempt hearings establishing actual damage or costs subject to compensation. VAC unsuccessfully attempted to prove, through the testimony of Mr. Hodge and Ms. Clouston, that the McAlexander Report contains private, highly competitive information about VAC's products disclosed during Mr. Hodge's deposition, dissemination of which would cause harm to VAC. Mr. Hodge's testimony does not prove that any damage actually occurred, however, because he admitted that has never read the McAlexander Report, so he does not know what, if any, of his deposition testimony is included in the report. Oct. Hrg. Tr. at 46-47 (VAC-App. 602-03). His deposition testimony also included non-confidential information about VAC's publicly available products in addition to confidential information. *Id*. at 46 (VAC-App. at 602). Ms. Clouston presented no evidence that the report actually contained any of Mr. Hodge's deposition testimony or other information whose disclosure would cause competitive harm to VAC. *Id*. at 23-24 (VAC-App. at 579-80). Therefore, the Court should not infer that the McAlexander Report contains information whose public disclosure would actually harm VAC. Finally, VAC did not prove that the McAlexander Report, whatever it contained, was disclosed to any competitor of

---

[5] VAC's steadfast opposition to Gruber Hurst's efforts to purge the McAlexander Report from its computer server are documented in Gruber Hurst's brief in support of the Motion for Leave and the exhibits thereto, which are incorporated in full herein. *See*, Doc. ##263, 263-1, 263-2, and 263-3.

8

#154561

VAC. Thus, VAC has failed to prove by clear and convincing evidence that Gruber Hurst's alleged contempt has caused actual harm to VAC.

Moreover, VAC's dilatory approach to the filing of its Contempt Motion belies the existence of any actual harm. Ms. Clouston testified that she became aware in July 2011 of the August 2010 production of the McAlexander Report and that her firm informed VAC of this fact in October 2011. Clouston Decl. ¶¶ 16-17 (VAC-App. at 516). Thus, at the very least, VAC waited ten months before filing its Contempt Motion, which it filed on August 24, 2012, two years after its inadvertent production. [Doc #202.] VAC's utter lack of diligence in filing its Contempt Motion after it became aware that the McAlexander Report had been inadvertently produced in August 2010 strongly supports an inference that the acts it complains about have not caused any actual damage to VAC and do not raise any significant risk of potential damage in the future.

### F. Gruber Hurst's Motion for Leave Should Be Granted

If, as Gruber Hurst respectfully urges, the Court rejects VAC's objections to the Amended Findings and denies the relief sought in the Contempt Motion, there exists no basis for VAC's continued opposition to Gruber Hurst's Motion for Leave.

### III. CONCLUSION

For the foregoing reasons, VAC's Objections to the Amended Findings should be, in all respects, overruled. In addition, Gruber Hurst respectfully requests that the Court accept the Amended Findings in all respects, deny the Contempt Motion, and grant Gruber Hurst's Motion for Leave.

#154561

**GRUBER HURST JOHANSEN HAIL SHANK, LLP**

By: *s/ Mark A. Shank*
G. Michael Gruber
Texas Bar No. 08555400
mgruber@ghjhlaw.com
Mark A. Shank
Texas Bar No. 18090800
mshank@ghjhlaw.com
Anthony J. Magee
Texas Bar No. 00786081
amagee@ghjhlaw.com
A. Shonn Brown
Texas Bar No. 24007164
sbrown@ghjhlaw.com

1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800 – Telephone
(214) 855-6808 – Facsimile

**COUNSEL FOR GRUBER HURST JOHANSEN HAIL SHANK, LLP**

**CERTIFICATE OF SERVICE**

On this 3rd day of December, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, using the case filing system of the Court.

I hereby certify that I have served all counsel of record electronically or by another manner by FED. R. CIV. P. 5(b)(2).

*s/ Anthony J. Magee*
Anthony J. Magee

10

#154561