IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| T-NETIX, INC., § | |
| § | |
| Plaintiff-Counterdefendant, § | |
| § Civil Action No. 3:05-CV-0654-D | |
| VS. § | |
| § | |
| VALUE-ADDED COMMUNICATIONS, § | |
| INC., § | |
| § | |
| Defendant-Counterplaintiff. § | |

MEMORANDUM OPINION
AND ORDER

Defendant-counterplaintiff Value-Added Communications, Inc. ("VAC") moved the court to hold plaintiff-counterdefendant T-NETIX, Inc. ("T-NETIX") and counterdefendants Securus Technologies, Inc. ("Securus"), Richard A. Smith ("Smith"), Dennis J. Reinhold ("Reinhold"),[1] and Gruber Hurst Johansen Hail Shank LLP ("Gruber Hurst") (collectively, "respondents") in contempt for violating a March 3, 2006 protective order ("Protective Order") entered in this case before it was closed.[2] Gruber Hurst moved for leave to purge an expert report ("Report"),[3] the disclosure of which is the basis for the contempt motion.

---

[1] T-NETIX is a subsidiary of Securus, and Smith and Reinhold are officers of both corporations.

[2] VAC filed its application for order to show cause on August 24, 2012. The court will refer to the application as VAC's motion for contempt.

[3] Various pleadings, including the magistrate judge's findings, conclusions, and recommendation and amended findings, conclusions, and recommendation, have been filed under seal. The court concludes, however, that this memorandum opinion and order should not be sealed. Because it is not being filed under seal, the court is not identifying the expert

The court referred both motions[4] to the magistrate judge, who conducted a hearing and filed her findings, conclusions, and recommendation that respondents not be held in contempt and that the motion to purge be granted. Thereafter, the court re-referred the matter to the magistrate judge, who conducted another hearing and entered amended findings, conclusions, and recommendation, again recommending that respondents not be held in contempt and that the motion to purge be granted. Following *de novo* review, the court adopts the magistrate judge's recommendations, substantially for the reasons[5] set forth in her amended findings, conclusions, and recommendation. The court also relies on the reasoning and conclusions that follow.

I

The court adds the following to address VAC's reliance on Fed. R. Civ. P. 65(d)(2) and to explain why VAC failed in relying on that rule to meet its burden of proof as to Gruber Hurst under the clear and convincing evidence standard.

A

Fed. R. Civ. P. 65(d)(2) provides that an order granting an injunction or restraining order "binds only the following who receive actual notice of it by personal service or

report by name.

[4]The motion for leave to purge was within the scope of the original referral of the contempt motion.

[5]The court does not adopt the portion of § IV(A) of the magistrate judge's amended findings, conclusions, and recommendation that are based on the conclusion that VAC is judicially estopped from arguing that Gruber Hurst is covered by the Protective Order.

otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." An issue in this case is whether Gruber Hurst is subject to the Protective Order in the capacity of attorneys to a party to the Protective Order. VAC appears to rely in part on Gruber Hurst's representation of T-NETIX to support its argument that Gruber Hurst is subject to the Protective Order as "attorneys" under Rule 65(d)(2)(B). *See, e.g.,* VAC 11/19/13 Mem. Supp. Objs. 8 (referring to Gruber Hurst as "officers of this court").

Rule 65(d)(2) gives effect to two principles. It confers on federal courts the power to enjoin or restrain parties who would "nullify [court] decree[s] by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). Rule 65(d)(2) also respects "the general rule that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).[6] This "is part of our 'deep-rooted historic tradition that everyone should have his

---

[6]Courts usually address the general rule of due process in the context of a dispute over issue or claim preclusion, but it applies to contempt proceedings as well. *See Chase Nat'l Bank v. City of Norwalk, Ohio*, 291 U.S. 431, 437 (1934) (stating that subjecting nonparties to an injunction "violates established principles of equity jurisdiction and procedure"); *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*, 628 F.3d 837, 849 (7th Cir. 2010) (citation and internal quotation marks omitted) ("The concept of privity, however—both in preclusion doctrine and in the law of injunctions—is ultimately bounded by due process, which starts from a

own day in court.'" *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996) (citation omitted) (quoting *Martin v. Wilks*, 490 U.S. 755, 761-62 (1989)). The general rule of due process is usually satisfied by providing a hearing to each party who will be bound by a court order or judgment. In addition, the rule is satisfied if the party in question is covered by one of several well-established exceptions. *See Taylor*, 553 U.S. 893-95 (summarizing exceptions to nonparty preclusion rule). Accordingly, although the rule of due process can be satisfied in different ways for the nonparties—including attorneys—listed in Rule 65(d)(2)(B), the rule *always* applies when a federal court considers whether a nonparty is bound by its judgment or order.

The court is aware of only one case that explains why a court order binds a party's attorneys under Rule 65(d)(2)(B).[7] Nevertheless, the principles that justify this doctrine are

---

presumption that each person has a right to her day in court."); *cf. Smith v. Bayer Corp.*, ___U.S.___, 131 S.Ct. 2368, 2379 (2011) (citing 18A Charles Alan Wright, et al., *Federal Practice and Procedure* § 4449, at 330 (2d ed. 2002), and holding that federal court injunction to state court not only violated Anti-Injunction Act but also violated general rule that nonparties are not bound); Wright, et al., *supra*, at 354 ("[N]onparties may be 'bound' by a judgment according to rules other than the rules of res judicata. The most important illustration arises from the power to enforce an injunction by contempt proceedings against a nonparty who acts in concert or participation with a party.").

[7]A leading treatise cites *Mobay Chemical Co. v. Hudson Foam Plastics Corp.*, 277 F. Supp. 413 (S.D.N.Y. 1967), which notes that the attorney "was aware of the order's limits," and if he "had any objections to the order as framed he had an opportunity to voice them," *id.* at 418. *See* 11A Wright, et al., *supra*, § 2956, at 401 n.42 (3d ed. 2013) (citing *Mobay Chem. Co.*, 277 F. Supp. at 418). This is a substantively different rationale than is used to justify the application of a court order to the "officers, agents, servants, [and] employees" of corporations and other legal entities. In the latter type of case, the court order applies to nonparty agents because there is a "pre-existing substantive legal relationship between the person to be bound and a party to the judgment," or because the person to be bound was

clear. "An attorney is under no obligation to seek admission to the bar. . . . But when he does . . . he secures certain privileges and also assumes definite obligations." *Crowe v. Smith*, 151 F.3d 217, 230 (5th Cir. 1998) (quoting *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 889 n.10 (5th Cir. 1968)). One of the privileges is the right to argue before the court prior to the court's entry of an order. *Cf. Maness v. Meyers*, 419 U.S. 449, 459 (1975) (stating that judge's ruling need not "be accepted in silence" and that "[c]ounsel may object to a ruling"). One of the obligations is the duty to comply with the court order once the court has considered the attorney's arguments. *Cf. id.* ("[O]nce the court has ruled, counsel and others involved in the action must abide by the ruling and comply with the court's orders."). The court will not bind an attorney in his professional capacity until he has received appropriate due process—he gets his day in court when he argues his case. But once he receives this due process, he is bound to comply with the court order in his professional capacity. *See Mobay Chem. Co. v. Hudson Foam Plastics Corp.*, 277 F. Supp. 413, 418 (S.D.N.Y. 1967) (holding that attorney received necessary due process when he argued on behalf of client, and he did not have right to move for relief from injunction).

B

---

"adequately represented by someone with the same interests who was a party to the suit. *Taylor*, 553 U.S. at 894 (alteration, citations, and internal quotation marks omitted). These rationales explain why a court order can bind the nonparty officers of a party corporation when they act in their official capacities, as well as nonparty successor corporations. *See Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 674 (1944). They also explain why a court order binds nonparty individuals who manipulate corporate entity status in order to thwart a court order. *See Nat'l Spiritual Assembly*, 628 F.3d at 847-48; *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1351-52 (Fed. Cir. 1998).

The foregoing makes clear why VAC's motion fails on the merits insofar as it is based on Rule 65(d)(2)(B). VAC has effectively admitted that Gruber Hurst were not attorneys for T-NETIX under the Protective Order for purposes of Rule 65(d)(2)(B). *See* VAC 11/19/13 Mem. Supp. Objs. 3 (stating that "VAC has always contended, in 2008 and now, that Gruber Hurst *is not, and never has been*, counsel of record for T-Netix/Securus in this action"). Thus VAC is not arguing that Gruber Hurst has received the kind of due process described above. Because Gruber Hurst has not received such due process, if VAC seeks to hold Gruber Hurst in contempt without regard to whether Gruber Hurst acted in good faith,[8] VAC must prove by clear and convincing evidence[9] that Gruber Hurst falls within one or more of the well-established exceptions to the rule against binding nonparties. *See Taylor*, 553 U.S.

---

[8]"Although good faith is irrelevant as a defense to a civil contempt order, good faith is relevant to whether [a nonparty] aided or abetted [a party] in dissipating the funds with knowledge that [the nonparty] was violating the court's orders." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 282275, at *3 (N.D. Tex. Feb. 1, 2008) (Fitzwater, C.J.) (second alteration in original) (quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 726 (5th Cir. 1985)), *aff'd in part, vacated & remanded in part on other grounds sub nom. Whitcraft v. Brown*, 570 F.3d 268 (5th Cir. 2009).

[9] In the contempt context, "clear and convincing evidence" is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."

*Id.*

at 893-95 (summarizing exceptions).[10]

II

A

VAC first argues that Gruber Hurst is covered under Rule 65(d)(2)(B) because it established a "legal identity" with T-NETIX when a Gruber Hurst attorney, Eric Tautfest, Esquire ("Tautfest"), signed the confidentiality agreement attached to the Protective Order. This argument pertains to the rule that a nonparty can "agree[] to be bound by [a court's] determination of issues in an action between others." *Taylor*, 553 U.S. at 893 (quoting 1 Restatement (Second) of Judgments § 40 (1980)). But VAC has failed to prove by clear and convincing evidence that Tautfest bound Gruber Hurst when he signed the agreement.[11]

---

[10] When a party moves to hold a nonparty in contempt, this showing must be made to "establish by clear and convincing evidence that . . . the order required specified conduct by the respondent." *Id.* (quoting *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004)).

[11] For example, the agreement that Tautfest signed refers to the signer in the first person, and it does not purport to bind anyone but the signer. *See* VAC 11/19/13 App. 613. For instance, the first space reads, "I,_____, state," while the second states, "I reside at _____." *Id.* Tautfest filled in his first and last name and listed an address in a Dallas suburb. *See id.* VAC does not contend that this address has ever been the business address of Gruber Hurst. The agreement contains two spaces for the signer to specify his occupation. One states, "My present employer is _____," while the other provides, "My present occupation or job description is _____." *Id.* Tautfest filled in these blanks by disclosing his employer as "Gruber Hurst Johansen & Hail" and his occupation as "Attorney." *Id.*

B

VAC next argues that Gruber Hurst is covered under Rule 65(d)(2)(B) because VAC established a "legal identity" with T-NETIX when Gruber Hurst disseminated and retained the Report in 2010. VAC does not attempt to show that Gruber Hurst is covered by one of the well-established exceptions to the rule that court orders and judgments do not apply to nonparties. *See Taylor*, 553 U.S. at 893-95 (summarizing exceptions). Thus VAC fails to offer clear and convincing evidence that Gruber Hurst established a "legal identity" with T-NETIX in 2010 that was sufficient to satisfy the general rule of due process.

III

The court grants Gruber Hurst's motion to purge the Report. Because purging the Report could render moot an appeal by VAC of the court's decision to grant that motion, the court stays its order for a period of 40 days. If VAC files a notice of appeal that includes the court's decision to grant the motion to purge, the stay will remain in effect pending issuance by the court of appeals of its mandate; if VAC does not appeal the granting of the motion to purge, Gruber Hurst shall purge the Report no later than the first business day that follows the expiration of the stay.

\* \* \*

Following *de novo* review of the magistrate judge's amended findings, conclusions, and recommendation, and for the reasons explained, the court denies VAC's motion to hold respondents in contempt, and it grants Gruber Hurst's motion for leave to purge the Report. The clerk of court is directed to close this case statistically.

**SO ORDERED**.

April 3, 2014.

                                      _____
                                      SIDNEY A. FITZWATER
                                      CHIEF JUDGE